The document below is hereby signed.

Signed: February 03, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STEPHEN THOMAS YELVERTON, | ) | Case No. 09-00414 |
| | ) | (Chapter 11) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER DENYING THE DEBTOR'S
MOTION TO VACATE AND ENTER A NEW JUDGMENT AND CLARIFYING
THE IMPACT OF THE COURT'S ORDER GRANTING RELIEF FROM THE
<u>AUTOMATIC STAY ON PROCEEDINGS PENDING BEFORE THIS COURT</u>

On November 27, 2009, Alexandra Senyi de Nagy-Unyom ("Senyi"), a creditor in this bankruptcy case, filed an amended motion seeking relief from the automatic stay to permit her to continue her divorce proceeding against the debtor, Stephen Thomas Yelverton, in the District of Columbia Superior Court.  At a December 17, 2009 hearing on the motion, the court determined that the stay ought to be lifted to permit the Superior Court to decide various disputes that are at issue in both this bankruptcy case and the divorce proceeding.  Accordingly, the court granted Senyi's motion and entered an order lifting the stay to permit Senyi to continue her divorce proceeding against Yelverton, including her claims for property division and spousal support

under a prenuptial agreement.  Yelverton has filed a motion pursuant to Fed. R. Civ. P. 59(a)(2) and (e), made applicable to these proceedings by Fed. R. Bankr. P. 9023, to vacate the order lifting the stay and for entry of a new judgment.  Yelverton's motion fails to raise any meritorious arguments in support of the requested relief, and as explained below, other than to clarify the impact of the court's order lifting the stay on matters currently pending before this court, the court will deny the debtor's motion.

I

In his motion, Yelverton contends that 11 U.S.C. § 362(b)(2)(A)(iv) prohibits the lifting of the automatic stay "where the divorce proceeding 'seeks to determine the division of property that is property of the debtor's estate,'" and that "[a] divorce court has no right to make a determination or disposition of property, which is property of the debtor's estate." *Citing In re Ziets*, 79 B.R. 222, 225 (Bankr. E.D. Pa. 1987).  This is an inaccurate statement of the law.  First, § 362(b)(2)(A)(iv) governs the extent to which the filing of a petition operates as a stay with respect to an ongoing divorce proceeding.  It does not, however, purport to limit the court's power to lift that stay under appropriate circumstances.  Likewise, although the court in *In re Ziets* determined not to lift the stay, bankruptcy courts are divided on the question of whether, and to what

2

extent, it is appropriate to lift the stay to permit the continuation of state court divorce proceedings. *See, e.g., Phillips v. Sanchez (In re Sanchez)*, 1997 WL 861753 *2 (Bankr. E.D. Va., Nov. 7, 1997) (lifting the stay *sua sponte* to permit the state court to equitably apportion property in a divorce proceeding) ("This court has no desire to become involved in the adjudication of family law matters since such issues are best left to a court with expertise in these areas."); *In re White*, 851 F.2d 170, 173 (6th Cir. 1988) ("Lifting the automatic stay as provided in 11 U.S.C. § 362(d) in this case will permit the state court to exercise limited jurisdiction in the kind of matter that is traditionally exclusively reserved for state divorce courts.").[1] *But see In re Becker*, 136 B.R. 113 (Bankr. D.N.J. 1992) (declining to lift the stay to permit the divorce proceedings to continue because, *inter alia*, a determination of the parties' respective property interests would require an analysis of the relationship between bankruptcy and non-bankruptcy law, and the bankruptcy court was better suited to make such a determination). In short, although some courts may disagree with this court's approach, neither the Bankruptcy Code

---

[1] Even the *Ziets* court allowed for the possibility that the balance of hardships could subsequently shift such that it would be appropriate to grant relief from the stay to permit the state court proceeding to go forward. *See In re Zeits*, 79 B.R. 222, 227 (Bankr. E.D. Pa. 1987).

nor case law precedent binding on this court bars this court from lifting the stay to permit the continuation of Senyi's divorce proceeding against the debtor in state court.  The court thus rejects Yelverton's argument that the lifting of the stay in this case was barred as a matter of law.

Yelverton further contends that the court's order lifting the stay was deficient because it failed to address whether cause had been demonstrated to lift the stay pursuant to 11 U.S.C. § 362(d)(1), and that the court failed to consider various factors relevant to that determination.  At the December 17, 2009 hearing to address the lift stay motion, however, the court issued an oral decision explaining the reasons why it was appropriate to lift the stay to permit the state court divorce proceeding to go forward.  Yelverton's objection to Senyi's claim and Yelverton's adversary proceeding against Senyi, *Yelverton v. Senyi De Nagy-Unyom*, Adv. Pro. No. 09-10048 (Bankr. D.D.C.), raise many of the same issues that are at issue in the divorce proceeding.  At the December 17, 2009 hearing, this court concluded that the issues in question present a classic domestic relations dispute, and that the state court is better equipped to deal with such disputes.  For example, the court noted that one of the issues to be resolved relates to the equitable distribution of property, and the state court has more experience in applying the applicable state law.  Similarly, the court

observed that the fixing of the amount of alimony will depend in part on the resolution of the parties' claims against each other, and because all of these issues are related to each other, it makes sense (and will further the objective of judicial economy) to have a single court adjudicate these issues.  In short, in disposing of the motion, the court engaged in the type of analysis Yelverton claims is lacking.

This court's decision to lift the stay was based on principles of abstention, and it was well within this court's discretion to lift the stay.[2]  *See* 28 U.S.C. § 1334(c)(1); *In re Dennis*, 218 B.R. 52 (Bankr. E.D. Ark. 1997) (observing that "[a]bstention and relief from the automatic stay are . . . acceptable methods of dealing with domestic relations issues arising in bankruptcy."). As noted by the debtor, § 362(d) only permits the lifting of the stay for cause.  The Code, however, does not define the term "cause," *see In re White*, 410 B.R. 195, 200 (Bankr. W.D. Va. 2008), and I am satisfied, that to the extent the court has properly exercised its power of abstention, which I believe it has, it necessarily follows that cause exists

---

[2] In his motion, Yelverton contends that only after the dispute as to Senyi's claims and the adversary proceeding are resolved would it be appropriate to lift the automatic stay. This simply goes to the question of which court ought to resolve the property disputes arising incident to the dissolution of Senyi's and the debtor's marriage, and this court has concluded that the Superior Court is better suited to the task.

5

to lift the stay pursuant to § 362(d).  To find otherwise would render the court's exercise of abstention meaningless.

## II

Yelverton complains that the court's order lifting the stay erroneously failed to address the status of the pending creditor claims filed by claimant Senyi and the pending adversary proceeding, *Yelverton v. Senyi De Nagy-Unyom*, Adv. Pro. No. 09-10048 (Bankr. D.D.C.), commenced by the debtor against Senyi on December 4, 2009.  The court having lifted the stay to permit another court to address the issues raised by the debtor's objection to Senyi's claim and by the debtor's adversary proceeding against Senyi, the court will stay the adversary proceeding and adjudication of the debtor's objection to Senyi's claim pending the completion of the divorce proceedings.[3]

## III

In accordance with the foregoing, it is

ORDERED that *Yelverton v. Senyi De Nagy-Unyom*, Adv. Pro. No. 09-10048 (Bankr. D.D.C.) is STAYED pending the conclusion of Senyi's divorce proceeding against Yelverton in the District of

---

[3] The court assumes that the Superior Court will dispose of the issues before it in due course, and that this bankruptcy case will not languish indefinitely on the docket.  This order will be made without prejudice to the filing of a motion to pursue prosecution of the adversary proceeding and the objection to Senyi's claim in the unlikely event that the state court proceedings cause undue delay in the administration of this bankruptcy case.

Columbia Superior Court.  It is further

ORDERED that adjudication of Yleverton's objection to the claim of Alexandra Senyi Nagy-Unyom is STAYED pending the conclusion of Senyi's divorce proceeding against Yelverton in the District of Columbia Superior Court.  It is further

ORDERED that this order is without prejudice to the filing of a motion seeking to reinstate the stay and to have this court adjudicate the merits of the adversary proceeding and the debtor's objection to Senyi's claim should the divorce proceedings fail to move forward in due course in the Superior Court.  It is further

ORDERED that Yelverton's motion to vacate and for entry of a new judgment (Dkt. No. 195) is otherwise DENIED.

[Signed and dated above.]

Copies to: Debtor; Alexandra Senyi de Nagy-Unyom; Office of United States Trustee.