The document below is hereby signed.

Signed: April 09, 2010.



*S. Martin Teel, Jr.*
*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
STEPHEN THOMAS YELVERTON,          )    Case No. 09-00414
                                   )    (Chapter 11)
            Debtor.                )

MEMORANDUM DECISION AND ORDER DENYING WITHOUT
PREJUDICE MOTION OF STEPHEN THOMAS YELVERTON TO VACATE ORDER
OVERRULING DEBTOR'S OBJECTION TO CLAIM NUMBERS 20, 21, AND 22

Before the court is the motion of the debtor, Stephen Thomas Yelverton, to vacate this court's January 22, 2010, order overruling Yelverton's objection to the claims of American Express. For the reasons set forth below, I will deny the motion without prejudice.

On May 14, 2009, the debtor commenced the above-captioned case under chapter 11 of the Bankruptcy Code. On July 14, 2009, August 14, 2009, and August 17, 2009, American Express timely filed a proofs of claim in the case, claiming $63,720.17, $44,766.73, and $11,428.30, respectively, owed on unpaid credit card debt (Claims No. 20, 21, and 22). On September 22, 2009, Yelverton filed objections to the proofs of claim, arguing that he was not liable for the amount because American Express had

previously sold or assigned the debts to a third-party collection agency. American Express timely filed in response to the debtor's objections. At an evidentiary hearing on January 21, 2010, I overruled Yelverton's objections and the next day entered an order memorializing that decision.

On January 31, 2010, Yelverton filed this motion vacate, arguing that he made previous payments to a collection agency and that based on the evidence American Express submitted in support of its claim Yelverton was unable to discern whether he had received credit for those payments. This was a ground for objection that Yelverton did not raise in his original motion. American Express filed in response and stated that in an effort to resolve the dispute it would "supplement its claim by way of providing additional account statements to the Debtor, reflecting payments made by the Debtor on the accounts and that the balances of the claims are correct." In his reply, Yelverton stated that he was a agreeable to this proposal. It appearing to the court that there exists the potential for the parties to resolve the dispute without the necessity of court intervention, it is

ORDERED that Yelverton's motion to vacate is DENIED without prejudice to his refiling in the event the information provided to him by American Express is insufficient to allay the concerns he raised in his motion to vacate.

[Signed and dated above.]

Copies to: Debtor; Jeffrey Friedman, attorney for American Express Bank, FSB, and American Express Centurion Bank; Office of the United States Trustee.