The document below is hereby signed.

Signed: April 09, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STEPHEN THOMAS YELVERTON, | ) | Case No. 09-00414 |
| | ) | (Chapter 11) |
| Debtor. | ) | |

MEMORANDUM DECISION AND ORDER ADDRESSING MOTION OF
STEPHEN THOMAS YELVERTON TO RECONSIDER ORDER DENYING
<u>DEBTOR'S OBJECTION TO CLAIM OF SEDGHI INVESTMENT PROPERTIES, LLP</u>

This addresses the motion of the debtor, Stephen Thomas Yelverton, to reconsider this court's January 22, 2010, order denying Yelverton's objection to the claim of Sedghi Investment Properties, LLP.  For the reasons set forth below, I will conditionally grant the motion in part.

I

On May 14, 2009, the debtor commenced the above-captioned case under chapter 11 of the Bankruptcy Code.  On August 20, 2009, Sedghi Investment timely filed a proof of claim in the case, claiming $63,846.56 in damages stemming from the breach of a lease on which Yelverton was a guarantor (Claim No. 23).  On October 8, 2009, Yelverton filed an objection to the proof of claim, arguing that he was not liable for the amount because

Sedghi Investment (1) unlawfully evicted him and (2) failed to mitigate its damages by securing a new tenant to assume the lease or rent the property (Dkt. No 113).  Sedghi Investment timely filed in response to the debtor's objection.  At an evidentiary hearing on the objection on January 21, 2010, I overruled Yelverton's objection and the next day entered an order memorializing that decision.

On January 31, 2010, Yelverton filed this motion under Fed. R. Bankr. Proc. 3008 to reconsider my order denying his objection.  Yelverton argues that my decision overruling his objection was in error for two reasons: (1) under *Ostrow v. Smulkin*, 249 A.2d 520, 521-22 (D.C. 1969), once a landlord retakes possession of property by legal process, the obligation of a tenant to pay future rent ceases and (2) the claim should have been disallowed as a fraudulent transfer under § 548(a)(1)(B).

II

Under Fed. R. Bankr. Proc. 3008, "A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate."  Moreover, under § 502(j) of the Bankruptcy Code, the court may reconsider the order allowing or disallowing a claim "for cause," and "the reconsidered claim may be allowed or disallowed according to the equities of the case."

In Yelverton's motion to reconsider, he first argues that

the court should disallow Sedghi Investment's claim to the extent it violates the rule set forth in *Ostrow v. Smulkin*, 249 A.2d 520 (D.C. 1969). In *Ostrow,* the D.C. Court of Appeals held that "[i]f the landlord retakes possession by legal process or by accepting a voluntary surrender of possession by the tenant, the obligation of the tenant to pay future rent ceases." *Id.* at 521. Based on *Ostrow*, Yelverton contends that any amount claimed for rent beyond the date Sedghi Investment received a judgment for possession should be disallowed.

A.

In its response to the motion to reconsider, Sedghi Investment argues that Yelverton's *Ostrow* argument should fail for two reasons. First, Sedghi Investment contends that because Yelverton failed to raise this argument in either his written objection or at the hearing on the matter, he has waived it. Were this a motion to reconsider under either Rule 9023 or 9024, Sedghi Investment's point would be well taken. Because, however, this is a motion under 11 U.S.C. § 502(j) and Rule 3008, the court may reconsider "for cause" and may disallow the claim "according to the equities of the case." Generally, courts conclude that Fed. R. Civ. P. 59 or 60 (depending on when the motion is filed) supply the standards of cause, or that some form of the excusable neglect test supplies the cause standard). *See In re Wyatt*, 368 B.R. 99, 104 (Bankr. D.N.H. 2007).

Nevertheless, although Rules 59 and 60 set forth standards under which cause can be established, they cannot be the exclusive grounds. As explained in *In re Willoughby*, 324 B.R. 66, 73-74 (Bankr. S.D. Ind. 2005):

> After reviewing the significant body of case law devoted to the appropriate standard for cause under § 502(j), the Court must conclude that the issue has become needlessly complicated. Bankruptcy courts have substantial discretion in deciding what constitutes "cause" for reconsidering a claim pursuant to section 502(j). *See, e.g.,* [*Colley v. National Bank of Texas (In re Colley)*, 814 F.2d 1008, 1010 (5th Cir. 1987)] ("As the Advisory Committee Note to Bankruptcy Rule 3008 evidences, the bankruptcy court's discretion in deciding whether to reconsider a claim is virtually plenary, as the court may decline to reconsider without a hearing or notice to the parties involved. If reconsideration is granted, the court may readjust the claim in any fashion 'according to the equities of the case.' "). Because of this discretion, the Court is not inclined to adopt a hard and fast rule as to what constitutes "cause" or to make whatever rule it does apply dependent on how or when judgment was entered on the claim. Presumably, if Congress wanted a specific standard to apply, it would have articulated one. Furthermore, § 502(j) and Rule 3008 are unnecessary if Rule 9023 and 9024 were intended to apply mechanically to motions to reconsider claims.
> 
> In the Court's opinion, it should instead consider the totality of the circumstances to determine whether cause exists under § 502(j) and whether equity requires the claim to be allowed, disallowed, or otherwise adjusted. Rules 59 and 60 certainly provide significant guidance as to what may constitute cause under § 502(j), but they should not, in the Court's opinion, be applied as rigidly as some cases would suggest. In examining the totality of the circumstances, the Court may also consider any relevant factor to determine whether equity warrants reconsideration of the claim, including the reason for, and effect of, any delay in seeking reconsideration of the claim; the detrimental or beneficial effect of reconsideration on other parties; whether any party has altered its position in reliance on the Court's

>   previous judgment or confirmation order, the effect of reconsideration on administration of the case or like cases; and the movant's good faith.

*Accord*, *In re Wyatt*, 368 B.R. at 104-05 (Bankr. D.N.H. 2007) ("The bottom line is that the Court has broad discretion to determine whether cause exists.").

Were Yelverton the only other party in interest in this case, the equities would clearly weigh in favor of denying his motion on the basis of waiver. Because the extent to which Sedghi Investment's claim is allowed impacts other unsecured creditors in the case, though, the equities of the case favor allowing Yelverton to raise this new grounds for disallowance, notwithstanding Sedghi Investment's well-taken waiver argument. Sedghi Investment should not reap a windfall recovery at the expense of other unsecured creditors merely because of Yelverton's failure timely to raise what might otherwise be a meritorious argument.

Although the equities of the case favor allowing Yelverton to raise *Ostrow* as a new grounds for objection, they do not favor Sedghi Investment having had to incur the expenses resulting from Yelverton's failure to raise this new argument in his initial objection. If Yelverton continues to prosecute his *Ostrow* argument, Sedghi Investment will have been subjected to preparing for and attending two hearings instead of only one. Accordingly, if Yelverton proceeds with seeking disallowance based on *Ostrow*,

Sedghi Investment is entitled to recover, as an administrative claim, any expenses it incurred as a result of Yelverton's failure to raise his *Ostrow* argument in his original objection. *See Thorpe v. Thorpe*, 364 F.2d 692, 694 (D.C. Cir. 1966) (party relieved from adverse judgment may be required to pay court costs and attorney's fees incurred because of the default giving rise to the judgment). Although *Thorpe* was decided under Fed. R. Civ. Proc. 60(b), which allows the court to impose "just terms" in vacating a judgment, and this case was decided under § 502(j) instead, § 502(j) permits the court to grant allowance or disallowance on reconsideration according to the equities of the case, and conditioning reconsideration on payment of attorney's fees incurred by reason of Yelverton's default in raising *Ostrow* in his original objection to Sedghi Investment's claim fits within the "equities of the case."

B.

Sedghi Investment next contends, based on *Ostrow* itself and in accordance with the summary of the case above, that although Yelverton is not liable for future rent, he is liable for damages as a result of the breach of the lease. To the extent the lease provides for such damages, Sedghi Investment is correct: *Ostrow* provides that "depending on the circumstances and contractual provisions of the lease, the tenant may be liable for damages even after the landlord has retaken possession, but this

6

liability is for damages for breach of contract and not for rent." *Id.* Although Sedhi points to no such provision in the lease, it would be inappropriate to dispose of the issue on a motion to reconsider. Instead, I think fairness requires that the court give Sedghi Investment the opportunity to properly respond to Yelverton's new grounds for objection and to have a hearing before the court.

### III

In addition to the *Ostrow* argument, Yelverton also asks the court to reconsider based on § 548(a)(1)(B). Section 548(a)(1)(B) allows the trustee to recover from a transferee for the benefit of the estate any property transferred by the debtor in the two years before bankruptcy where the debtor received less than reasonably equivalent value and, as Yelverton contends here, the result of the transfer was to leave the debtor with unreasonably small capital. Yelverton argues that all rent incurred after September 2008, the time when he no longer lived in the leased premises, is avoidable under this provision because he was not receiving reasonably equivalent value in exchange for the obligation to pay rent. Yelverton, however, misconstrues this provision.

The relevant time to evaluate the transfer for purposes of § 548 is the time Yelverton agreed to serve as a guarantor for the lease. Yelverton does not contend that at this point he did

7

not receive reasonably equivalent value in exchange for his guarantee.  Indeed, solely by virtue of his guarantee was Yelverton was able to live in the leased premises.  Because Yelverton has not set forth a plausible argument under § 548(a)(1)(B), his motion to reconsider on this basis is appropriately denied.

                                IV

For these reasons, it is

ORDERED that:

    1. Yelverton's Motion for Reconsideration (Dkt. No. 220) is denied with respect to the reconsideration based on § 548(a)(1)(B).

    2.  The motion is conditionally granted with respect to reconsideration based on *Ostrow*, but within 7 days after the entry of this order, Yelverton may withdraw his objection if he wishes to avoid being held liable pursuant to the condition imposed by paragraph 5 below for granting reconsideration.

    3.  Sedghi Investment shall have the opportunity to file, within 21 days of the entry of this order, a response to Yelverton's objection to its proof of claim based on *Ostrow* and Yelverton shall have 7 days from the filing of Sedghi Investment's response to file a reply.

    4.  On **May 19, 2010, at 2:00 PM** the court shall hold a

hearing on the objection and that by **May 12, 2010,** the parties shall provide to one another a list of witnesses and exhibits for the hearing.

    5. Unless Yelverton timely withdraws his motion for reconsideration based on *Ostrow*, then within 21 days from the hearing on the objection to Sedghi Investment's proof of claim, Sedghi Investment may submit a bill of costs detailing its expenses incurred as a result of Yelverton's failure to raise his *Ostrow* argument in his initial objection. Within 14 days after Sedghi Investment submits its bill of cost, Yelverton may object to the costs to be awarded as an administrative expense.

                                                                                   [Signed and dated above.]

Copies to: Debtor; Richard Rogers, attorney for Sedghi Investment Properties, LLP; Office of the United States Trustee.