**The document below is hereby signed.**

**Dated: September 20, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
                  UNITED STATES BANKRUPTCY COURT
                   FOR THE DISTRICT OF COLUMBIA

In re                           )
                                )
STEPHEN THOMAS YELVERTON,       )   Case No. 09-00414
                                )   (Chapter 7)
          Debtor.               )   Not for publication in
                                )   West's Bankruptcy Reporter.
```

MEMORANDUM DECISION AND ORDER DISMISSING
DEBTOR'S APPARENT REQUEST TO PURSUE APPEAL *IN FORMA PAUPERIS*

The debtor, Stephen Thomas Yelverton, has filed a *Notice of Appeal* (Dkt. No. 511) appealing this court's order approving a settlement and related orders. Yelverton's *Notice of Appeal* includes a statement that:

> In <u>Order Granting Application for Waiver of Filing Fee</u>, entered June 21, 2012, the Debtor was allowed In Forma Pauperis status for waiver of the filing fee for the Motion to Compel Abandonment. The <u>Order</u>, entered August 7, 2012, denying the Motion to Compel Abandonment is now being Appealed. Thus, the Debtor meets the requirements for waiver of the filing fee for this Appeal of that <u>Order</u>. Attached hereto is a copy of the <u>Order</u>, entered June 21, 2012, granting the waiver of the filing fee.

To the extent that this statement was intended as a request to waive the appeal filing fees (consisting of the $5 fee under 28 U.S.C. § 1930(c) and the $293 fee under item 14 of the Miscellaneous Fee Schedule), it is not in proper form. A request

for an order requires a motion.  Fed. R. Bankr. P. 9013.

In any event, Yelverton is an attorney and he should have sufficient income at some point in the future that he will be able to pay the filing fee.  Given that circumstance, it would be inappropriate to grant a waiver of the appeal filing fees.

Yelverton seems to think that the *Order Granting Application for Waiver of Filing Fee* with respect to his *Motion to Compel Abandonment* mandates waiving the fee for filing the *Notice of Appeal.*  That *Order*, however, granted a waiver under 28 U.S.C. § 1930(f)(2), and making a waiver under that provision is discretionary as the statute states that the court "*may* waive for such debtors [described in § 1930(f)(1)] other fees prescribed under subsections (b) and (c)." [Emphasis added.]  I felt that it was appropriate to waive the fee for filing the *Motion to Compel Abandonment*, but I do not believe that it is appropriate to waive the fee for filing the *Notice of Appeal.*  Yelverton's appeal is pointless as the court's findings of fact in approving the settlement were fully supported by the record, and Yelverton's appeal raises no meritorious issues of law.  For this additional reason, I will not exercise discretion under § 1930(f)(2) to *waive* the appeal filing fees.

Appeals from the bankruptcy court to the district court "shall be taken in the same manner as appeals in civil proceedings generally are taken to the court of appeals from the

district courts . . . ." 28 U.S.C. § 158(c)(2). To the extent that an appellant from a bankruptcy court decree seeks an order pursuant to 28 U.S.C. § 1915 to permit the appeal without *prepayment* of the filing fee, it is appropriate to follow the procedures that apply when an appellant from a district court decree seeks a § 1915 order authorizing pursuit of the appeal without prepayment of the filing fee.[1] Specifically, such an appellant should file in the bankruptcy court a motion that comports with the motion that the appellant would be required to file under Fed. R. App. P. 24 if the appeal were an appeal from the district court to the court of appeals.

Yelverton has not filed such a motion comparable to a Fed. R. App. P. 24 motion. Such a motion must, among other things, address Yelverton's *current* financial circumstances, and, for the motion to succeed, must state issues he intends to pursue on appeal that have at least an arguable basis in law and fact. *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Cortorreal v.*

---

[1] *See, e.g., Rivera-Siaca v. DCC Operating, Inc.*, 416 B.R. 9, 17 (D. Puerto Rico 2009) (in bankruptcy appeal, district court applied Fed. R. App. P. 10(e) in addressing a motion to supplement the record on appeal); *First Owners' Ass'n of Forty Six Hundred v. Gordon Properties, LLC*, 470 B.R. 364, 371-72 (E.D. Va. 2012) (in ruling on an interlocutory bankruptcy appeal, a district court looks by analogy to the standard set forth in 28 U.S.C. § 1292(b) governing interlocutory appeals in non-bankruptcy cases); *In re BWP Gas, LLC*, 354 B.R. 701, 705 (E.D. Pa. 2006) (applying standard that would apply in a non-bankruptcy appeal regarding review of a decision to permissively abstain to the district court's review of a bankruptcy court's decision to permissively abstain).

*United States*, 486 F.3d 742, (2d Cir. 2007); *Sills v. Bureau of Prisons*, 761 F.2d 792, 794 (D.C. Cir. 1985). The court may consider the views of the appellee (the chapter 7 trustee) on such a motion.

If Yelverton files no such motion, or if such a motion is denied, the trustee may proceed in the district court to seek a dismissal of the appeal for failure of Yelverton to pay the appeal filing fees. Under Fed. R. App. P. 3(e), an appellant must prepay the appeal filing fees. When an appellant from the district court fails to obtain leave to proceed without prepaying the filing fee, the court of appeals proceeds to dismiss the appeal unless the filing fee is promptly paid. *See Wooten v. District of Columbia Metropolitan Police Dept.*, 129 F.3d 206, 208 (D.C. Cir. 1997). By reason of 28 U.S.C. § 158(c)(2) directing that appeals from the bankruptcy court are to be taken in like fashion, failure to pay the filing fee--when an appellant from a bankruptcy court order is not granted leave to appeal without prepayment of the filing fee--should similarly lead to dismissal. *See also* 28 U.S.C. § 1915(e)(2)(B)(i) (requiring dismissal if the appeal is frivolous or malicious).

It is thus

ORDERED that Yelverton's apparent request in his *Notice of Appeal* for a waiver of the filing fee is DISMISSED.

[Signed and dated above.]

4

Copies to: Debtor; recipients of e-notification of filings.