**The document below is hereby signed.**

**Dated: December 30, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
             UNITED STATES BANKRUPTCY COURT
              FOR THE DISTRICT OF COLUMBIA

In re                           )
                                )
STEPHEN THOMAS YELVERTON,       )    Case No. 09-00414
                                )    (Chapter 7)
              Debtor.           )    Not for publication in
                                )    West's Bankruptcy Reporter.
```

MEMORANDUM DECISION AND ORDER
RE MOTION TO VACATE ORDER STRIKING DEMAND FOR A JURY TRIAL

The debtor, Stephen Thomas Yelverton, has filed a *Motion to Vacate Order Striking Demand for a Jury Trial*, requesting the court to vacate its order striking Yelverton's demand for a jury trial on the trustee's objection to Yelverton's claim of exemptions. Yelverton's motion to vacate will be treated as a motion to alter or amend the order under Rule 59(e) of the Federal Rules of Civil Procedure (incorporated by Rule 9023 of the Federal Rules of Bankruptcy Procedure) because it was timely filed within 14 days after the entry of the order.

Yelverton argues that the court's order is based upon a clear error of law. According to Yelverton, the trustee's

objection, filed August 22, 2012, raised claims of fraud. Yelverton reasons that because fraud is a common law legal claim, he has a right to a jury trial on his claim of exemptions.

The chapter 7 trustee, Wendell W. Webster, does not mention "fraud" in his August 22, 2012 filing, *Objection to Debtor's Amended Claim of Exemptions.* Instead, the trustee asserts that the property Yelverton has claimed as exempt may not be excluded from the bankruptcy estate under 11 U.S.C. § 522 and that Yelverton should not be permitted to amend his exemptions at this point in the case. Therefore, the basis for Yelverton's assertion of clear error is incorrect.

Even if the trustee had mentioned fraud in his objection, the result here would be the same: Yelverton does not have a right to a jury trial on the objection to his claim of exemptions. This is because, as set forth in this court's *Memorandum Decision and Order Striking Debtor's Demand for Jury Trial on Trustee's Objection to Exemptions*, the debtor's act of filing a claim of exemptions made the issue of exemptions an equitable issue triable by the court without a jury. *See* Dkt. No. 553, citing *Langenkamp v. Culp*, 498 U.S. 42, 44, 111 S. Ct. 330, 331, 112 L. Ed. 2d 343 (1990) ("[B]y filing a claim against a bankruptcy estate the creditor triggers the process of 'allowance and disallowance of claims,' thereby subjecting

himself to the bankruptcy court's equitable power.") (quoting *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 58-59 & 59 n.14, 109 S. Ct. 2782, 106 L. Ed. 2d 26 (1989)). "It is reasonable that a creditor or debtor who submits to the equity jurisdiction of the bankruptcy court thereby waives any right to a jury trial for the resolution of disputes vital to the bankruptcy process," and the issue of what property is exempt is vital to the bankruptcy process. *Germain v. Conn. Nat'l Bank*, 988 F.2d 1323, 1329-30 (2d Cir. 1993).

Moreover, a claim of exemptions can be likened to a claim for turnover, which is an equitable claim to which no jury right attaches:

> A turnover action is not an action to recover damages for the taking of estate property but an action to recover possession of property belonging to the estate at the time of the filing. *See* 5 *Collier on Bankruptcy, supra,* ¶ 542.02. It invokes the court's most basic equitable powers to gather and manage property of the estate.

*Braunstein v. McCabe*, 571 F.3d 108, 122 (1st Cir. 2009); *see also Walker v. Weese*, 286 B.R. 294, 299 (D. Md. 2002) ("Commanding turnover is at the very root of the bankruptcy court's equitable powers."). A turnover action seeks to recover property of the estate, and likewise an objection to a claim of exemptions seeks to keep within the bankruptcy estate property that 11 U.S.C. § 541 defines as property of the estate and which is not exempt under 11 U.S.C. § 522. Accordingly, this

3

contested matter "invokes the court's most basic equitable powers to gather and manage property of the estate." *Braunstein*, 571 F.3d at 122.

For these reasons, the court finds that there is no clear error in its *Memorandum Decision and Order Striking Debtor's Demand for Jury Trial*. *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) ("A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice") (internal quotation marks omitted). Accordingly, it is

ORDERED that Yelverton's *Motion to Vacate* (Dkt. No. 555) is DENIED.

[Signed and dated above.]

Copies to: Debtor; Recipients of e-notification of orders.