The document below is hereby signed.

Signed: January 29, 2013



_S. Martin Teel, Jr._
_United States Bankruptcy Judge_

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STEPHEN THOMAS YELVERTON, | ) | Case No. 09-00414 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER
RE DEBTOR'S MOTIONS FOR LEAVE TO SUBMIT SUPPLEMENTAL FILINGS

Yelverton filed *Debtor's Motion for Leave to Submit Supplemental Matters and Citations RE: Hearing Exemptions* (Dkt. No. 584), *Motion for Leave to Submit Affidavit as to the Production Contract with Maxwell Foods, Inc.* (Dkt. No. 585), and *Debtor's Motion for Leave to Submit Supplemental Citation Re: Hearing on Exemptions* (Dkt. No. 586). The court will grant Yelverton leave to file these papers, and the court took these filings into account when deciding and issuing its *Memorandum Decision re Cross Motions for Summary Judgment*. However, for the following reasons, these additional filings add nothing to the court's decision regarding the cross motions for summary judgment on the trustee's objections to Yelverton's claims of exemption.

Yelverton's filing in Docket Number 584 confuses two distinct concepts.  The first concept is what is property of the estate and what is the effect of D.C. Code § 16-910 on that question.  The second concept is, from what is estate property, what may the debtor properly exempt for his benefit.  However the rights under D.C. Code § 16-910 play out, an issue to be decided by the Superior Court, that has no impact on the issue raised by the objection to exemptions.  The impact of any Superior Court ruling under § 16-910 may or may not have an impact on what is property of the estate, *see Memorandum Decision re Debtor's Motion to Vacate Order Approving Settlement*, but it has no import on what the debtor properly may exempt from whatever *is* property of the estate.  That latter issue is the issue addressed by this court in its Memorandum Decision regarding the trustee's objections to Yelverton's exemption schedules.

In the same motion, Yelverton argues that his claims of federal exemptions (i.e., under 11 U.S.C. § 522(d)) are retroactive and, as such, they nullify the trustee's global settlement.  This assumes that Yelverton may exempt the asset itself.  However, Yelverton can only exempt an interest in the proceeds of the settlement.  His federal exemptions under 11 U.S.C. § 522(d)(5) and § 522(d)(11)(E) are not in-kind

exemptions.  Therefore, whether the exemptions are retroactive or not, his claim of exemptions cannot upset the global settlement.[1]

In Yelverton's motion at Docket Number 585, he addresses the Production Contract with Maxwell Foods, Inc.  The court has already allowed Yelverton an exemption in the proceeds of the settlement under 11 U.S.C. § 522(d)(5) in the amount of the statutory cap of $11,200.  The proceeds of the settlement include proceeds from any claims arising out of the Production Contract, all of which were released pursuant to the settlement agreement.  To the extent Yelverton claims an exemption of the Production Contract under 11 U.S.C. § 522(d)(11)(E), that claim of exemption has been disallowed on procedural grounds.

Finally, Yelverton's motion at Docket Number 586 adds nothing to the issue of whether his claims of exemption are proper.  *See Memorandum Decision Re Cross Motions for Summary Judgment*, at 16 n.5.

---

[1] If the settlement could be blocked by Yelverton's belated assertion of exemptions, the trustee would have an argument that the exemption claims should be disallowed because they would prejudice the trustee's administration of the estate.  *See In re Talmo*, 185 B.R. 637, 645 (Bankr. S.D. Fla. 1995) (an amendment to exemption schedules may be prejudicial "if it impairs a trustee in the diligent administration of the estate.").

For all of these reasons, Yelverton's motions for leave (Dkt. Nos. 584, 585, 586) are GRANTED (but they do not alter the court's ultimate conclusion).

                                            [Signed and dated above.]

Copies to: Debtor; Recipients of e-notification.