The document below is hereby signed.

Signed: February 19, 2013



_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STEPHEN THOMAS YELVERTON, | ) | Case No. 09-00414 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
DENYING MOTION TO ALTER OR AMEND DECISION

The court will deny the the motion of the debtor, Stephen Thomas Yelverton, to alter or amend the court's *Memorandum Decision re Cross Motions for Summary Judgment* dated January 29, 2013.

I

This court granted relief from the automatic stay to permit the Superior Court of the District of Columbia to adjudicate in a divorce proceeding a division of marital property between Yelverton and his spouse under D.C. Code § 16-910(b). Yelverton asserts that this court has thus abstained from deciding such state law property questions. Although the court's decision

examined exemptions of property as tenancy by the entireties property under 11 U.S.C. § 522(b)(3)(B), the question of what is marital property under § 16-910(b) has no relevance to such exemptions. *See Memorandum Decision re Cross Motions for Summary Judgment* at 16 n.5. The court did not decide what was marital property.

## II

Yelverton argues that he was entitled to the best set of exemptions available to him, and that the court failed to address which set of exemptions would best provide him with a fresh start. That argument is nonsense. The court carefully considered the exemptions available to Yelverton, allowed him belatedly to assert exemptions in the alternative so that he could enjoy whichever of the two statutory schemes available under 11 U.S.C. § 522(b)(1) better benefitted him, and permitted him to amend his procedurally deficient claim of exemptions under 11 U.S.C. § 522(d)(11)(E).

## III

Yelverton contends that the court overlooked applicable law as to whether North Carolina or District of Columbia law would apply to tenants by the entireties property. But it did not matter: the *Memorandum Decision* concluded that under the law of either state, Yelverton failed to establish the existence of a tenancy by the entireties. Yelverton also argues:

2

> Yelverton is claiming the stock [in Yelverton Farms, Ltd.] is owned as Tenants by the Entireties because he made a gift of it to Ms. Senyi during the marriage in October 2006.  A gift of separately owned property during the marriage may create a Tenancy by the Entireties, even where the recipient does not hold legal title.  *Hemily v. Hemily*, 403 A.2d [1139], 1142-1143, n.5 (D.C. 1979). *Brice v. Brice*, 411 A.2d 340, 343 (D.C. 1980).

Once again Yelverton has confused the concept of tenancy by the entireties property with the concept of marital property subject to an equitable distribution under § 16-910(b) in a divorce proceeding.  Both *Hemily v. Hemily* and *Brice v. Brice* were divorce cases and addressed the issue of marital property under § 16-910(b), not the issue of what constitutes tenancy by the entireties property.

IV

Finally, Yelverton revisits the question of the court's approval of the settlement resolving litigation in the United States District Court for the Eastern District of North Carolina.  He contends that the trustee is required to administer the estate for the benefit of unsecured creditors, and that the trustee has not shown that, after payment of the trustee's legal fees and administrative costs, the settlement would leave anything for distribution to unsecured creditors.  This has nothing to do with the propriety of the debtor's claims of exemption.  Moreover, the trustee's duty is to maximize the estate for the benefit of the

entities holding claims against the estate, whether they be administrative claimants or creditors holding prepetition claims.

V

For all of the foregoing reasons, it is

ORDERED that Yelverton's Motion to Alter or Amend Decision is DENIED.

[Signed and dated above.]

Copies to: Debtor; Recipients of e-notification of orders.