The document below is hereby signed.

Signed: March 28, 2013



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STEPHEN THOMAS YELVERTON, | ) | Case No. 09-00414 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DENYING
DEBTOR'S MOTION TO VACATE ORDER DENYING LEAVE TO
PURSUE APPEAL IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS

The debtor, Yelverton, has appealed this court's order regarding the trustee's objections to Yelverton's exemptions. He seeks to have this court vacate its order that denied him leave to prosecute that appeal without having prepaid the appellate filing fees.

I

Ironically, Yelverton argues that a bankruptcy court is not authorized to invoke 28 U.S.C. § 1915(a) to permit an appellant to take an appeal from the bankruptcy court without prepaying the filing fees for the appeal. If Yelverton were right, that would mean that this court committed no error in deciding that it ought not grant Yelverton leave under § 1915 to take an appeal without

prepaying the filing fees.

Yelverton is wrong in contending that this court lacked authority to act on his § 1915(a) request. He contends that this court is not a "court of the United States" as defined in 28 U.S.C. § 451, and thus may not hear and decide a § 1915 motion. A bankruptcy court, however, is a unit of the district court, which is a "court of the United States" as defined in 28 U.S.C. § 451, and the bankruptcy court, by way of referral under 28 U.S.C. § 157, exercises the district court's jurisdiction under 28 U.S.C. § 1334 (and no other jurisdiction). Accordingly, a bankruptcy court has the authority to issue in bankruptcy cases orders which by statute may be granted by the district court in bankruptcy cases as a "court of the United States." *See In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 105 (3d Cir. 2008) (the bankruptcy court "is a unit of the district court, which is a 'court of the United States,' and thus the bankruptcy court comes within the scope of § 451."). Although *Perroton v. Gray (In re Perroton)*, 958 F.2d 889, 893–96 (9th Cir. 1992), and other decisions have held that a bankruptcy court lacks authority to waive filing fees under 28 U.S.C. § 1915(a), those decisions, as recognized by *In re Schaefer Salt Recovery, Inc.,* and by this court in *In re McGuirl*, 2001 WL 1798478 (Bankr. D.D.C. Nov. 30, 2001), are unpersuasive.

Yelverton has still failed to identify an issue he would

pursue on appeal that has an arguable basis in law and fact as required for a waiver of appeal fees to be granted under § 1915(a).  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cortorreal v. United States*, 486 F.3d 742, (2d Cir. 2007); *Sills v. Bureau of Prisons*, 761 F.2d 792, 794 (D.C. Cir. 1985).  His motion is silent in that regard, but I will take note of his Rule 8006 statement of issues on appeal.  The issues he states are mostly cast in conclusory terms, and fail to articulate any basis for thinking that they have an arguable basis in law and in fact that could lead to a reversal of the court's rulings on his exemption claims.

Specifically, he lists five issues.  First, he lists this issue:

> (a) Whether the Objections of the Chapter 7 Trustee to the Exemptions are wholly "frivolous" in view of him presenting no evidence whatsoever of any prejudice to Creditors, or any "bad faith" by the Debtor, in claiming the Exemptions, which is the only basis for the Trustee to properly raise any Objections?

The trustee showed that the exemptions were invalid (to the extent the court disallowed them) and allowance of the invalid exemptions would have diminished the estate property available to pay claims.  The court's decision did not rest on any "bad faith" of the debtor.

Next, Yelverton lists this issue:

> (b) Whether the Objections of the Chapter 7 Trustee to the Exemptions are wholly "frivolous" in view of *In Re Hope*, 231 B.R. 403 (Bkrtcy. D.D.C. 1999),

3

> refuting every aspect of his Objections, and where the
> Trustee was a party to that case, and thereby should
> have known that his Objections are wholly "frivolous"?

This court concluded that *In re Hope* was of no relevance because it addressed tenancy by the entireties property, and the properties claimed exempt here, in contrast, were *not* tenancy by the entireties property. Yelverton has failed to articulate an issue that suggests a basis for showing that this court erred in concluding that no tenancy by the entireties property was involved.[1]

Next, Yelverton lists as an issue:

> (c) Whether the Objections of the Chapter 7 Trustee
> to the Exemptions are wholly "frivolous" on the basis of
> his actual Objection that they might interfere with his
> Settlement with the siblings of Yelverton, who are not
> Creditors of the Debtor Estate, in view of established
> case law in *In Re Fournier*, 169 B.R. 282, 283-284
> (Bkrtcy. D. Conn. 1994), holding that an Amended
> Exemption may not be disallowed solely because the
> Trustee relied upon the original Exemption Schedule in
> administering the Estate, and holding that prejudice to
> Creditors does not necessarily result when Exemptions are
> Amended after Assets have come into the Trustee's
> control, but before any distributions to Creditors have
> been made; and *In Re Agee*, 456 B.R. 740, 743 (Bkrtcy.
> M.D.N.C. 2011), holding that there is no prejudice to the
> Debtor Estate because an Amended Exemption if allowed

---

[1] *In re Hope* also involved a discussion of a division of marital property by the Superior Court of the District of Columbia in a divorce proceeding, and Yelverton continually confused the concept of tenancy by the entireties property with the concept of marital property. Any such award of marital property to Yelverton's former spouse, if such award is effective against the bankruptcy estate, would result in the property not being estate property subject to exemption. The court's order addressed only what property of the estate could be exempted.

4

>would result in property being Exempted from the Debtor Estate?

As this court held, Yelverton's exemptions do not interfere with the settlement with Yelverton's siblings, so this is a non-issue. The court disallowed exemptions on the merits, not on the basis of the trustee having been prejudiced by the belated amendment of the exemption claims.

Next, Yelverton lists as an issue:

>(d) Whether the continuing Objections of the Chapter 7 Trustee to the Exemptions are wholly "frivolous" in view of the Debtor's representations to pay the legal fees and costs of the Trustee in pursuing the Settlement, which would be Non-Dischargeable and would come from the Exempted property?

I construe this as a contention that the trustee ought not have settled with Yelverton's siblings, and should have litigated the claims against the siblings, because Yelverton was willing to be obligated to cover the trustee's litigation fees and costs. Yelverton is financially strapped as is evidenced by his seeking a waiver of fees under § 1930(f). The trustee was not required to pursue litigation against Yelverton's siblings, instead of settling, based on a promise by Yelverton to cover the fees and costs of litigation when it was obviously doubtful that Yelverton could perform on that promise. Moreover, the order approving the settlement remains in place and cannot be revisited via Yelverton's asserting an exemption.

Finally, Yelverton raises as an issue:

>    (e) Whether the decisions of the Bankruptcy court are erroneous in view of it wholly relying upon the "frivolous" Objections of the Chapter 7 Trustee in denying the Exemptions?

That does not articulate an issue with an arguable basis in law and in fact.

Accordingly, I still conclude that no issue with an arguable basis in law and fact has been stated and that the appeal is thus not being pursued in good faith. Therefore, relief under § 1915(a) would be inappropriate.

An appeal to the district court is taken in the same manner as an appeal in a civil action to the court of appeals from the district court. 28 U.S.C. § 158(c)(2). Accordingly, as in the case of an appeal from the district court to the court of appeals, Yelverton is free to seek relief under § 1915(a) from the district court as the appellate court even though this court has denied § 1915(a) relief. *See Wooten v. District of Columbia Metropolitan Police Dept.*, 129 F.3d 206, 207 (D.C. Cir. 1997) ("Under Rule 24(a), if a district court denies a litigant leave to appeal in forma pauperis, the litigant may file a motion in the court of appeals to proceed in that status within 30 days after service of notice of the district court's action.").

II

Yelverton seeks also to revisit the denial of a waiver under 28 U.S.C. § 1930(f). As this court previously noted, Yelverton's appeal is doomed to fail. Yelverton has not provided me with any

basis for concluding that he will pursue an issue on appeal that has an arguable basis in law and fact.  In that circumstance, this court was fully authorized, and remains fully authorized, in the exercise of its discretion under § 1930(f) to deny Yelverton a waiver of the filing fee for the appeal.  Under the statute, when certain circumstances exist, the court "may" waive fees; the statute does not provide that the court "shall" waive fees.

                                III

 For all of these reasons, it is

 ORDERED that Yelverton's *Motion to Vacate Decision Per Rule 59(e)* filed on March 27, 2013, is DENIED.  It is further

 ORDERED that the clerk shall immediately transmit a copy of this order to the district court, as the appellate court, for the order to be available in the event that Yelverton pursues a motion in the district court for leave to pursue the appeal in forma pauperis.

                                        [Signed and dated above.]

Copies to: Debtor; recipients of e-notification of filings.

R:\Common\TeelSM\Judge Teel Docs\Yelverton (Stephen) Mem Decsn & Order Denying R. 59 Mtn re Order Denying Fee Waiver Request v2.wpd

7