The document below is hereby signed.

Signed: April 3, 2013



*S. Martin Teel, Jr.*
*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STEPHEN THOMAS YELVERTON, | ) | Case No. 09-00414 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION RE DEBTOR'S
MOTION TO VACATE ORDER RE: 11 U.S.C. 363(i)

The debtor previously filed his *Motion for Leave to Submit Notice to the Chapter 7 Trustee Re: Proposed Sale of Property under 11 U.S.C 363*. The court's *Order Denying Debtor's Motion for Leave to Submit Notice to the Chapter 7 Trustee Re: Proposed Sale of Property under 11 U.S.C. 363* recited:

> The debtor, Yelverton, has filed a bizarre motion titled *Motion for Leave to Submit Notice to the Chapter 7 Trustee Re: Proposed Sale of Property under 11 U.S.C 363*. If the chapter 7 trustee proceeds to attempt to sell any property, Yelverton can object to the trustee's motion to sell the property. That will be soon enough for Yelverton to raise any concerns he has about such a sale.
>
> Moreover, Yelverton's motion appears to be directed to a settlement approved by this court (as though a sale will be a step in effectuating the settlement). Under the settlement, the trustee settled certain litigation claims and agreed to transfer ownership of certain shares of Yelverton Farms, Ltd. to Yelverton's siblings. Yelverton has taken an appeal regarding the approval of

>     that settlement, and he can raise in that appeal any
>     error he believes that this court committed in approving
>     the settlement. Unless and until the order approving the
>     settlement is set aside, the settlement is effective, a
>     transfer of ownership of the shares is required pursuant
>     to the settlement, and the litigation claims stand
>     released. No sale is required to accomplish that.

Yelverton has now filed a frivolous motion (*Motion to Vacate Order re: 11 U.S.C. 363(i)*) seeking to have the court vacate that order. He contends that the *Order*:

>     wholly confuses and conflates the <u>approval</u> of the
>     Settlement by the Bankruptcy court with the <u>consummation</u>
>     of the approved Settlement by the parties, which are
>     different and distinct actions with different and
>     distinct legal requirements and consequences.

(Underscoring in original.) He further contends that under 11 U.S.C. § 363(i), his former spouse has an interest in the property to be transferred under the settlement, and that a sale of the property cannot be approved unless his former spouse "is <u>first</u> allowed the opportunity to purchase the property at the <u>same</u> offering price." (Underscoring in original.)

When the trustee gave notice of his motion to approve the settlement, the transfer of property called for by the settlement was fully disclosed, and the court's approval of the settlement included approval of that transfer as a term of the settlement. There is no need to hold another hearing on the approved transfer. The order approving the settlement disposed of any defense that could have been raised to object to the proposed transfer as an element of the settlement, whether such defense

2

was, or was not, raised. The settlement (and the transfer called for by the settlement) remain approved (albeit the subject of a pending appeal), and unless the order approving the settlement is vacated, the court cannot undo the settlement based on Yelverton's contentions regarding his former spouse's interest in the property and regarding her rights under § 363(i).

An order follows denying Yelverton's motion to vacate.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of filings.