UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

FILED
APR 03 2013
Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| Re: Stephen Thomas Yelverton ) | |
| ) | |
| Debtor ) | Bankruptcy Case No. 09-00414 |
| ) | |
| ) | Chapter 7 |

## DEBTOR'S AMENDED DESIGNATION OF
## THE RECORD ON APPEAL RE: EXEMPTIONS

COMES NOW, Debtor Stephen Thomas Yelverton, pursuant to Fed. R. Bankr. P., Rule 8006, and hereby Amends his Designation of the Record on Appeal, filed March 19, 2013, and also Amends the Issues to be raised on Appeal. This is timely done pursuant to an Amended Notice of Appeal, filed April 2, 2013, under the provisions of Fed. R. Bankr. P., Rule 8002 (b)(4).

The Amended Designation is to add:

<u>Memorandum Decision and Order Denying Debtors Motion to Vacate Order Denying Leave to Pursue Appeal in District Court without Prepaying Fees or Costs</u>, entered March 29, 2013, Docket Entry No. 613, pp. 1-7.

The previously Designated Items remain:

Debtor's Amended Schedules and Response to Orders, entered July 26, 2012, Docket Entry No. 494, pp. 1-23;

Trustee's Objection to Debtor's Amended Exemptions, entered August 22, 2012, Docket Entry No. 514, pp. 1-12;

Debtor's Supplemental Amended Schedule C, entered August 30, 2012, Docket Entry No. 519, pp. 1-16;

Debtor's Response to Trustee's Objections, entered September 13, 2012, Docket Entry No. 522, pp. 1-14;

Trustee's Objection to Debtor's Supplemental Schedule C, entered September 28, 2012, Docket Entry No. 531, pp. 1-10;

Debtor's Second Response to Trustee's Objections, entered October 22, 2012, Docket Entry No. 548, pp. 1-11;

Debtor's Motion for Summary Judgment, entered November 26, 2012, Docket Entry No. 556, pp. 1-19;

Trustee's Motion for Summary Judgment, entered December 7, 2012, Docket Entry No. 558, pp. 1-24;

Trustee's Opposition to Debtor's Motion for Summary Judgment, entered December 7, 2012, Docket Entry No. 559, pp. 1-3;

Debtor's Reply to Trustee's Opposition to Motion for Summary Judgment, entered December 17, 2012, Docket Entry No. 562, pp. 1-7;

Debtor's Opposition to Trustee's Motion for Summary Judgment as to Objections to Amended Exemptions, entered December 27, 2012, Docket Entry No. 563, pp. 1-36;

Debtor's Praecipe Re: Exemptions, entered January 8, 2013, Docket Entry No. 577, pp. 1-3;

Debtor's Motion for Leave to Submit Supplemental Matters and Citations Re: Hearing on Exemptions, entered January 14, 2013, Docket Entry No. 584, pp. 1-5;

Motion for Leave to Submit Affidavit as to the Production Contract with Maxwell Foods, Inc., entered January 16, 2013, Docket Entry No. 585, pp. 1-6;

Debtor's Motion for Leave to Submit Supplemental Citation Re Hearing on Exemptions, entered January 25, 2013, Docket Entry No. 586, pp. 1-6;

Memorandum Decision Re Cross Motions for Summary Judgment, entered January 30, 2013; Docket Entry No. 587, pp. 1-22;

Order Re Cross Motions for Summary Judgment Regarding Objection to Exemptions, entered January 30, 2013; Docket Entry No. 588, pp. 1-2;

Memorandum Decision and Order Re Debtor's Motions for Leave to Submit Supplemental Filings, entered January 30, 2013; Docket Entry No. 590, pp. 1-4;

Motion to Alter or Amend Decision, entered February 13, 2013, Docket Entry No. 595, pp.1-6;

Memorandum Decision and Order Denying Motion to Alter or Amend Decision, entered February 19, 2013, Docket Entry No. 596, pp. 1-4.

2

## Issue to be Raised on Amended Appeal

1. The Issue to be raised in the Amended Appeal is based upon rulings by the Bankruptcy court in the Decision, entered March 29, 2013, where it sought to clarify its previous decisions and orders, but in so doing it explicitly acknowledged that its denial of the Exemptions have no basis in fact or law, and thus was improvidently rendered contrary to established Bankruptcy law.

2. The Decision, at p. 3, ruled that the previous denial of the Exemptions claimed by Yelverton was based upon a determination that an "allowance of the ... Exemptions would have diminished the Estate property available to pay claims," and that the Court's decision "did not rest upon any 'bad faith' of the Debtor."

3. The Decision, at p. 5, ruled that the Exemptions claimed by Yelverton "do not interfere with the Trustee's Settlement," and that the previous denial of the Exemptions was "not on the basis of the Trustee having been prejudiced by the belated Amendment of the Exemption claim," but was "disallowed on the merits." The Decision did not identify those "merits."

4. Under established Bankruptcy law, a claim of Exemptions can only be denied on the basis of "bad faith" by the Debtor, or a showing of undue prejudice to Creditors, which must be established by "clear and convincing" evidence, with the burden of proof on the Trustee. In order to find undue prejudice against a Creditor there must be "actual economic loss," and "not some theoretical disappointment of expectations." In Re Arnold, 252 B.R. 778, 781, 785, n. 10, and 787 (9th Cir. BAP 2000). A claimed Exemption made at anytime during the Bankruptcy is "presumptively valid" and will be "liberally" allowed. In Re Carter, 182 F.3d 1027, 1029, n. 3 (9th Cir. 1999).

3

5. Under established Bankruptcy law, a claim of Exemptions may <u>not</u> be denied simply because an Exemption if allowed would result in property being removed from the Debtor Estate, and thus <u>not</u> being paid to Creditors; and that prejudice to Creditors does <u>not</u> occur simply because an Exemption is claimed <u>after</u> Assets have come into the Trustee's control, but <u>before</u> any distributions have been made to Creditors. <u>In Re Agee</u>, 456 B.R. 740, 743 (Bkrtcy. M.D.N.C. 2011); <u>In Re Fournier</u>, 169 B.R. 282, 283-284 (Bkrtcy. D. Conn. 1994).

6. In the <u>Decision</u>, at p. 3, the Bankruptcy court <u>explicitly</u> acknowledged that it denied the claimed Exemptions by Yelverton simply because it would reduce the amount that might be available to pay Creditors. However, under established Bankruptcy law, as shown above, this is <u>not</u> a valid basis to deny an Exemption. Moreover, there has <u>never</u> been a showing by the Trustee that any Creditors would be paid from his $110,000 Settlement, where his normal administrative costs and legal fees to obtain the Settlement would be at least that amount, and where the Creditor claims are at least $500,000.

7. Accordingly, the Issues on Appeal are Amended to add the following Issue:

Whether the Appeal must be Remanded to the Bankruptcy court in view of the acknowledgment in the <u>Decision</u>, entered March 29, 2013, at pp. 3 and 5, that the claimed Exemptions by Yelverton are fully in accordance with established Bankruptcy law, and where it found <u>no</u> "bad faith" by Yelverton and <u>no</u> prejudice to Creditors, and where "bad faith" and "prejudice" to Creditors are the <u>only</u> basis to deny an Exemption, and whether this acknowledgment by the Bankruptcy court as to <u>no</u> "bad faith" and <u>no</u> prejudice to Creditors is conclusive as to the allowance of the claimed Exemptions, and whether the Appeals court must direct the Bankruptcy court to allow the Exemptions, as required by Bankruptcy law?

8. With a Remand to the Bankruptcy court, the issue of the waiver of the filing fee for the Appeal would be Moot.

9. In the Domestic Relations proceeding, the Trustee <u>failed</u> to oppose a Motion for Summary Judgment as to distribution of property owned by Yelverton and his spouse as "tenants by the entireties" since 2006-2008, and thus the Trustee <u>conceded</u> that this property included within his Settlement is "entireties" property subject to Exemption.

10. With allowance of the claimed Exemptions of "entireties" property by Yelverton, this Bankruptcy proceeding would be finally resolved, and could be expeditiously closed.

11. The previously specified Issues on Appeal would remain, and are noted below:

(a) Whether the Objections of the Chapter 7 Trustee to the Exemptions are wholly "frivolous" in view of him presenting <u>no</u> evidence whatsoever of any prejudice to Creditors, or any "bad faith" by the Debtor, in claiming the Exemptions, which is the <u>only</u> basis for the Trustee to properly raise any Objections?

(b) Whether the Objections of the Chapter 7 Trustee to the Exemptions are wholly "frivolous" in view of <u>In Re Hope</u>, 231 B.R. 403 (Bkrtcy. D.D.C. 1999), refuting every aspect of his Objections, and where the Trustee was a party to that case, and thereby should have known that his Objections are wholly 'frivolous"?

(c) Whether the Objections of the Chapter 7 Trustee to the Exemptions are wholly "frivolous" on the basis of his actual Objection that they might interfere with his Settlement with the siblings of Yelverton, who are <u>not</u> Creditors of the Debtor Estate, in view of established case law in <u>In Re Fournier</u>, 169 B.R. 282, 283-284 (Bkrtcy. D. Conn. 1994), holding that an Amended Exemption may <u>not</u> be disallowed solely because the Trustee relied upon the original Exemption Schedule in administering the Estate, and holding that prejudice to Creditors does <u>not</u> necessarily result when Exemptions are Amended after Assets have come into the Trustee's control, but before any distributions to Creditors have been made; and <u>In Re Agee</u>, 456 B.R. 740, 743 (Bkrtcy. M.D.N.C. 2011), holding that there is <u>no</u> prejudice to the Debtor Estate because an Amended Exemption if allowed would result in property being Exempted from the Debtor Estate?

(d) Whether the continuing Objections of the Chapter 7 Trustee to the Exemptions are wholly "frivolous" in view of the Debtor's representations to pay the legal fees and costs of the Trustee in pursuing the Settlement, which would be Non-Dischargeable and would come from the Exempted property?

(e) Whether the decisions of the Bankruptcy court are erroneous in view of it wholly relying upon the "frivolous" Objections of the Chapter 7 Trustee in denying the Exemptions?

5

WHEREFORE, in view of the foregoing, this Amended Designation of the Record on Appeal is submitted.

This the 3rd day of April, 2013.

Respectfully submitted,

Stephen Thomas Yelverton, Esq., Pro Se, D.C. Bar No. 264044,
601 Pennsylvania Ave, N.W., Suite 900 South,
Washington, D.C. 20004,
Tel. 202-702-6708  Fax 202-403-3801
styelverton@yelvertonlaw.com

## CERTIFICATE OF SERVICE

I, Stephen Thomas Yelverton, Esq., Pro Se, hereby certify that on the 3rd day of April, 2013, I have served this Amended Designation of the Record on Appeal, by U.S. Mail, first class, or by e-mail to the following:

Wendell W. Webster, Esq., Chapter 7 Trustee
1775 K St., NW, Suite 600
Washington, DC 20006

Joseph A. Guzinski, Esq., Office of U.S. Trustee
115 South Union St., Suite 210
Alexandria, VA 22314

Alexandra Senyi de Nagy-Unyom, Pro Se, Creditor
1260 21st St., N.W., Apt. 901
Washington, DC 20036

Richard J. Rodgers, Esq.
600 Baltimore Ave., Suite 208
Towson, MD 21204

Michael L. Murphey, Esq.
1320 Nineteenth St., N.W., Suite 202
Washington, DC 20036

Wade H. Atkinson, Jr., Pro Se, Discharged Creditor
4530 Connecticut Ave., N.W., Apt. 404
Washington, DC 20008-4313

Stephen Thomas Yelverton, Esq., Pro Se

The document below is hereby signed.

Signed: March 28, 2013



_S. Martin Teel, Jr._
_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
STEPHEN THOMAS YELVERTON,          )    Case No. 09-00414
                                   )    (Chapter 7)
         Debtor.                   )    Not for publication in
                                   )    West's Bankruptcy Reporter.

MEMORANDUM DECISION AND ORDER DENYING
DEBTOR'S MOTION TO VACATE ORDER DENYING LEAVE TO
PURSUE APPEAL IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS

The debtor, Yelverton, has appealed this court's order regarding the trustee's objections to Yelverton's exemptions. He seeks to have this court vacate its order that denied him leave to prosecute that appeal without having prepaid the appellate filing fees.

I

Ironically, Yelverton argues that a bankruptcy court is not authorized to invoke 28 U.S.C. § 1915(a) to permit an appellant to take an appeal from the bankruptcy court without prepaying the filing fees for the appeal. If Yelverton were right, that would mean that this court committed no error in deciding that it ought not grant Yelverton leave under § 1915 to take an appeal without

prepaying the filing fees.

Yelverton is wrong in contending that this court lacked authority to act on his § 1915(a) request. He contends that this court is not a "court of the United States" as defined in 28 U.S.C. § 451, and thus may not hear and decide a § 1915 motion. A bankruptcy court, however, is a unit of the district court, which is a "court of the United States" as defined in 28 U.S.C. § 451, and the bankruptcy court, by way of referral under 28 U.S.C. § 157, exercises the district court's jurisdiction under 28 U.S.C. § 1334 (and no other jurisdiction). Accordingly, a bankruptcy court has the authority to issue in bankruptcy cases orders which by statute may be granted by the district court in bankruptcy cases as a "court of the United States." *See In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 105 (3d Cir. 2008) (the bankruptcy court "is a unit of the district court, which is a 'court of the United States,' and thus the bankruptcy court comes within the scope of § 451."). Although *Perroton v. Gray (In re Perroton)*, 958 F.2d 889, 893-96 (9th Cir. 1992), and other decisions have held that a bankruptcy court lacks authority to waive filing fees under 28 U.S.C. § 1915(a), those decisions, as recognized by *In re Schaefer Salt Recovery, Inc.*, and by this court in *In re McGuirl*, 2001 WL 1798478 (Bankr. D.D.C. Nov. 30, 2001), are unpersuasive.

Yelverton has still failed to identify an issue he would

2

pursue on appeal that has an arguable basis in law and fact as required for a waiver of appeal fees to be granted under § 1915(a). *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cortorreal v. United States*, 486 F.3d 742, (2d Cir. 2007); *Sills v. Bureau of Prisons*, 761 F.2d 792, 794 (D.C. Cir. 1985). His motion is silent in that regard, but I will take note of his Rule 8006 statement of issues on appeal. The issues he states are mostly cast in conclusory terms, and fail to articulate any basis for thinking that they have an arguable basis in law and in fact that could lead to a reversal of the court's rulings on his exemption claims.

Specifically, he lists five issues. First, he lists this issue:

> (a) Whether the Objections of the Chapter 7 Trustee to the Exemptions are wholly "frivolous" in view of him presenting no evidence whatsoever of any prejudice to Creditors, or any "bad faith" by the Debtor, in claiming the Exemptions, which is the only basis for the Trustee to properly raise any Objections?

The trustee showed that the exemptions were invalid (to the extent the court disallowed them) and allowance of the invalid exemptions would have diminished the estate property available to pay claims. The court's decision did not rest on any "bad faith" of the debtor.

Next, Yelverton lists this issue:

> (b) Whether the Objections of the Chapter 7 Trustee to the Exemptions are wholly "frivolous" in view of *In Re Hope*, 231 B.R. 403 (Bkrtcy. D.D.C. 1999),

3

refuting every aspect of his Objections, and where the
Trustee was a party to that case, and thereby should
have known that his Objections are wholly "frivolous"?

This court concluded that *In re Hope* was of no relevance because it addressed tenancy by the entireties property, and the properties claimed exempt here, in contrast, were *not* tenancy by the entireties property. Yelverton has failed to articulate an issue that suggests a basis for showing that this court erred in concluding that no tenancy by the entireties property was involved.[1]

Next, Yelverton lists as an issue:

> (c) Whether the Objections of the Chapter 7 Trustee
> to the Exemptions are wholly "frivolous" on the basis of
> his actual Objection that they might interfere with his
> Settlement with the siblings of Yelverton, who are not
> Creditors of the Debtor Estate, in view of established
> case law in *In Re Fournier*, 169 B.R. 282, 283-284
> (Bkrtcy. D. Conn. 1994), holding that an Amended
> Exemption may not be disallowed solely because the
> Trustee relied upon the original Exemption Schedule in
> administering the Estate, and holding that prejudice to
> Creditors does not necessarily result when Exemptions are
> Amended after Assets have come into the Trustee's
> control, but before any distributions to Creditors have
> been made; and *In Re Agee*, 456 B.R. 740, 743 (Bkrtcy.
> M.D.N.C. 2011), holding that there is no prejudice to the
> Debtor Estate because an Amended Exemption if allowed

---

[1] *In re Hope* also involved a discussion of a division of marital property by the Superior Court of the District of Columbia in a divorce proceeding, and Yelverton continually confused the concept of tenancy by the entireties property with the concept of marital property. Any such award of marital property to Yelverton's former spouse, if such award is effective against the bankruptcy estate, would result in the property not being estate property subject to exemption. The court's order addressed only what property of the estate could be exempted.

4

would result in property being Exempted from the Debtor Estate?

As this court held, Yelverton's exemptions do not interfere with the settlement with Yelverton's siblings, so this is a non-issue. The court disallowed exemptions on the merits, not on the basis of the trustee having been prejudiced by the belated amendment of the exemption claims.

Next, Yelverton lists as an issue:

> (d) Whether the continuing Objections of the Chapter 7 Trustee to the Exemptions are wholly "frivolous" in view of the Debtor's representations to pay the legal fees and costs of the Trustee in pursuing the Settlement, which would be Non-Dischargeable and would come from the Exempted property?

I construe this as a contention that the trustee ought not have settled with Yelverton's siblings, and should have litigated the claims against the siblings, because Yelverton was willing to be obligated to cover the trustee's litigation fees and costs. Yelverton is financially strapped as is evidenced by his seeking a waiver of fees under § 1930(f). The trustee was not required to pursue litigation against Yelverton's siblings, instead of settling, based on a promise by Yelverton to cover the fees and costs of litigation when it was obviously doubtful that Yelverton could perform on that promise. Moreover, the order approving the settlement remains in place and cannot be revisited via Yelverton's asserting an exemption.

Finally, Yelverton raises as an issue:

5

>       (e) Whether the decisions of the Bankruptcy court
>   are erroneous in view of it wholly relying upon the
>   "frivolous" Objections of the Chapter 7 Trustee in
>   denying the Exemptions?

That does not articulate an issue with an arguable basis in law and in fact.

Accordingly, I still conclude that no issue with an arguable basis in law and fact has been stated and that the appeal is thus not being pursued in good faith. Therefore, relief under § 1915(a) would be inappropriate.

An appeal to the district court is taken in the same manner as an appeal in a civil action to the court of appeals from the district court. 28 U.S.C. § 158(c)(2). Accordingly, as in the case of an appeal from the district court to the court of appeals, Yelverton is free to seek relief under § 1915(a) from the district court as the appellate court even though this court has denied § 1915(a) relief. *See Wooten v. District of Columbia Metropolitan Police Dept.*, 129 F.3d 206, 207 (D.C. Cir. 1997) ("Under Rule 24(a), if a district court denies a litigant leave to appeal in forma pauperis, the litigant may file a motion in the court of appeals to proceed in that status within 30 days after service of notice of the district court's action.").

II

Yelverton seeks also to revisit the denial of a waiver under 28 U.S.C. § 1930(f). As this court previously noted, Yelverton's appeal is doomed to fail. Yelverton has not provided me with any

basis for concluding that he will pursue an issue on appeal that has an arguable basis in law and fact. In that circumstance, this court was fully authorized, and remains fully authorized, in the exercise of its discretion under § 1930(f) to deny Yelverton a waiver of the filing fee for the appeal. Under the statute, when certain circumstances exist, the court "may" waive fees; the statute does not provide that the court "shall" waive fees.

                              III

For all of these reasons, it is

ORDERED that Yelverton's *Motion to Vacate Decision Per Rule 59(e)* filed on March 27, 2013, is DENIED. It is further

ORDERED that the clerk shall immediately transmit a copy of this order to the district court, as the appellate court, for the order to be available in the event that Yelverton pursues a motion in the district court for leave to pursue the appeal in forma pauperis.

                              [Signed and dated above.]

Copies to: Debtor; recipients of e-notification of filings.

7