The document below is hereby signed.

Signed: April 24, 2013



*S. Martin Teel Jr.*

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STEPHEN THOMAS YELVERTON, | ) | Case No. 09-00414 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DENYING APPLICATION
TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS

On April 15, 2013, the debtor, Yelverton, filed a notice of appeal to the district court from this court's:

- *Memorandum Decision Re Debtor's Motion to Vacate Order Re: 11 U.S.C. 363 (i)* (Dkt. No. 621) entered April 3, 2013;

- *Order Denying Debtor's Motion to Vacate Order Re: 11 U.S.C. 363 (i)* (Dkt. No. 622) entered April 3, 2013; and

- *Order Denying Debtor's Motion for Leave to Submit Notice to the Chapter 7 Trustee Re: Proposed Sale of Property Under 11 U.S.C. 363 (i)* (Dkt. No. 617) entered March 29, 2013.

He seeks to have this court grant him leave to prosecute that

appeal without having prepaid the appellate filing fees. The motion will be denied.

I

The matters appealed relate to Yelverton's attempt to set aside a transfer authorized as part of the settlement approved by this court. He contends that such a transfer requires the court to apply 11 U.S.C. § 363(i) before such a transfer can be effective. As this court explained in the *Memorandum Decision Re Debtor's Motion to Vacate Order Re: 11 U.S.C. 363 (i)* (Dkt. No. 621) entered April 3, 2013:

> The settlement (and the transfer called for by the settlement) remain approved (albeit the subject of a pending appeal), and unless the order approving the settlement is vacated, the court cannot undo the settlement based on Yelverton's contentions regarding his former spouse's interest in the property and regarding her rights under § 363(i).

Yelverton's appeal is therefore frivolous, and, indeed, this court would be barred while the appeal of the settlement is pending from undoing the approval of the settlement and of the transfer called for by the settlement.

Accordingly, a discretionary waiver of appeal filing fees pursuant to 28 U.S.C. § 1930(f) is unwarranted. Under the statute, when certain circumstances exist, the court "may" waive fees; the statute does not provide that the court "shall" waive fees.

2

II

Yelverton expressly does not invoke 28 U.S.C. § 1915(a) in seeking to appeal from the bankruptcy court without prepaying the filing fees for the appeal.  In any event, even taking account of Yelverton's Rule 8006 statement of issues on appeal, Yelverton has failed to identify an issue he would pursue on appeal that has an arguable basis in law and fact as required for a waiver of appeal fees to be granted under § 1915(a).  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cortorreal v. United States*, 486 F.3d 742, (2d Cir. 2007); *Sills v. Bureau of Prisons*, 761 F.2d 792, 794 (D.C. Cir. 1985).  Unless the order approving the settlement is vacated, the belated attempt to invoke § 363(i) comes to late: if that order is affirmed, the transfer will stand approved.  If the order is vacated, then Yelverton can invoke § 363(i) when the trustee attempts anew to obtain approval of a

transfer of the property.[1]

### III

For all of these reasons, it is

ORDERED that Yelverton's *Application to Proceed in District Court Without Prepaying Fees or Costs* (Dkt. No. 630) filed on April 15, 2013, is DENIED.  It is further

ORDERED that when the clerk transmits the record on appeal, the clerk shall transmit a copy of this order to the district court, as the appellate court.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of filings.

---

[1] Yelverton is free to seek a § 1915(a) waiver from the district court.  As this court explained with respect to another motion Yelverton filed:

> An appeal to the district court is taken in the same manner as an appeal in a civil action to the court of appeals from the district court. 28 U.S.C. § 158(c)(2). Accordingly, as in the case of an appeal from the district court to the court of appeals, Yelverton is free to seek relief under § 1915(a) from the district court as the appellate court even though this court has denied § 1915(a) relief. *See Wooten v. District of Columbia Metropolitan Police Dept.*, 129 F.3d 206, 207 (D.C. Cir. 1997) ("Under Rule 24(a), if a district court denies a litigant leave to appeal in forma pauperis, the litigant may file a motion in the court of appeals to proceed in that status within 30 days after service of notice of the district court's action.").