The document below is hereby signed.

Signed: May 6, 2013



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                                )
                                     )
STEPHEN THOMAS YELVERTON,             )   Case No. 09-00414
                                     )   (Chapter 7)
        Debtor.                       )   Not for publication in
                                     )   West's Bankruptcy Reporter.

MEMORANDUM DECISION AND ORDER DENYING
MOTION TO VACATE DECISION RE FEE WAIVER

On April 15, 2013, the debtor, Yelverton, filed a notice of appeal to the district court from this court's:

- *Memorandum Decision Re Debtor's Motion to Vacate Order Re: 11 U.S.C. 363 (i)* (Dkt. No. 621) entered April 3, 2013;

- *Order Denying Debtor's Motion to Vacate Order Re: 11 U.S.C. 363 (i)* (Dkt. No. 622) entered April 3, 2013; and

- *Order Denying Debtor's Motion for Leave to Submit Notice to the Chapter 7 Trustee Re: Proposed Sale of Property Under 11 U.S.C. 363 (i)* (Dkt. No. 617) entered March 29, 2013.

The court entered an order (Dkt. No. 639) denying Yelverton's

motion to have this court grant him leave to prosecute that appeal without having prepaid the appellate filing fees. He has now filed a motion to vacate that denial of a fee waiver. The motion will be denied.

I

Yelverton's appeal is frivolous for reasons the court previously explained in denying the motion for a fee waiver.[1] Because the appeal is frivolous, a discretionary waiver of fees under 11 U.S.C. § 1930(f) would be inappropriate.

II

For the same reason, a waiver under 28 U.S.C. § 1915(a) would be inappropriate, all as explained in the court's prior

---

[1] In short, the matters appealed relate to Yelverton's attempt to set aside a transfer authorized as part of a settlement approved by this court (with the approval of the settlement being the subject of another appeal). The transfer stands so long as the approval of the settlement stands. The transfer could not be undone by invoking § 363(i) after the transfer was already approved.

decision denying a waiver of the filing fees.[2]

### III

Yelverton has not posted security for paying the filing fees. Previously, pursuant to the maximum amount allowed to be exempted under 11 U.S.C. § 522(d)(5), Yelverton exempted $11,200 of the prospective proceeds of the aforementioned settlement, an exemption to which the trustee had no objection, and this court

---

[2] Yelverton is free to seek a § 1915(a) waiver from the district court. As this court explained with respect to another motion Yelverton filed:

> An appeal to the district court is taken in the same manner as an appeal in a civil action to the court of appeals from the district court. 28 U.S.C. § 158(c)(2). Accordingly, as in the case of an appeal from the district court to the court of appeals, Yelverton is free to seek relief under § 1915(a) from the district court as the appellate court even though this court has denied § 1915(a) relief. *See Wooten v. District of Columbia Metropolitan Police Dept.*, 129 F.3d 206, 207 (D.C. Cir. 1997) ("Under Rule 24(a), if a district court denies a litigant leave to appeal in forma pauperis, the litigant may file a motion in the court of appeals to proceed in that status within 30 days after service of notice of the district court's action.").

I assume that he is also free to seek a § 1930(f) waiver from the district court. **If Yelverton does pursue a § 1915(a) waiver from the district court, he is reminded that he must identify an issue he would pursue on appeal that has an arguable basis in law and fact as required for a waiver of appeal fees to be granted under § 1915(a).** *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827 (1989); *Cortorreal v. United States*, 486 F.3d 742, 743 (2d Cir. 2007); *Sills v. Bureau of Prisons*, 761 F.2d 792, 794 (D.C. Cir. 1985). **The same standard would presumably apply as well to any request to the district court for a waiver under 28 U.S.C. § 1930(f) in order to assist the district court in its exercise of discretion under § 1930(f).**

initially thought (with respect to a fee waiver request regarding another appeal by Yelverton) that an irrevocable assignment of that exemption to the extent necessary to secure the appeal fees could be a way of posting security for the appeal fees.[3] Upon further reflection, if an exemption of the settlement proceeds were still a source for securing payment of the appeal fees, the court believes that it ought not approve such an assignment as security for the appeal fees **in an appeal that has no merit**. The approval of the settlement is still on appeal, the trustee has not yet been paid under the settlement, Yelverton has repeatedly switched exemptions, and it would be administratively burdensome for the clerk to monitor and administer such an odd form of security.[4]

Moreover, Yelverton no longer is asserting an exemption of the settlement proceeds under § 522(d)(5), and thus that is no longer a source for posting security for the appeal fees. He has since amended his exemptions:

---

[3] The exemption is limited to $11,200 based on the date on which Yelverton commenced this bankruptcy case.

[4] Nevertheless, if the appeal were not frivolous, the court would insist, as a condition to allowing the appeal to proceed without payment of the appeal fees, that Yelverton make an irrevocable assignment to the clerk, in an amount equal to the appeal fees, of whatever portion (if any) of the proceeds of estate assets that the trustee would otherwise distribute to Yelverton at the end of the case. Yelverton ought not be allowed a free ride when he stands to be able to exempt $11,200 of proceeds in the case.

- no longer to assert an exemption under § 522(d)(5) with respect to the settlement proceeds; and
- to assert instead an exemption under § 522(d)(5) with respect to the so-called Maxwell production contract.

The trustee has not sold the Maxwell production contract and there have been suggestions in this bankruptcy case that the production contract is of dubious value.  The trustee may well decide that, given the $11,200 exemption that would be allowed as to any proceeds of the production contract, he should abandon the it to Yelverton in satisfaction of Yelverton's § 522(d)(5) exemption claim instead of attempting to sell the production contract.  Yelverton's exemption rights with respect to the Maxwell production contract, exemption rights of questionable value, would obviously not be an appropriate source of security for the payment of the filing fees.

                                III

For all of these reasons, it is

ORDERED that Yelverton's *Motion to Vacate Decision re: Fee Waiver* (Dkt. No. 645) filed on April 30, 2013, is DENIED.

                                        [Signed and dated above.]

Copies to: Debtor; recipients of e-notification of filings.