The document below is hereby signed.

Signed: July 16, 2013



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
STEPHEN THOMAS YELVERTON,          )   Case No. 09-00414
                                   )   (Chapter 7)
            Debtor.                )   For publication in West's
                                   )   Bankruptcy Reporter.

MEMORANDUM DECISION AND ORDER DENYING
MOTION TO VACATE ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

The debtor, Yelverton, has filed a *Motion to Vacate Order Re: Bank of America* (Dkt. No. 665) timely seeking under Fed. R. Bankr. P. 9023 to have this court vacate its order granting Bank of America, N.A. relief from the automatic stay to permit the bank to cause the commencement of a foreclosure sale of real property located in Hertford, North Carolina.

The debtor's amended *Schedule D - Creditors Holding Secured Claims* (Dkt. No. 494) scheduled Bank of America as holding a secured claim for $81,000 against the property, valued by the debtor on the schedules as worth $20,000, and did not list that claim as disputed (although he did schedule the debt as unliquidated). He contends that only PRLAP, Inc., the trustee under the deed of trust against the property, can initiate a

foreclosure sale.  He further contends that the bank "has moreover failed to demonstrate that it is the current record Owner of the Promissory Note or Mortgage."  On these bases, he contends that the bank has failed to show that it is an "aggrieved party" with standing under Article III of the Constitution to pursue a motion for relief from the automatic stay.

   The property has no equity, as conceded by the debtor, and the chapter 7 trustee, the entity charged with administering the estate for the benefit of creditors, did not oppose the bank's motion for relief from the automatic stay.  In the context of a chapter 7 bankruptcy case, that is significant with regard to whether a creditor alleging a secured interest in property has standing to pursue relief from the automatic stay based only on its assertion that it has an interest in the property and without actual proof that it in fact has an interest in the property. Specifically, in that context, there is no reason why the bank ought not be allowed to test that allegation of a right to foreclose outside of bankruptcy, without requiring it to make any evidentiary showing in that regard in seeking relief from the

automatic stay.[1]

As far as the interests of the estate are concerned, the debtor scheduled the property as lacking any equity, and the chapter 7 trustee did not see fit to oppose the bank's motion for relief from the automatic stay, signifying that granting relief from the automatic stay will have no impact on the trustee's administration of the estate.  Although the property has not been formally abandoned from the estate, the trustee has not seen any reason to object to the bank's pursuing a foreclosure sale that would divest the estate of title to the property.  In other words, it is of no concern to the trustee's administration of the estate whether the bank could adduce evidence to support its allegation that it has an interest in the property.  Moreover, the debtor has not articulated any reason why the bank's attempt to foreclose on this asset will have any impact on the

---

[1] Many courts state that to establish standing to obtain stay relief, a creditor in a chapter 7 case needs to show that it has a colorable claim to the property.  For the most part, however, courts apply this rule only where the chapter 7 trustee has questioned the standing of the creditor to seek relief from the automatic stay. *See In re Sears*, No. 12-32315, 2013 WL 2147803, at *1, *7 (Bankr. W.D.N.C. May 16, 2013); *In re Marron*, 455 B.R. 1, 3 (Bankr. D. Mass. 2011), *reconsideration denied,* No. 10-45395-MSH, 2011 WL 3800040 (Bankr. D. Mass. Aug. 29, 2011), and *appeal dismissed*, 485 B.R. 485 (D. Mass. 2012); *In re Vogler*, No. 09-11489, 2009 WL 4113704, at *3 (Bankr. M.D.N.C. Nov. 25, 2009).  *But see In re Lippold,* 457 B.R. 293, 295 (Bankr. S.D.N.Y. 2011) (denying the creditor's motion for relief from stay on the ground that it did not have standing, even though neither the debtor nor the chapter 7 trustee nor any other party had opposed the motion for relief from stay).  Here, the chapter 7 trustee has not opposed the motion for relief from stay.

administration of the estate.  All the debtor is attempting to do is to slow the process down.

There is no bankruptcy reason why the property ought not be subjected to whatever claims any entity may assert against it. And there is no bankruptcy reason why this court should devote scarce judicial resources to addressing questions of evidence that will have no impact on the administration of the estate.  In such a setting, the court should leave to a nonbankruptcy forum the issue of whether the bank has authority to proceed with a foreclosure sale.  Here, the bank's mere assertion that it has an interest in the property (which coincidentally is supported by the debtor's own schedules) is sufficient to confer standing on it to pursue foreclosure as it would outside of bankruptcy if no bankruptcy case were pending.[2]  In *Smith v. Atl. S. Bank (In re Smith)*, --- Fed. App'x ----, 2013 WL 3287111, at *4 (11th Cir. June 28, 2013), the court held that a bank had constitutional standing at the time it filed its motion for relief from stay because the allegations in its motion that it was a secured creditor and that its interest in the real property was not adequately protected demonstrated that it had a "'tangible financial interest' in getting the [property] out from under the

---

[2]  The trustee's decision not to seek to bar relief from the stay in order to deal with the property in his administration of the estate additionally constitutes cause under 11 U.S.C. § 362(d)(1) to permit the bank to pursue its alleged interest in the property.

4

jurisdiction of the bankruptcy court so that it could foreclose on the property, and that interest was sufficient to confer Article III standing." *In re Smith*, --- Fed. App'x ---, 2013 WL 3287111, at *4. The court held that the bank also had statutory standing "because it alleged that it had a secured claim to payment, such that it was a creditor, as defined by the Bankruptcy Code. *See* 11 U.S.C. § 101(5)(A), (10)(A)." *Id.*

To elaborate, because the trustee decided that the property is not worth protecting from any attempt at foreclosure, there is no bankruptcy reason not to subject the property to whatever rights any party has against the property under nonbankruptcy law. Specifically, there is no bankruptcy reason not to let the bank pursue its alleged right to cause the initiation of a foreclosure sale against the property. Outside of bankruptcy, the bank could pursue its alleged interest and no bankruptcy reason exists to continue to stay pursuit of that alleged interest. The debtor remains free to attempt to show in a nonbankruptcy forum that the bank does not hold the note or otherwise have a right to cause a foreclosure sale to ensue, but the debtor's challenge to the bank's right to seek to foreclose is no reason to keep the automatic stay in place. *See In re Kilpatrick*, 160 B.R. 560, 563 (Bankr. E.D. Mich. 1993) (nonbankruptcy forum is the "more appropriate context" in which to adjudicate a debtor's challenges to whether the entity seeking

5

relief from the automatic stay in fact has a claim).

    For all of these reasons, it is

    ORDERED that Yelverton's *Motion to Vacate Order Re: Bank of America* (Dkt. No. 665) is DENIED.

                                            [Signed and dated above.]

Copies to: Debtor; recipients of e-notification of filings.