The document below is hereby signed.

Signed: September 4, 2013



_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
STEPHEN THOMAS YELVERTON,          )   Case No. 09-00414
                                   )   (Chapter 7)
        Debtor.                    )   Not for publication in
                                   )   West's Bankruptcy Reporter.

MEMORANDUM DECISION RE DEBTOR'S
MOTION TO VACATE MEMORANDUM DECISION

The debtor has filed a motion to vacate this court's *Memorandum Decision* of August 27, 2013. The motion will be denied.

I

First, Yelverton asserts that part III of the *Memorandum Decision* improperly raised new matters. That part of the *Memorandum Decision*, however, merely responded to Yelverton's contention that the court's prior decision had been made without evidentiary support. The court was not raising new matters, but instead explaining how the prior rulings were supported by the evidentiary record in this long drawn out bankruptcy case.

II

Next, Yelverton points to an e-mail in which the Chapter 7 trustee stated: "Why don't I ask the family (Edmundson/Marm) to agree that the pig farm Lease will not be renewed as part of the Settlement, and if it is renewed I reserve the right to reevaluate Mr. Yelverton's share of the business."  This is new evidence that is presented for the first time more than a year after entry of the order approving the settlement.  Raising it now is time-barred under Rule 60(c)(1).  It does not establish a fraud upon the court under the restrictive interpretation of Rule 60(d)(3) in this circuit, see *Baltia Air Lines, Inc. v. Transaction Mgmt., Inc.*, 98 F.3d 640, 642 (D.C. Cir. 1996), such as not to be subject to the time-bar of Rule 60(c)(1).

In any event, on the merits, the e-mail proves nothing that assists Yelverton in attacking the settlement.  Yelverton contends that the e-mail demonstrates "perjury that the Trustee had obtained the highest possible price, but where instead the Trustee had intentionally acted to obtain the lowest possible price. . . ."  In that regard, he also contends that "if the Court had known that this intention to <u>not</u> renew the Lease had instead been contrived and induced by Chapter 7 Trustee to artificially lower the value of the Debtor Estate to <u>nothing</u>, it could <u>not</u> have approved the Settlement as a matter of Bankruptcy law."  (Emphasis in original.)  I fail to see how the e-mail

2

shows any such contrivance by the trustee, or an intention to act to obtain the lowest possible price. It is consistent with his recognizing, on the one hand, the reality that Marm and Edmundson could elect not to renew the lease but his thinking, on the other hand, that perhaps the settlement terms should include an adjustment of the settlement amount owed the bankruptcy estate upward if the lease *was* renewed.

### III

Finally, Yelverton points to an e-mail in which counsel for Edmundson and Marm indicated an intention that the settlement bar *any* claims by Yelverton (not only those that had become property of the bankruptcy estate). Such evidence, however, cannot overcome the terms of the settlement agreement under which the release of claims did not (and could not) extend to postpetition claims of Yelverton that had not become property of the estate.

### IV

An order follows.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of filings.

R:\Common\TeelDMM\NMC\Decisions\Yelverton\Yelverton - Mem Decsn re Mtn to Vacate Order Denying 2d Mtn to Vacate Order Approving Settlement_final3.wpd

3