The document below is hereby signed.

Signed: September 10, 2013



*S. Martin Teel, Jr.*
*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STEPHEN THOMAS YELVERTON, | ) | Case No. 09-00414 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER DENYING
DEBTOR'S MOTION TO VACATE ORDER SUSPENDING RESPONSE DEADLINES

Under consideration is the debtor's *Motion to Vacate Order Suspending Response Deadlines*. The court's order does not deprive the debtor of access to this court. It was designed to protect the trustee and certain other parties from having to respond to motions filed by the debtor unless the court first determines that the motions ought not be denied without awaiting a response. The court's record is replete with instances in which the debtor has pursued frivolous, untimely, or procedurally improper motions, including frivolous motions seeking to vacate orders based on arguments that could have been presented at the hearings leading to the orders. See, for example, the following motions that sought to vacate prior orders:

| Docket No. of Motion | Docket No. of Memorandum Decision Addressing Motion |
|---|---|
| 118 | 137[1] |
| 150 and 172 | 264[2] |
| 331 | 355[3] |
| 362[4] | 372[5] |
| 483 | 506[6] |
| 555 | 564[7] |

---

[1] Dismissing the procedurally improper motion.

[2] "The motions revisit the same issues that were addressed by the court's decision issued in denying the debtor's original motion to impose such sanctions against Atkinson." Dkt. No. 264 at 1.

[3] Noting at 6 that "these are arguments and evidence that Yelverton could have presented at the confirmation hearing and, consequently, are not a proper basis for his motion."

[4] Seeking to vacate Dkt. No. 355 which denied an earlier motion to vacate (Dkt. No. 331).

[5] "Yelverton could have raised these issues in opposing the motion to convert, and ought not be allowed belatedly to raise them now." Dkt. No. 372 at 2.

[6] Noting at 5 that "it is too late for the debtor to inject a new issue into the proceeding" and noting at 23 that "[t]he debtor raises other arguments regarding the adequacy of the settlement, but those arguments are an attempt to re-argue points already disposed of in the court's oral decision approving the settlement."

[7] Noting at 4 that "the court finds that there is no clear error in its *Memorandum Decision and Order Striking Debtor's Demand for Jury Trial*."

| | |
|---|---|
| 595 | 596[8] |
| 611 | 613[9] |
| 619 | 621[10] |
| 666 | 681[11] |
| 693 | 695[12] |
| 702 | 704[13] |

Of these motions, five (Dkt. Nos. 483, 619, 666, 693, and 702) were motions that sought to vacate the order that approved the settlement that has disposed of the single significant asset of the estate being administered in this bankruptcy case. The court's order suspending response deadlines seeks, in part, to protect the trustee and parties to the settlement from having to

---

[8] Rejecting one of the debtor's arguments as nonsense, and another as confusing the concept of marital property with the concept of tenancy by the entireties property.

[9] Noting at 2-3 the debtor's failure to identify in his motion to vacate an issue he intends to pursue on appeal that has an arguable basis in law and fact as required for a waiver of appeal fees to be granted under § 1915(a).

[10] Noting at 2 that "Yelverton has now filed a frivolous motion (*Motion to Vacate Order re: 11 U.S.C. 363(i)*) seeking to have the court vacate [the order approving the settlement]."

[11] Noting at 2 that "[t]he issues Yelverton raises could have been raised when he objected to the proposed settlement. He has no[t] acted within a reasonable time."

[12] Denying Dkt. No. 693, which sought to vacate the order (Dkt. No. 681) denying the earlier motion (Dkt. No. 666) that sought under Rule 60(b) to vacate the order approving the settlement.

[13] Rejecting motion as time-barred.

respond to any further frivolous motions seeking to attack the settlement.  The order extends beyond that, however, because the debtor's vexatious motions have extended beyond that.  Yelverton's vexatious litigiousness threatens to cause the estate to incur attorney's fees that will exhaust the proceeds of that settlement.

In accordance with the foregoing, it is

ORDERED that the debtor's *Motion to Vacate Order Suspending Response Deadlines* is DENIED.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of filings.