The document below is hereby signed.

Signed: September 13, 2013



_S. Martin Teel, Jr._
_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STEPHEN THOMAS YELVERTON, | ) | Case No. 09-00414 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
DENYING APPLICATION TO WAIVE APPEAL FEES

The debtor Yelverton has filed under the above-indicated Case Number an *Application to Proceed in District Court Without Prepaying Fees or Costs* relating to a notice of appeal (Dkt. No. 716) filed on September 10, 2013. The *Application* uses a pre-printed form that is captioned at the top as an application filed in the district court, but the bankruptcy case is pending in this court. The *Application* seeks a waiver of the fees for pursuing an appeal, but the pre-printed form used by Yelverton is inapplicable to appeals from the bankruptcy court (as the form applies to the filing of a complaint or petition in the district court, not appeals).

Even with the hand-printed changes Yelverton has made to the form, it does not address a critical element of any application

for a waiver of appeal fees.  Specifically, to obtain a waiver under 28 U.S.C. § 1915(a) of the appeal fees, an appellant must identify an issue she would pursue on appeal that has an arguable basis in law and fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cortorreal v. United States*, 486 F.3d 742, 743 (2d Cir. 2007); *Sills v. Bureau of Prisons*, 761 F.2d 792, 794 (D.C. Cir. 1985).  Yelverton has been reminded of that requirement repeatedly with respect to other appeals, yet Yelverton's *Application* is silent regarding what issues he would pursue on appeal.

The appeal relates to orders denying untimely and meritless motions under Fed. R. Civ. P. 60(b) with respect to an order, entered on August 8, 2012, denying Yelverton's motion to vacate an order approving a settlement entered in this case.[1]  The appeals are frivolous:

- The motions--filed on July 14, 2013; August 22, 2013; and September 3, 2013--were not filed, as required by Rule 60(c)(1), within a reasonable time after entry on August 8, 2012, of the order denying the motion to vacate the order approving the settlement (and the last two, to the extent raising new grounds for Rule 60(b)

---

[1] The order approving the settlement and the related order denying Yelverton's motion to vacate the order approving the settlement are on appeal already (pending in the district court as Civil Action No. 12-1539).

      relief not presented by the first motion, were absolutely time-barred under Rule 60(c)(1) as filed more than a year after entry of that order).[2]

- On the merits, the motions presented arguments plainly refuted by the record in this bankruptcy case. For example, Yelverton speculated that political pressure was brought to bear on the trustee causing him to decline Yelverton's offer to litigate the North Carolina litigation on behalf of the estate. But Yelverton's track record of frivolous filings in the case demonstrated that any trustee would have wisely and prudently rejected that offer.

I conclude that no issue with an arguable basis in law and fact has been stated and that the appeal is thus not being pursued in

---

    [2] Yelverton asserted that the motions were not untimely because they are based on fraud on the court, but binding precedent of the court of appeals for this circuit made clear that his allegations did not establish fraud on the court. *See Baltia Air Lines, Inc. v. Transaction Mgmt., Inc.*, 98 F.3d 640, 642 (D.C. Cir. 1996) ("Fraud on the court ... is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury." (Quoting *Bulloch v. United States*, 721 F.2d 713, 718 (10th Cir. 1983)).

good faith.  Therefore, relief under § 1915(a) must be denied.[3]

The *Application* states that it is governed by 28 U.S.C. § 1930(f), and not 28 U.S.C. § 1915(a).  Relief under § 1930(f) is inappropriate as well.  That statute provides that the court *may* waive fees if the debtor meets certain standards. Without Yelverton having articulated a basis for concluding that he will pursue an issue on appeal that has an arguable basis in law and fact, the sound exercise of discretion requires a denial of the *Application.*  Yelverton is in error in asserting that the court can only consider his financial circumstances in ruling on a § 1930(f) request.

It is accordingly

ORDERED that the *Application to Proceed in District Court Without Prepaying Fees or Costs* (Dkt. No. 716) is DENIED.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of filings.

---

[3] An appeal to the district court is taken in the same manner as an appeal in a civil action to the court of appeals from the district court. 28 U.S.C. § 158(c)(2).  Accordingly, as in the case of an appeal from the district court to the court of appeals, Yelverton is free to seek relief under § 1915(a) from the district court as the appellate court even though this court has denied § 1915(a) relief.  *See Wooten v. D.C. Metro. Police Dept.*, 129 F.3d 206, 207 (D.C. Cir. 1997) ("Under Rule 24(a), if a district court denies a litigant leave to appeal in forma pauperis, the litigant may file a motion in the court of appeals to proceed in that status within 30 days after service of notice of the district court's action.").