The document below is hereby signed.

Signed: September 19, 2013



_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STEPHEN THOMAS YELVERTON, | ) | Case No. 09-00414 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
DENYING APPLICATION TO WAIVE APPEAL FEES

On September 15, 2013, the debtor Yelverton filed under the above-indicated Case Number an *Application to Proceed in District Court Without Prepaying Fees or Costs* (Dkt. No. 731). The *Application* accompanied a *Corrected Amended Notice of Appeal Re: Vacating Judgment* (Dkt. No. 730) filed the same day.

I

I will treat the *Application* as seeking an order from this court, in the first instance, waiving the fees for pursuing

appeals.[1]  Although I am denying the *Application*, Yelverton is free to file an application for waiver in the district court upon entry of this order.[2]

The *Application* uses a pre-printed form that is captioned at the top as an application filed in the district court, but the bankruptcy case is pending in this court.  The *Application* bears the Case Number for this bankruptcy case (not a blank Miscellaneous Number or blank Civil Action Number signifying a filing in the District Court with respect to an appeal not yet

---

[1] Yelverton has filed an original notice of appeal (Dkt. No. 715) and three amendments of that notice of appeal (Dkt. Nos. 718, 729, and 730).  As discussed later, two of the amended notices of appeal must be treated as separate appeals because each appealed an order that is unrelated to the matters previously appealed.  The fees for each appeal total $298.  The fees for an appeal are the $5 fee imposed by 28 U.S.C. § 1930(c) and the $293 fee imposed by item 14 of the Bankruptcy Court Miscellaneous Fee Schedule promulgated by the Judicial Conference.

[2] An appeal to the district court is taken in the same manner as an appeal in a civil action to the court of appeals from the district court.  28 U.S.C. § 158(c)(2).  Accordingly, as in the case of an appeal from the district court to the court of appeals, Yelverton is free to seek relief under § 1915(a) from the district court as the appellate court even though this court has denied a waiver of fees. *See Wooten v. D.C. Metro. Police Dept.*, 129 F.3d 206, 207 (D.C. Cir. 1997) ("Under Rule 24(a), if a district court denies a litigant leave to appeal in forma pauperis, the litigant may file a motion in the court of appeals to proceed in that status within 30 days after service of notice of the district court's action.").  Similarly, it stands to reason that an appellant who thinks she is entitled to a waiver of appeal fees pursuant to 28 U.S.C. § 1930(f) can apply in the district court for a waiver under that provision after the bankruptcy court has denied a waiver of appeal fees under that provision.

docketed there).  Accordingly, the *Application* was properly docketed by the clerk in this court as a filing in the bankruptcy case.

Moreover, the issue the *Application* raises is properly presented in the first instance to the bankruptcy court. "Ordinarily . . . a request for leave to proceed *in forma pauperis* must first be made to the trial court . . . ." *Perry v. Sec'y of Hous. & Urban Dev. (In re Perry)*, 223 B.R. 167, 169 (B.A.P. 8th Cir. 1998).  *See also In re Watkins*, 2011 WL 6117343, at *1 (Bankr. W.D. Mo. March 4, 2012) (debtor "correctly" filed his application with the Bankruptcy Court rather than with the Bankruptcy Appellate Panel); *Valente v. Donahue*, 2004 WL 1454355 (N.D. Ill. June 28, 2004) (Bankruptcy Court should review *in forma pauperis* filings to determine if appeals are filed in good faith).  That approach adopted by the courts applies to any application for a waiver of the appeal fees under 28 U.S.C. § 1915(a) and logically ought to apply as well to any request for a discretionary waiver under 28 U.S.C. § 1930(f).

II

I have already denied the debtor's request for a waiver of appeal fees with respect to the orders that were appealed by the original *Notice of Appeal Re: Vacating Judgment*.  *See Memorandum Decision and Order Denying Application to Waive Appeal Fees* (Dkt. No. 723).  Accordingly, what remains to be addressed is whether

Yelverton is entitled to a waiver of appellate fees for pursuing appeals of the additional matters Yelverton has appealed via the three amended notices of appeal. For the sake of clarity, it may be useful to list the four notices of appeal and what they address:

| **Notice of Appeal** | **Orders and Decisions Appealed** |
|---|---|
| *Notice of Appeal Re: Vacating Judgment* (Dkt. No. 715) | Decisions and orders addressing Yelverton's efforts to obtain Rule 60 relief regarding this court's approval of a settlement.[3] |
| *Amended Notice of Appeal Re: Vacating Judgment* (Dkt. No. 718) | Appealed same orders and decisions as the original *Notice of Appeal*, and added to the orders being appealed the *Memorandum Decision and Order Denying Debtor's Motion to Vacate Order Suspending Response Deadlines* (Dkt. Nos. 713 & 714). |
| *Amended Notice of Appeal Re: Vacating Judgment* (Dkt. No. 729) | Appealed same orders and decisions as the two prior notices of appeal and added to the orders being appealed the *Order Denying Application to Waive Appeal Fees* (Dkt. No. 723). |
| *Corrected Amended Notice of Appeal Re: Vacating Judgment* (Dkt. No. 730) | Appealed same orders and decisions as the first *Amended Notice of Appeal* (Dkt. No. 718). The primary difference between Dkt. No. 730 and Dkt. No. 718 is that Dkt. No. 730 makes reference to the accompanying *Application* seeking a waiver, not previously sought, of the appeal fees for pursuing the appeal of the *Decision and Order Denying Debtor's Motion to Vacate Order Suspending Response Deadlines*. |

The later of the four notices of appeal address two new matters:

---

[3]  The items appealed were Dkt. Nos. 681, 682, 695, 696, 703, and 704.

4

- The first *Amended Notice of Appeal Re: Vacating Judgment* (Dkt. No. 718), and the *Corrected Amended Notice of Appeal Re: Vacating Judgment* (Dkt. No. 730) appeal for the first time the *Decision and Order Denying Debtor's Motion to Vacate Order Suspending Response Deadlines* (Dkt. No. 714).

- The second *Amended Notice of Appeal Re: Vacating Judgment* (Dkt. No. 729) appeals for the first time the *Order Denying Application to Waive Appeal Fees* (Dkt. No. 723).

Accordingly, I must address whether Yelverton should be excused from paying fees for pursuing the appeals of those two additional matters to the extent the *Application* seeks such a waiver.

A.

By using the device of an amended notice of appeal, Yelverton cannot avoid the fees for pursuing appeals of new orders that address different matters. As explained in *Byrd v. Branigan*, 2006 WL 4458702, at *5 (D. Md. Nov. 29, 2006):

> An amended notice of appeal may be filed under certain circumstances. For example, if a party files a notice of appeal before the court rules on a timely filed motion to reconsider, the notice of appeal may be amended to include review of the court's decision on the motion to reconsider. See 10 COLLIER ON BANKRUPTCY, ¶ 8002.08 at 8002-14. Here, the Appellants sought to amend the notice of appeal to include a completely different order. In *In re Rozerk Farms, Inc.*, the district court found that "an appellant must file a separate notice of appeal for each bankruptcy court's final order or judgment with which the appellant disagrees." *In re Rozerk Farms, Inc.*, 139 B.R.

463 (E.D .Mo. 1992).

*Accord*, *Ammons v. Gerlinger*, 547 F.3d 724, 726 (7th Cir. 2008) ("That order was independently appealable, and a second notice of appeal-and hence a second fee-was essential.")[4]

B.

The original *Notice of Appeal* dealt only with the decisions and orders disposing of the debtor's request for relief under Rule 60 of the Federal Rules of Civil Procedure with respect to an order, entered on August 8, 2012, denying Yelverton's motion

---

[4] *See also Russell v. Pugh*, 143 Fed. Appx. 408, 411, 2005 WL 1621172, at *3 (3d Cir. July 12, 2005):

> As we have stated in no uncertain terms, an appeal from an order denying a motion for relief from a judgment under Rule 60 brings up only the correctness of the order denying that motion, not the underlying order. *Torres v. Chater*, 125 F.3d 166, 168 (3d Cir. 1997). Thus, Russell was obligated to file separate notices in order to appeal both the underlying order of dismissal and the District Court's subsequent order denying his Rule 60(b) motion.

6

to vacate an order approving a settlement entered in this case.[5] The first *Amended Notice of Appeal* and the *Corrected Amended Notice of Appeal* sought to add as an order being appealed, the completely extraneous *Memorandum Decision and Order Denying Debtor's Motion to Vacate Order Suspending Response Deadlines* (Dkt. Nos. 713 & 714), which denied a motion seeking to vacate an order that relieved the trustee and certain other parties from the obligation to respond to *future filings* unless otherwise ordered by the court.  That *Order Suspending Response Deadlines* (Dkt. No. 706) did not address the issue of granting Rule 60 relief with respect to the order approving the settlement.  The order dealt with the issue of *future filings*, not the issue of whether the debtor should be relieved from the earlier order approving the settlement.  Accordingly, the *Amended Notice of Appeal Re: Vacating Judgment* must be treated as a notice of appeal commencing a new and unrelated appeal, concerning the

---

[5] The order approving the settlement and the related order denying Yelverton's motion to vacate the order approving the settlement are on appeal already, pending in the district court as Civil Action No. 12-1539.

Although Yelverton took an interlocutory appeal to the court of appeals from an interim order entered by the district court, the court of appeals has stayed that interlocutory appeal pending the district court's disposition of Civil Action No. 12-1539. *See* Dkt. No. 24 in Civil Action No. 12-1539, a copy of the court of appeals order, which recites:

> The parties are directed to file motions to govern further proceedings within 30 days after the district court's disposition of Civil Action No. 12-1539.

7

*Memorandum Decision and Order Denying Debtor's Motion to Vacate Order Suspending Response Deadlines*, and as therefore requiring payment of the fees for an appeal.

C.

Similarly, the second *Amended Notice of Appeal* (Dkt. No. 729) added the *Order Denying Application to Waive Appeal Fees* (Dkt. No. 723) (which denied a waiver of fees for pursuing the appeal of the Rule 60 rulings). The denial of the application for a waiver of appeal fees denied relief that was separate and distinct from the Rule 60 relief Yelveton sought. Accordingly, Yelverton was required to pay the appeal fees for appealing the *Order Denying Application to Waive Appeal Fees*.[6]

However, the *Application* that *this* decision is addressing did not seek a waiver of the appeal fees with respect to the second *Amended Notice of Appeal*. The *Corrected Amended Notice of Appeal* made clear that the *Application*, filed therewith, relates to the appeal of the *Memorandum Decision and Order Denying*

---

[6] Nevertheless, Yelverton can pursue a waiver of appeal fees regarding the appeal of the Rule 60 rulings by filing an application in the district court for a waiver of the appeal fees. *See* n.2, *supra*. No fee will be owed for filing such an application. By using an appeal to review the bankruptcy court's denial of a waiver, Yelverton has unnecessarily complicated the proceedings because an appeal requires a designation of a record and issues on appeal, and the opening of a docket for the appeal in the district court, as well as the filing of briefs. Filing an application in the district court for a waiver of fees would not entail all of those complicated steps.

*Debtor's Motion to Vacate Order Suspending Response Deadlines*. Accordingly, I need not address whether a waiver of appeal fees for the second *Amended Notice of Appeal* would be appropriate. However, because no such appeal was required in order to seek the relief sought by the appeal (*see* n.6, *supra*), it would hardly seem appropriate to grant a discretionary waiver of the fees for such a needless appeal.

### III

The *Application* seeks a waiver of the fees for pursuing an appeal of the *Memorandum Decision and Order Denying Debtor's Motion to Vacate Order Suspending Response Deadlines*, but the pre-printed form used by Yelverton is inapplicable to appeals from the bankruptcy court (as the form applies to the filing of a complaint or petition in the district court, not appeals). Even with the hand-printed changes Yelverton has made to the form, it does not address a critical element of any application for a waiver of appeal fees when a waiver is sought under 28 U.S.C. § 1915(a). Specifically, to obtain a waiver under § 1915(a) of the appeal fees, an appellant must identify an issue she would pursue on appeal that has an arguable basis in law and fact (the test for ascertaining whether the appeal is pursued in good faith). *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cortorreal v. United States*, 486 F.3d 742, 743 (2d Cir. 2007); *Sills v. Bureau of Prisons*, 761 F.2d 792, 794 (D.C. Cir. 1985).

The *Application* attempts to avoid that requirement by invoking 28 U.S.C. § 1930(f) as the basis for seeking a waiver. That attempt must fail.

First, § 1915(a), as the provision of Title 28 specifically dealing with waiver of the fee for pursuing an appeal, is the controlling statute. It permits a discretionary waiver for an indigent appellant unable to pay the appeal fees (as long as the appeal is taken in good faith) and applies to all appellants from a bankruptcy court order (whether they be debtors or other parties). In contrast, § 1930(f) addresses *all* court fees in a bankruptcy case, and is limited to debtors in chapter 7 cases. It sets a financial circumstances test a debtor must meet before a court may grant a *discretionary waiver* of a court fee. There is no evidence that the provision was intended to create a safe harbor for chapter 7 debtors as appellants from the requirement of § 1915(a) that an appellant must identify an issue she would pursue on appeal that has an arguable basis in law and fact if the court is to grant a discretionary waiver.

In any event, § 1930(f) grants discretionary authority to the court in deciding whether to waive a fee. That discretion is obviously abused when the bankruptcy court waives a fee for pursuing a frivolous appeal. The sound exercise of discretion mandates denying a waiver when the appellant fails to identify an issue she would pursue on appeal that has an arguable basis in

law and fact.  Yelverton is in error in asserting that the court can only consider his financial circumstances in ruling on a § 1930(f) request.

IV

The appeal of the *Memorandum Decision and Order Denying Debtor's Motion to Vacate Order Suspending Response Deadlines* is frivolous.  Yelverton argues in the *Corrected Amended Notice of Appeal* that the *Order Suspending Response Deadlines* violates *In re Powell*, 851 F.2d 427 (D.C. Cir. 1988).[7]  However, that decision dealt with an injunction against filing papers in a court.  Here, in contrast, the court has not enjoined Yelverton from filing papers but, instead, has suspended the time for the trustee (and other parties to the settlement that is the subject of an earlier appeal pending in the district court as Civil Action No. 12-1539) to respond to motions filed by Yelverton until the court has directed that a response be filed.  The court has recently been able to dispose of many of Yelverton's motions without awaiting a response.

The order was entered after Yelverton repeatedly filed frivolous papers in this case, papers identified in the *Memorandum Decision and Order Denying Debtor's Motion to Vacate*

---

[7] Yelverton should have included that argument in the *Application* itself, not in the *Corrected Amended Notice of Appeal*.  A notice of appeal is not the document in which arguments in favor of a fee waiver should be made.  Nevertheless, I will consider the argument in disposing of the *Application*.

*Order Suspending Response Deadlines* (Dkt. Nos. 713 & 714). Even if the order had been an injunction, *Powell* is distinguishable because, in contrast to *Powell*, the court made substantive findings as to the frivolous and harassing nature of Yelverton's actions. *See Kaempfer v. Brown*, 872 F.2d 496, 496 (D.C. Cir. 1989). Yelverton argues in the *Corrected Amended Notice of Appeal* that the court "only found that the Debtor is zealous and litigious in the defense of his interests and that of his Creditors," but that is not the case: the *Memorandum Decision and Order Denying Debtor's Motion to Vacate Order Suspending Response Deadlines* (Dkt. Nos. 713 & 714) carefully enumerated examples of frivolous and harassing filings Yelverton has made.

  Moreover, Yelverton has not been deprived of any right under the court's Local Bankruptcy Rules. Although those LBRs include a deadline for filing an opposition to a motion (LBR 9013-1), they additionally provide in LBR 9029-1 that the court may suspend that rule. Suspending LBR 9013-1 was an appropriate exercise of the court's discretion in this case. Yelverton has plagued the other parties with frivolous filings. The court has denied a number of motions filed by Yelverton without awaiting a response, and it made sense to relieve the trustee (and the other parties to the settlement) from having to undertake preparing responses to motions if the court was frequently denying the motions without awaiting a response. As the court explained:

>      The court's order suspending response deadlines seeks, in part, to protect the trustee and parties to the settlement from having to respond to any further frivolous motions seeking to attack the settlement. The order extends beyond that, however, because the debtor's vexatious motions have extended beyond that. Yelverton's vexatious litigiousness threatens to cause the estate to incur attorney's fees that will exhaust the proceeds of that settlement.

*Memorandum Decision and Order Denying Debtor's Motion to Vacate Order Suspending Response Deadlines* (Dkt. Nos. 713 & 714) at 3-4.[8]

I fail to see how Yelverton has any arguable basis in law and fact for contending that the bankruptcy court committed error in suspending the response time for the trustee (and the other parties to the settlement) with regard to future motions filed by Yelverton. Without Yelverton having articulated a basis for concluding that he will pursue an issue on appeal that has an arguable basis in law and fact, the sound exercise of discretion requires a denial of the *Application*.

---

[8] The court's order was particularly appropriate in the bankruptcy context. By way of analogy, see *In re Linton*, 136 F.3d 544, 545 (7th Cir. 1998), upholding the continued vitality of the doctrine that leave of the bankruptcy court must be obtained before suing a liquidating trustee in state court for acts done in the trustee's official capacity, a doctrine designed to protect the estate and to avoid distraction and intimidation of the trustee. Here, it was similarly justified to enter an order, not barring Yelverton from filing motions against the trustee (and the other parties to the above-mentioned settlement), but merely suspending the response time regarding such a motion (until the court decides whether the motion warrants a response), thereby protecting those parties against whom Yelverton has in the past filed frivolous and harassing motions.

V

It is accordingly

ORDERED that the *Application to Proceed in District Court Without Prepaying Fees or Costs* (Dkt. No. 731) is DENIED.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of filings.