The document below is hereby signed.

Signed: September 24, 2013



_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                                )
                                     )
STEPHEN THOMAS YELVERTON,            )   Case No. 09-00414
                                     )   (Chapter 7)
                  Debtor.            )   Not for publication in
                                     )   West's Bankruptcy Reporter.

MEMORANDUM DECISION AND ORDER REGARDING THE TRANSMITTAL OF
THE *AMENDED NOTICE OF APPEAL RE: VACATING JUDGMENT* (DKT.
NO. 718) AND OF THE *CORRECTED AMENDED NOTICE OF APPEAL RE:
VACATING JUDGMENT* (Dkt. No. 730) AND NOTING THE FAILURE OF THE
DEBTOR TO PAY THE APPEAL FEES FOR FILING THOSE NOTICES OF APPEAL

The debtor Yelverton has filed a confusing set of notices of appeal. The purpose of this *Memorandum Decision and Order* is to alert the district court to this court's views regarding the issue of appeal fees owed in connection with the appeal pursued by the *Amended Notice of Appeal Re: Vacating Judgment* (Dkt. No. 718), and the *Corrected Amended Notice of Appeal Re: Vacating Judgment* (Dkt. No. 730). It also provides guidance to the clerk in transmitting the appeal pursued by those filings.

I

FAILURE TO PAY THE APPEAL FEES

A. *Appeal Fees Are Owed*

Yelverton has not paid the appeal fees owed for filing a notice of appeal in the case of these two notices of appeal (Dkt. Nos. 718 & 730).  This court has denied the debtor's application for a waiver of the appeal fees, without prejudice to the debtor's right to file a request for waiver of the appeal fees with the district court.  *See Memorandum Decision and Order Denying Application to Waive Appeal Fees* (Dkt. No. 737 entered September 19, 2013).  These two notices of appeal take an appeal for the first time from the *Memorandum Decision and Order Denying Debtor's Motion to Vacate Order Suspending Response Deadlines* (Dkt. No. 714).  *Id.* at 4-5.  They also purport to appeal certain other orders, but the debtor already appealed those orders by the *Notice of Appeal Re: Vacating Judgment* (Dkt. No. 715).  *Id.* Because Dkt. Nos. 718 and 730 appeal a new order, they must be treated as pursuing an appeal separate from the appeal sought by the debtor's earlier *Notice of Appeal Re: Vacating Judgment* (Dkt. No. 715), and as requiring payment of the appeal fees charged for filing a notice of appeal.  *Id.* at 5-8.

        B.   *The $298 in Fees for Filing a Notice of Appeal Are Owed Only Once*

The two notices of appeal (Dkt. Nos. 718 & 730) are essentially identical, with the only significant difference being

2

that the latter notice (Dkt. No. 730) adds various arguments (which do not belong in a notice of appeal) regarding the propriety of waiving the appeal fees for pursuing the appeal commenced by the earlier notice (Dkt. No. 718). Those arguments belonged in the application (Dkt. No. 731) that accompanied the latter notice (Dkt. No. 730) and that sought a waiver of the appeal fees. Those arguments were treated as advanced in support of that application, and were rejected.[1] The question remains, however, whether the $298 in appeal fees is owed only once for the filing of these related notices, or if each filing triggered separate fees.[2]

Rule 8002(b) does not answer the question. Rule 8002(b) requires that an amended notice of appeal be filed if an appellant who has already appealed a judgment is to appeal an order disposing of a related timely motion under Rule 7052 or 9023 or an order disposing of a related motion filed under Rule 9024 within 14 days after entry of the judgment. Rule 8002(b) provides that no fee is to be charged for filing such an amended notice of appeal. It cannot be read as exempting all amended

---

[1] The application was denied by the *Memorandum Decision and Order Denying Application to Waive Appeal Fees* (Dkt. No. 737). Yelverton remains free to file an application for a waiver of appeal fees in the district court.

[2] The fees charged for filing a notice of appeal total $298 (consisting of the $5 fee imposed by 28 U.S.C. § 1930(c) and the $293 fee imposed by item 14 of the Bankruptcy Court Miscellaneous Fee Schedule promulgated by the Judicial Conference).

notices of appeal.  *See Memorandum Decision and Order Denying Application to Waive Appeal Fees* (Dkt. No. 737 entered September 19, 2013) at 5-6, discussing *Byrd v. Branigan*, 2006 WL 4458702, at \*5 (D. Md. Nov. 29, 2006); *Ammons v. Gerlinger*, 547 F.3d 724, 726 (7th Cir. 2008); and *Russell v. Pugh*, 143 Fed. Appx. 408, 411, 2005 WL 1621172, at \*3 (3d Cir. July 12, 2005).  *See also In re Rozark Farms, Inc.*, 139 B.R. 463 (E.D. Mo. 1992).

The *Corrected Amended Notice of Appeal Re: Vacating Judgment* (Dkt. No. 730) does not address an order of the type mentioned in Rule 8002(b).  At the same time, however, it does not address any order other than what the earlier *Amended Notice of Appeal Re: Vacating Judgment* (Dkt. No. 718) addressed.  The *Corrected Amended Notice of Appeal* was wholly unnecessary.  Because the two notices of appeal are an appeal of but one order, they can be viewed as a single appeal for which only $298 in appeal fees are owed.  The clerk ought not treat them as giving rise to two appeals and two appeal fees of $298 each.[3]

---

[3] This is largely an academic point.  Even if the two notices of appeal were docketed in the district court as separate appeals and the district court were to dismiss the appeal docketed pursuant to the later notice of appeal (Dkt. No. 730), based on failure of Yelverton to pay $298 in appeal fees as to that later notice of appeal, Yelverton would still be able to pursue the appeal of the *Memorandum Decision and Order Denying Debtor's Motion to Vacate Order Suspending Response Deadlines* pursuant to the appeal docketed pursuant to the earlier notice of appeal (Dkt. No. 718) if he pays the $298 in appeal fees owed for the filing of that earlier notice of appeal.

4

II

THE TRANSMITTAL OF THE NOTICES OF APPEAL

The two notices of appeal, in my view, should not lead to the opening in the district court of one docket for the first notice of appeal (Dkt. No. 718) and the opening in the district court of another docket for the second notice of appeal (Dkt. No. 730).[4] The clerk should transmit the *Amended Notice of Appeal Re: Vacating Judgment* (Dkt. No. 718), and the *Corrected Amended Notice of Appeal Re: Vacating Judgment* (Dkt. No. 730) as a single appeal. In making the transmission, the clerk should treat the two notices of appeal as appealing a new matter (the *Memorandum Decision and Order Denying Debtor's Motion to Vacate Order Suspending Response Deadlines* (Dkt. No. 714)), and treat the appeal as separate from any of the debtor's other appeals, noting that the appeal is an appeal of the *Memorandum Decision and Order Denying Debtor's Motion to Vacate Order Suspending Response Deadlines* (Dkt. No. 714). The transmittal of any appeal commenced by the other notices of appeal will be dealt with by a separate order.

III

It is

---

[4] The district court, however, as the appellate court, has the ultimate authority to decide upon receipt of the transmission of the two notices of appeal whether the two notices of appeal should be docketed instead as two separate appeals.

ORDERED that, in due course after the time to designate the record under Fed. R. Bankr. P. 8006 has expired, the clerk shall transmit the *Amended Notice of Appeal Re: Vacating Judgment* (Dkt. No. 718), and the *Corrected Amended Notice of Appeal Re: Vacating Judgment* (Dkt. No. 730) as a single appeal of a new matter, namely, an appeal of the *Memorandum Decision and Order Denying Debtor's Motion to Vacate Order Suspending Response Deadlines* (Dkt. No. 714), and as an appeal separate from any appeal commenced by other notices of appeal.  It is further

ORDERED that as part of the record on appeal, the clerk shall transmit:

- a copy of this *Memorandum Decision and Order*;
- a copy of the *Memorandum Decision and Order Denying Application to Waive Appeal Fees* (Dkt. No. 737 entered September 19, 2013); and
- for informational purposes only (and not as appeals in and of themselves) copies of:
    ▸ the *Notice of Appeal Re: Vacating Judgment* (Dkt. No. 715); and
    ▸ the second *Amended Notice of Appeal Re: Vacating Judgment* (Dkt. No. 729).
    as pertinent to the issue of fees.

                                                    [Signed and dated above.]

Copies to: Debtor; recipients of e-notification of filings.

R:\Common\TeelRW\MWC\Decisions\Velverton\Velverton - Mem Decsn and Order re Fees for and Transmittal of Two Notices of Appeal Appealing Same Order V4.wpd

6