The document below is hereby signed.

Signed: October 22, 2013



*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STEPHEN THOMAS YELVERTON, | ) | Case No. 09-00414 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DENYING *DEBTOR'S FEE
WAIVER APPLICATION FOR AMENDED NOTICE OF APPEAL RE: FEE WAIVER*

The debtor Yelverton has filed *Debtor's Fee Waiver Application for Amended Notice of Appeal Re: Fee Waiver* (Docket No. 776). He seeks a waiver of the appeal fees for the *Amended Notice of Appeal Re: Fee Waiver* (Docket No. 754). That *Amended Notice of Appeal Re: Fee Waiver* is a complete waste. Pending in the district court as *Yelverton v. Webster*, Civil Action No. 13-1545, it appeals the *Memorandum Decision and Order Denying Application to Waive Appeal Fees* (Docket No. 737) (Sept. 19, 2013). That appeal was utterly unnecessary. As I have repeatedly warned Yelverton, review of a bankruptcy court's denial of an application to waive appeal fees:

- is sought via filing in the district court, and on the docket of the appeal for which a fee waiver is sought,

> a renewed application for a waiver of the appeal fees, and
>
> - is *not* sought by filing a notice of appeal from the bankruptcy court's order denying the fee waiver, thereby clogging the district court's docket because the unnecessary notice of appeal necessitates the opening of a new docket, assigned a new Civil Action Number, in the district court.[1]

Yelverton ought not obtain a waiver of the appeal fees for filing a wholly unnecessary appeal that serves to clog the district court's docket with yet another Civil Action.

Moreover, Yelverton has not demonstrated that this appeal, seeking to reverse a bankruptcy court order as allegedly erroneous, has any merit.  As I have previously noted, to obtain a waiver of appeal fees, an appellant must identify an issue she would pursue on appeal that has an arguable basis in law and fact (the test for ascertaining whether the appeal is pursued in good

---

[1] As I indicated in the very order being appealed, the *Memorandum Decision and Order Denying Application to Waive Appeal Fees* (Docket No. 737), at 8 n.6:

> By using an appeal to review the bankruptcy court's denial of a waiver, Yelverton has unnecessarily complicated the proceedings because an appeal requires a designation of a record and issues on appeal, and the opening of a docket for the appeal in the district court, as well as the filing of briefs.  Filing an application in the district court for a waiver of fees would not entail all of those complicated steps.

faith). *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cortorreal v. United States*, 486 F.3d 742, 743 (2d Cir. 2007); *Sills v. Bureau of Prisons*, 761 F.2d 792, 794 (D.C. Cir. 1985). Yelverton has not identified an issue that he would pursue on appeal that has an arguable basis in law and fact.  The bankruptcy court's decision to deny a waiver of appeal fees was a discretionary decision, and Yelverton has not shown any abuse of that discretion.  He would be better advised to apply anew in the district court for a fee waiver, an application that the district court would decide de novo, instead of having proceeded by way of an appeal that addresses whether the bankruptcy court abused its discretion.

    Yelverton proposes an assignment of Yelverton's exemption amounts as security for paying the fees.  That would present a complex form of security that would be difficult for the clerk's

office to administer.[2]  The proposed assignment is thus unacceptable to the court.  That is more so the case when, additionally, the appeal is utterly unnecessary and frivolous.

It is thus

ORDERED that *Debtor's Fee Waiver Application for Amended Notice of Appeal Re: Fee Waiver* (Docket No. 776) is DENIED.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of filings.

---

[2] As I stated with respect to another fee waiver request by Yelverton:

> [T]he court believes that it ought not approve such an assignment as security for the appeal fees **in an appeal that has no merit**. The approval of the settlement is still on appeal, the trustee has not yet been paid under the settlement, Yelverton has repeatedly switched exemptions, and it would be administratively burdensome for the clerk to monitor and administer such an odd form of security.

*Memorandum Decision and Order Denying Motion to Vacate Decision Re Fee Waiver* (Docket No. 650) (May 6, 2013) at 4.  In the accompanying footnote, I stated:

> Nevertheless, if the appeal were not frivolous, the court would insist, as a condition to allowing the appeal to proceed without payment of the appeal fees, that Yelverton make an irrevocable assignment to the clerk, in an amount equal to the appeal fees, of whatever portion (if any) of the proceeds of estate assets that the trustee would otherwise distribute to Yelverton at the end of the case. Yelverton ought not be allowed a free ride when he stands to be able to exempt $11,200 of proceeds in the case.

*Id.* at 4 n.4.

R:\Common\TeelRW\MWC\Decisions\Yelverton\Yelverton - Memo Decsn re Deny Waiver of Appeal Fee for Appeal of Denial of Waiver of Appeal Fee.wpd

4