The document below is hereby signed.

Signed: November 14, 2013



_S. Martin Teel, Jr._
_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STEPHEN THOMAS YELVERTON, | ) | Case No. 09-00414 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DENYING
DEBTOR'S MOTION TO VACATE ORDER DENYING LEAVE TO
PURSUE APPEAL IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS

By his *Motion to Vacate Decision Re: Appeal Fee Waiver* (Dkt. No. 784) filed on November 6, 2013, the debtor, Yelverton, seeks to have this court vacate its *Memorandum Decision and Order Denying Debtor's Fee Waiver Application for Amended Notice of Appeal Re: Fee Waiver* (Dkt. No. 779) entered October 23, 2013.

I

Yelverton's *Motion* (Dkt. No. 784) seeks to vacate an order denying a waiver of fees for an appeal (Dkt. No. 754) of an order (Dkt. No. 738) that itself denied a waiver of fees for an appeal (Dkt. No. 729) of various orders, including an order (Dkt. No. 724) that denied a waiver of fees for an earlier appeal (Dkt. No. 715). In denying the *Motion*, I will first elaborate on my prior

ruling that no waiver of fees should be allowed.

A.

Taking an appeal from an order of this court denying an application to waive appeal fees was utterly unnecessary, and only serves to clog the district court's docket.  Yelverton's appeal of this court's order was unnecessary because he was free to file a motion in the district court (as the appellate court) for a *de novo* determination of whether leave to appeal *in forma pauperis* should be granted.  Appeals to the district court from the bankruptcy court "shall be taken in the same manner as appeals in civil proceedings generally are taken to courts of appeals from the district courts . . . ." 28 U.S.C. § 158(c)(2). As stated in *Wooten v. District of Columbia Metropolitan Police Department*, 129 F.3d 206, 208 (D.C. Cir. 1997):

> Under Rule 24(a) [of the Federal Rules of Appellate Procedure], if a district court [acting as the court whose ruling is being appealed] denies a litigant leave to appeal *in forma pauperis*, the litigant may file a motion in the court of appeals [as the appellate court] to proceed in that status within 30 days after service of notice of the district court's action.

Accordingly, Yelverton may file a motion in the district court (as the appellate court) for *de novo* review of whether Yelverton should be permitted to pursue his appeal *in forma pauperis*. Allowing a waiver of fees for an unnecessary appeal would be an abuse of discretion.

B.

Moreover, pursuing an appeal of this court's denial of a waiver of appeal fees is procedurally improper.  As explained by the Advisory Committee Note (1967) to Rule 24(a):

> The final paragraph establishes a subsequent motion in the court of appeals [as the appellate court], rather than an appeal from the order of denial . . . as **the proper procedure** for calling in question the correctness of the action of the district court. The simple and expeditious motion procedure seems clearly preferable to an appeal.

(Emphasis added.)  Because 28 U.S.C. § 158(c)(2) requires Yelverton to pursue his appeal in the same manner as an appeal of a district court order, a motion in the district court (as the appellate court) "rather than an appeal from the order of denial" is "the proper procedure" for reviewing the bankruptcy court's denial of leave to appeal *in forma pauperis*.  No waiver of appeal fees should be allowed for a procedurally improper notice of appeal.

II

Yelverton's motion to vacate raises arguments he did not raise in his application.  First, he argues that this court was not authorized to act on a 28 U.S.C. § 1915(a) request.  As the court has noted previously (in ruling on a request by Yelverton for waiver of fees for pursuing an unrelated appeal):

> If Yelverton were right [that the bankruptcy court cannot grant a § 1915 request], that would mean that this court committed no error in deciding that it ought not grant Yelverton leave under § 1915 to take an appeal without

3

> prepaying the filing fees.
> 
> Yelverton is wrong in contending that this court lacked authority to act on his § 1915(a) request. He contends that this court is not a "court of the United States" as defined in 28 U.S.C. § 451, and thus may not hear and decide a § 1915 motion. A bankruptcy court, however, is a unit of the district court, which is a "court of the United States" as defined in 28 U.S.C. § 451, and the bankruptcy court, by way of referral under 28 U.S.C. § 157, exercises the district court's jurisdiction under 28 U.S.C. § 1334 (and no other jurisdiction). Accordingly, a bankruptcy court has the authority to issue in bankruptcy cases orders which by statute may be granted by the district court in bankruptcy cases as a "court of the United States." *See In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 105 (3d Cir. 2008) (the bankruptcy court "is a unit of the district court, which is a 'court of the United States,' and thus the bankruptcy court comes within the scope of § 451."). Although *Perroton v. Gray (In re Perroton)*, 958 F.2d 889, 893–96 (9th Cir. 1992), and other decisions have held that a bankruptcy court lacks authority to waive filing fees under 28 U.S.C. § 1915(a), those decisions, as recognized by *In re Schaefer Salt Recovery, Inc.,* and by this court in *In re McGuirl*, 2001 WL 1798478 (Bankr. D.D.C. Nov. 30, 2001), are unpersuasive.

*Memorandum Decision and Order Denying Debtor's Motion to Vacate Order Denying Leave to Pursue Appeal in District Court Without Prepaying Fees or Costs* (Dkt. No. 613) (dated March 28, 2013, and entered March 29, 2013).

As noted previously, appeals to the district court from the bankruptcy court "shall be taken in the same manner as appeals in civil proceedings generally are taken to courts of appeals from the district courts . . . ." 28 U.S.C. § 158(c)(2). When the district court acts as a trial court, Fed. R. App. P. 24(a) requires that an appellant seeking to proceed *in forma pauperis* must file an application to proceed *in forma pauperis* in the

district court as the trial court. Here, § 158(c)(2) requires Yelverton to proceed "in the same manner," namely, by filing an application to proceed *in forma pauperis* in the bankruptcy court as the trial court. This is a recognition that the bankruptcy court is intended to be able to pass on a § 1915(a) application when an appeal is taken from the bankruptcy court. That in turn demonstrates that the bankruptcy court, as a unit of the district court, is authorized to exercise the powers of the district court as a "court of the United States" with respect to matters referred to the bankruptcy court.

### III

Yelverton also argues that the appeal divested this court of authority to act further on the proceeding, and, in particular, divested this court of authority to opine on the merits of the appeal. However, Fed. R. App. P. 24(a) (applicable to appeals from the district court as a trial court) requires that a waiver of appeal fees must be sought in the first instance from the trial court. Here, § 158(c)(2) requires Yelverton to proceed "in the same manner," namely, by filing an application in the bankruptcy court, as the trial court, to appeal *in forma pauperis*. The trial court must then examine the merits of the appeal (*i.e.*, examine whether it has an arguable basis in law or in fact) in deciding whether the appeal is pursued in bad faith because it is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325

5

(1989).

### III

Finally, Yelverton argues that is seeking a waiver under 28 U.S.C. § 1930(f), not 28 U.S.C. § 1915(a), and that under § 1930(f) there is no discretion to deny a waiver of the appeal fees if the debtor is indigent. Yelverton is entitled to seek a waiver of fees under either § 1915(a) or § 1930(f). He is wrong in contending that there is no discretion to deny a waiver of fees for an indigent debtor sought under § 1930(f). Section 1930(f)(2) provides:

> The district court or the bankruptcy court **may** waive for such debtors [meeting income standards set forth in § 1930(f)(1) and being unable to pay the fee in installments] other fees prescribed under subsections (b) and (c) [the subsections pursuant to which appeal fees are prescribed].

(Emphasis added.) The word "may" means that the court has discretion to deny a waiver of fees. Here, where an appeal of an order denying a waiver of fees was unnecessary (because Yelverton can apply *de novo* in the district court for a waiver of fees), and procedurally improper (because a motion in the district court for *de novo* consideration of the issue of a waiver is the proper procedure), it would be an abuse of discretion to grant a waiver of fees. Yelverton is no more entitled to a waiver of fees under § 1930(f) than he is under § 1915(a).

### IV

It is

6

ORDERED that *Debtor's Motion to Vacate Decision Re: Appeal Fee Waiver* (Dkt. No. 784) is DENIED.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of filings.