The document below is hereby signed.

Signed: January 6, 2014



S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
STEPHEN THOMAS YELVERTON,          )      Case No. 09-00414
                                   )      (Chapter 7)
              Debtor.              )      Not for publication in
                                   )      West's Bankruptcy Reporter.

MEMORANDUM DECISION RE *MOTION TO ENFORCE
DOMESTIC RELATIONS JUDGMENT AGAINST PROPERTY OF THE DEBTOR ESTATE*

The debtor Yelverton's *Motion to Enforce Domestic Relations
Judgment Against Property of the Debtor Estate* must be denied for
the following reasons.

I

Yelverton alleges that a final judgment has been entered in
the Superior Court of the District of Columbia awarding domestic
support to his former spouse, Alexandra Senyi de Nagy-Unyom.  He
seeks to have the trustee pay that domestic support obligation,
and asserts that:

> Under 11 U.S.C. 507(a)(1)[(A)], Ms. Senyi is a first
> priority Bankruptcy Creditor over the claims of the
> Chapter 7 Trustee, and over all other Creditors and
> "interested" persons, as to being paid her Claims from
> the property of the Debtor Estate.

*Motion* ¶ 13.  That is an erroneous assertion in light of 11

U.S.C. § 507(a)(1)(C), which provides:

> If a trustee is appointed or elected under section 701,
> 702, 703, 1104, 1202, or 1302, the administrative
> expenses of the trustee allowed under paragraphs
> (1)(A), (2), and (6) of section 503(b) **shall be paid
> before payment of claims under subparagraphs (A) and
> (B)**, to the extent that the trustee administers assets
> that are otherwise available for the payment of such
> claims.

[Emphasis added.]  Such claims entitled to priority over the

domestic support obligation owed Senyi include the trustee's

attorney's fees.  Litigation in this case continues, so the

amount of attorney's fees that will be awarded has not yet been

determined.  The court cannot direct payment to Senyi on her

claim until all of the trustee's administrative expense claims

are fixed.

Yelverton notes that 11 U.S.C. § 362(b)(2)(C) provides an

exception to the automatic stay "with respect to the withholding

of income that is property of the estate or property of the

debtor for payment of a domestic support obligation under a

judicial or administrative order or a statute."  That is beside

the point.  The automatic stay and its exceptions are irrelevant.

A motion filed in the bankruptcy court to address what payments

the trustee is obligated to make under the Bankruptcy Code no

more violates the automatic stay than does the filing of a proof

of claim.  However, for reasons noted in the preceding paragraph,

Yelverton's motion flunks on the merits.[1]

II

Yelverton next argues that Senyi has an equitable lien on

the proceeds of the settlement regarding Yelverton's claims

relating to his shares in Yelverton Farms, Ltd.:

> 22.  On April 2, 2008, the Debtor executed a
> Promissory Note to Ms. Senyi, where she would be paid
> the first $100,000, from the sale of his stock in
> Yelverton Farms, Ltd., which subsequently became
> property of the Debtor Estate.  However, the sale did
> not occur. . . .
> 23. Where a breached contract identifies specific
> property of a person from which any another is to be
> paid, an unrecorded Common Law "equitable" lien arises
> on the identified property in favor of the thwarted

---

[1] Yelverton's belief that § 362(b)(2)(C) applies is misguided in
any event.  Section 362(b)(2)(C) only applies to income that is
subjected to withholding under a judicial or administrative order
or a statute, and Yelverton points to no such order or statute.
Moreover, Yelverton has had no income he earned that became
property of the estate, as chapter 7 does not include a provision
like 11 U.S.C. § 1115(a), and 11 U.S.C. § 348(f)(2) does not
apply because the case was never a chapter 13 case.  Even though
Yelverton earned income while the case was pending in chapter 11,
and § 1115(a) deemed that income to be property of the estate,
§ 1115(a) has no applicability in chapter 7.

With respect to the applicability of § 362(b)(2)(C) to
income that is property of the estate, it seems likely that
§ 362(b)(2)(C) concerns income of the debtor that becomes
property of the estate under § 1115(a) or § 1306(a), *not* income
earned by the estate itself (*e.g.*, interest earned on a bond that
is property of the estate).  This follows because Congress
probably viewed state courts as not having authority under state
law to direct a garnishment of property of someone other than the
debtor to pay the debtor's domestic support obligations.  The
income earned by the estate (as opposed to income earned by the
debtor that becomes property of the estate) never had the
character of being property of the debtor.

beneficiary, which here is Ms. Senyi. *In Re Aumiller*, 168 B.R. 811, 815-817 (Bkrtcy. D.D.C. 1994).

24. An unrecorded Common Law "equitable" lien takes priority over the claims of a Chapter 7 Trustee who has actual notice of the claim or lien as to the identified property. *In Re Hope*, 231 B.R. 403, 423-426 (Bkrtcy. D.D.C. 1999).

25. Where there is an unrecorded Common Law "equitable" lien on property, a person can only be a bona fide purchaser of it for valuable consideration, if such consideration is actually paid before the purchaser learns of this "equitable" lien on the property. *In Re Technical Land, Inc.*, 172 B.R. 429, 436 (Bkrtcy. D.D.C. 1994).

26. The parties to the Agreement with the Chapter 7 Trustee have had notice **since at least September 2010** of Ms. Senyi's priority Creditor Claims and her priority Common Law "equitable lien" on the property of the Debtor Estate.  Thus, under established Bankruptcy law, Ms. Senyi has priority over their claims to this property.

*Motion* ¶¶ 22-26.  [Emphasis added.] Yelverton claims to have

standing to raise this claim of an equitable lien on behalf of

Senyi because he will benefit if Senyi is found to have an

equitable lien.  Nevertheless, it is Senyi's claim, and she, not

Yelverton, must pursue the claim.  Otherwise the trustee could be

subjected to Yelverton's first suing on the claim and, even if

the trustee prevails, Senyi could sue on the claim later.

Yelverton may not assert a claim that belongs to Senyi even

though the matter may affect him.  *See In re Gosnell Dev. Corp.*

*of Arizona*, 221 B.R. 776, 780 (Bankr. D. Ariz. 1998) (finding

that the debtor lacked standing to assert the setoff and

recoupment defenses of a third party even though the debtor had

an interest in the matter).  "The Art. III judicial power exists

4

only to redress or otherwise to protect against injury to the
complaining party, even though the court's judgment may benefit
others collaterally." *Moses v. Howard Univ. Hosp.*, 606 F.3d 789,
794 (D.C. Cir. 2010) (quoting *Warth v. Seldin*, 422 U.S. 490, 499,
95 S. Ct. 2197, 2205, 45 L. Ed. 2d 343 (1975)); *see also Kowalski
v. Tesmer*, 543 U.S. 125, 129, 125 S. Ct. 564, 567, 160 L. Ed. 2d
519 (2004) ("We have adhered to the rule that a party generally
must assert his own legal rights and interests, and cannot rest
his claim to relief on the legal rights or interests of third
parties.") (internal quotation marks and citation omitted).

Moreover, on the merits, the existence of an equitable lien
must be tested as of the petition date in 2009, not as of
September 2010.  Under 11 U.S.C. § 544(a)(1), the trustee enjoys
the rights of a hypothetical judgment lien creditor as of the
date of the commencement of the bankruptcy case.  Section
544(a)(1) provides:

> (a) The trustee shall have, as of the commencement
> of the case, and without regard to any knowledge of the
> trustee or of any creditor, the rights and powers of,
> or may avoid any transfer of property of the debtor or
> any obligation incurred by the debtor that is voidable
> by-
> > (1) a creditor that extends credit to the
> > debtor at the time of the commencement of the
> > case, and that obtains, at such time and with
> > respect to such credit, a judicial lien on all
> > property on which a creditor on a simple contract
> > could have obtained such a judicial lien, whether
> > or not such a creditor exists.

The trustee's hypothetical judicial lien is superior to any other interest that is unperfected on the petition date. *Union Planters Bank, N.A. v. Burns (In re Gaylord Grain, L.L.C.)*, 306 B.R. 624, 630 (B.A.P. 8th Cir. 2004). Yelverton's *Motion* fails to articulate any basis upon which Senyi's alleged equitable lien was perfected against a hypothetical judgment lien creditor as of the petition date. A hypothetical judgment lien creditor would not have had any notice of Senyi's alleged equitable lien as of the petition date of May 14, 2009, and thus that equitable lien could not defeat the trustee's hypothetical judicial lien.

III

Yelverton asserts that:

> If Ms. Senyi should attempt to renounce or waive her Bankruptcy Creditor claims to be paid from property of the Debtor Estate, a presumption would arise that the Chapter 7 Trustee, and/or the parties to his Agreement, have entered into a Settlement with Ms. Senyi. Thus, any such Settlement must be presented to the Bankruptcy Court for public review and comment in order to be Approved.

*Motion* ¶ 28. Senyi has not yet attempted to renounce or waive the equitable lien that Yelverton asserts she possesses. In any event, Senyi's failure to pursue any such claim to an equitable lien does not amount to a settlement requiring approval by the court. Moreover, a one-sided settlement that benefits only the estate would be a settlement in the best interest of the estate and would be approved any way.

[Signed and dated above.]

Copies to: Debtor; Recipients of e-notification of orders.