The document below is hereby signed.

Signed: January 20, 2014



*S. Martin Teel, Jr.*

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                              )
                                   )
STEPHEN THOMAS YELVERTON,          )   Case No. 09-00414
                                   )   (Chapter 7)
           Debtor.                 )   Not for publication in
                                       West's Bankruptcy Reporter.
```

MEMORANDUM DECISION AND ORDER
DENYING MOTION TO MODIFY ORDER DISMISSING APPEAL

The court's order granting the debtor's Yelverton's motion to dismiss an appeal he had pursued indicated that Yelverton remains liable for the fees for filing the notice of appeal. Yelverton has now filed a motion seeking to vacate that provision of the order of dismissal.

Both the $5 fee under 11 U.S.C. § 1930(c) and the $293 fee under Bankruptcy Court Miscellaneous Fee Schedule item (14) are owed upon the filing of a notice of appeal. Yelverton is simply wrong in contending that the withdrawal of the notice of appeal relieves him from the obligation to pay the $298 in fees.

The appeal concerns orders relating to this court's refusal to waive the fees he incurred in pursuing other appeals, appeals that I found to be frivolous. The orders were well founded, and

the appeal of the orders was frivolous. Yelverton has not identified an issue that he would have pursued on appeal, if it had not been dismissed, that had an arguable basis in law and fact (the test for ascertaining whether the appeal is pursued in good faith). *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cortorreal v. United States*, 486 F.3d 742, 743 (2d Cir. 2007); *Sills v. Bureau of Prisons*, 761 F.2d 792, 794 (D.C. Cir. 1985). Accordingly, a waiver cannot be granted under 28 U.S.C. § 1915(a).

Moreover, the appeal was an utter waste: this court has repeatedly told Yelverton that if he questioned this court's denial of a request to waive appeal fees, his remedy was not to file an appeal but to file an application in the district court for the district court to consider, de novo, whether to grant a waiver of the fees. No discretionary waiver for an utterly wasteful appeal is appropriate under 28 U.S.C. § 1930(f) even if the debtor is utterly indigent.

It is thus

ORDERED that the debtor's *Motion to Alter or Amend Order Per Rule 59(e)* (Dkt. No. 815) is DENIED.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of filings.