The document below is hereby signed.

Signed: January 23, 2014

_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STEPHEN THOMAS YELVERTON, | ) | Case No. 09-00414 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DENYING DEBTOR'S MOTION
FOR STAY, PENDING APPEAL, OF ORDERS APPROVING SETTLEMENT

This addresses the debtor's *Motion to Stay the Effectiveness of the Bankruptcy Decisions Which Are Now on Appeal in Case No. 1:12-cv-1539* (Dkt. No. 814), which seeks a stay pending appeal of orders relating to the approval of a settlement. The *Motion* will be denied.

I

This is a case under chapter 7 of the Bankruptcy Code (11 U.S.C.) in which the trustee of the bankruptcy estate is Wendell W. Webster. The debtor Yelverton's assets that were in existence on the petition date became property of the estate under 11 U.S.C. § 541. Among those assets were Yelverton's shares of stock in Yelverton Farms, Ltd., and claims he asserted in a civil action in the United States District Court for the Eastern

District of North Carolina, and in adversary proceedings here, against Yelverton Farms, Phyllis Edmundson, Charles Edmundson, Deborah Marm and Walter Marm, Jr. ("the defendants").[1]  Pursuant to orders issued in June and August 2012, the court approved a full and complete settlement and release of all claims asserted by or against the debtor and the defendants in connection with the debtor's ownership interest in Yelverton Farms, Ltd.[2]  The settlement provides for the transfer of the debtor's stock to the defendants and the mutual release of all claims, in consideration of a cash payment to the bankruptcy estate in the amount of $110,000.  On August 13, 2012, Yelverton appealed the orders relating to the approval of the settlement, and the appeal is

---

[1]  The civil action and the adversary proceedings were commenced by Yelverton as a debtor in possession exercising the powers of a trustee under 11 U.S.C. § 1107(a) when this case was pending in chapter 11.  Once the case was converted to chapter 7, Yelverton was stayed by 11 U.S.C. § 362(a)(3) from pursuing the claims he was asserting, and Webster was substituted as the plaintiff in place of Yelverton.

[2]  The orders are:

*Order Granting Motion Pursuant to Federal Rule of Bankruptcy Procedure 9019 to Approve Settlement Agreement* (Dkt. No. 477 entered June 19, 2012);

*Order Denying Motion To Vacate Order Approving Settlement* (Dkt. No. 507 entered August 8, 2012); and

*Order Denying Debtor's Amended Motion to Compel Chapter 7 Trustee to Abandon Litigation Claims Under 11 U.S.C. 554(b)* (Dkt. No. 505 entered August 7, 2012).

Civil Action No. 12-1539 in the District Court.[3]

After this court entered the order approving the settlement on June 19, 2012, and after Yelverton filed a motion to vacate that order on July 3, 2012, Yelverton filed a series of amendments to his Schedule C (Property Claimed as Exempt) to claim, as relevant here, that the litigation claims and the stock in Yelverton Farms, Ltd. are exempt.  Webster objected to those claims of exemption, and the court sustained the objections except as to an exemption under 11 U.S.C. § 522(d)(5) of $11,200.[4]  Yelverton appealed the orders disposing of the trustee's objections to the claimed exemptions, and the appeal is Civil Action No. 13-454 in the District Court.

II

Yelverton seeks a stay of the orders approving the settlement (the subject of Civil Action No. 12-1539) pending the disposition of the appeal in Civil Action No. 13-454 in which Yelverton seeks a reversal of this court's orders sustaining

---

[3]  A related appeal is Civil Action No. 13-1544, appealing orders denying Yelverton's efforts to obtain relief under Fed. R. Civ. P. 60 from the orders that are on appeal in Civil Action No. 12-1539.  Yelverton does not urge that the issues raised by that appeal are a basis for granting a stay of the orders approving the settlement (the orders that are the subject of Civil Action No. 12-1539).

[4]  *See Memorandum Decision Re Cross Motions for Summary* Judgment (Dkt. No. 587 entered January 30, 2013) and *Order Re Cross Motions For Summary Judgment Regarding Objection to Exemptions* (Dkt. No. 588 entered January 30, 2013).

3

Webster's objections to Yelverton's attempt to exempt the shares in Yelverton Farms, Ltd. and the claims against the defendants. Yelverton contends that the exemptions of those assets will be upheld on appeal and will be retroactively effective as of the commencement of the bankruptcy case, such that the assets are not property of the estate that could be the subject of a settlement. For three reasons, Civil Action No. 13-454 ought not be viewed as a basis for staying the orders approving the settlement that are the subject of Civil Action No. 12-1539.[5]

>   A.  *Yelverton Cannot Attack the Orders Approving the Settlement Pursuant to an Argument (Based on Exemptions Belatedly Asserted After the Settlement Was Approved) That Was Not Raised Before the Bankruptcy Court as a Basis for Disapproving the Settlement.*

When this court approved the settlement, the debtor's shares in Yelverton Farms, Ltd. and his litigation claims against the defendants were unquestionably property of the estate. Yelverton raised no argument, either in opposition to the motion to approve the settlement or in support of his motion to vacate the order approving the settlement, based on those assets being exempt property. Indeed, he claimed them to be exempt only after the court held a lengthy hearing and issued an order approving the settlement, and only after Yelverton filed his motion to vacate

---

[5] Yelverton does not contend that he has a likelihood of success on any of the arguments he has raised in Civil Action No. 12-1539 as grounds for setting aside the orders approving the settlement.

that order.  The approval of the settlement cannot be undone on appeal by an argument that was not raised before this court as the trial court whose orders are being reviewed for alleged errors.  An appellant generally may not raise an argument for the first time on appeal.  *Potter v. District of Columbia*, 558 F.3d 542, 550 (D.C. Cir. 2009) ("It is well settled that issues and legal theories not asserted at the District Court level ordinarily will not be heard on appeal." (quoting *District of Columbia v. Air Fla., Inc.*, 750 F.2d 1077, 1084 (D.C. Cir. 1984)).  The circumstances of this case make it a compelling one for following the ordinary rule.  If Yelverton wanted to attempt to exempt the assets at issue from the estate, and to argue that the claimed exemption precluded the estate from having assets as to which Webster could enter into a settlement, he ought to have claimed the assets to be exempt before this court and the parties engaged in a lengthy hearing on Webster's motion to approve the settlement.

> B.  *Even if Yelverton's Appeal of the Disallowance of His Amended Exemption Claims Were Successful, That Could Not Undo the Settlement*.

Although exemptions are generally retroactive to the date of the petition, Yelverton's belated amended exemptions could not undo the settlement already approved regarding assets of the estate that had not been claimed to be exempt when the court approved the settlement.  If the belated exemptions were allowed,

they would reach the proceeds of the settlement, and that is all. After the settlement was approved, the debtor's exemption claim could reach only what remained, namely, the trustee's right to receive $110,000 from the defendants.  *See Yelverton v. District of Columbia (In re Yelverton)*, 2014 WL 29671, at *2 (Bankr. D.D.C. Jan. 3, 2014); *In re Salander*, 450 B.R. 37, 51-52 (Bankr. S.D.N.Y. 2011) (retroactive effect of abandonment of real property to petition date did not undo a postpetition release, pursuant to an approved settlement, of claims relating to the real property: claims were now barred by *res judicata*).  *See also Martin v. Pahiakos (In re Martin)*, 490 F.3d 1272, 1276 (11th Cir. 2007).

    C.   *The Appeal of the Disallowance of Exemptions Has No Chance of Success.*

In any event, the appeal in Civil Action No. 13-454 is doomed to fail.  As to the merits of the appeal, Yelverton argues first that "'bad faith' and 'prejudice' is the only basis under established Bankruptcy law to deny an Exemption," citing *Arnold v. Gill (In re Arnold)*, 252 B.R. 778 (B.A.P. 9th Cir. 2000). *Motion* at ¶ 28.  That interpretation of *In re Arnold* is wrong. That decision addressed whether amendment of an exemption claim could be denied when the trustee was *not* attacking the legal sufficiency or basis of the amended exemptions, and held that, in that circumstance, the amendment of the exemptions could only be disallowed based on bad faith and prejudice.  *In re Arnold*, 252

6

B.R. at 784. Unlike the trustee in *In re Arnold*, Webster *did* object to the legal sufficiency of the amended exemptions. In turn, this court disallowed the amended exemptions (except for $11,200) based on their invalidity.

Yelverton's only other argument regarding a likelihood of success on appeal is that this court "did candidly <u>admit</u> that it denied the Exemptions only because 'an allowance of the . . . Exemptions would have diminished the property of the Estate . . . .'" *Motion* at ¶ 29 quoting *Memorandum Decision and Order Denying Debtor's Motion to Vacate Order Denying Leave to Pursue Appeal in District Court Without Prepaying Fees or Costs* at 3 (Dkt. No. 613 dated March 28, 2013, and entered March 29, 2013) (underscoring added by Yelverton). That argument has been raised in bad faith. It is based on not fully quoting what the court stated, namely:

> **The trustee showed that the exemptions were invalid (to the extent the court disallowed them)** and allowance of the **invalid** exemptions would have diminished the estate property available to pay claims.

*Id.* (emphasis added). Accordingly, there is no chance of success on appeal based on that argument.

### III

Yelverton argues that if no stay is granted, he will be irreparably harmed because his appeal of the approval of the transfer to the defendants of his shares in Yelverton Farms, Ltd. pursuant to the settlement may become moot. *See* 11 U.S.C. § 363(m) (purchaser of property in good faith pursuant to a § 363

sale is unaffected by a reversal of the sale order if the sale order has not been stayed).  That the appeal might be rendered moot, however, does not by itself establish that Yelverton will suffer irreparable harm.  As noted previously, Yelverton faces insurmountable obstacles to undoing the settlement via the two appeals: (1) the belated exemption claims were not raised in the bankruptcy court as a basis for objection when Yelverton opposed the proposed settlement; (2) a reversal of the orders regarding the amended exemption claims cannot undo the approval of the settlement; and (3) he has shown no likelihood of succeeding in obtaining a reversal of the disallowance of the amended exemption claims.  Those three obstacles show that Yelverton will not be prejudiced by a denial of a stay of the orders approving the settlement (the subject of Civil Action No. 12-1539) pending the disposition of the appeal in Civil Action No. 13-454 of the orders regarding exemption claims.  In other words, any harm to Yelverton (that would arise from the settlement being consummated, thus rendering moot the appeal of the approval of the settlement) is outweighed by the utter lack of any likelihood of his succeeding in obtaining a reversal of the orders approving the settlement based on his appeal of the orders regarding the amended exemption claims.

IV

This bankruptcy case has been pending for a long time due in large part to Yelverton's pursuing frivolous claims and arguments in this court and on appeal.  Due to Yelverton's litigiousness, the $110,000 settlement will likely largely or exclusively be used to pay administrative claims incurred in the case.  Staying consummation of the settlement would delay the trustee's receipt of the $110,000, and that in turn is prejudicial to the entities entitled to receive whatever estate funds will be available for distribution.  This prejudice weighs against granting a stay pending appeal.  Even if there were no such prejudice, or if the prejudice is minimal (because interest earned on the $110,000 at today's prevailing interest rates would be minimal), Yelverton has not made an adequate showing on the other factors to warrant granting a stay.

V

Finally, the public interest does not weigh in favor of granting a stay.  This is a dispute between Yelverton and Webster (the representative of the estate), and the dispute does not involve an issue of major public importance.

VI

For all of these reasons, it is

ORDERED that the *Motion to Stay the Effectiveness of the Bankruptcy Decisions Which Are Now on Appeal in Case No.*

*1:12-cv-1539* (Dkt. No. 814) is DENIED.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of filings.

R:\Common\TeelBW\Judge Temp Docs\Velverton - Mem Dec & Order re Mtn for Stay Pending Appeal of Order Approving Settlementv4.wpd

10