The document below is hereby signed.

Signed: January 27, 2014



_S. Martin Teel, Jr._
_United States Bankruptcy Judge_

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STEPHEN THOMAS YELVERTON, | ) | Case No. 09-00414 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER RE *MOTION TO VACATE MEMORANDUM DECISION PER RULE 59(e)*

The debtor Yelverton's *Motion to Vacate Memorandum Decision Per Rule 59(e)* (Dkt. No. 821), which seeks to have the court vacate its *Memorandum Decision re Motion to Enforce Domestic Relations Judgment Against Property of the Debtor Estate*, must be denied for the following reasons.

I

Yelverton urges that the bankruptcy judge is required to recuse himself, but the request to recuse has been denied. The request is based on an alleged connection of the judge to a person for whom a party (Ms. Marm) worked. But the judge has no knowledge of his having had any connection to the person in question, and would not have been biased in favor of Ms. Marm on that basis in any event.

II

Yelverton points to the bankruptcy judge's observation that "a one-sided settlement [with Ms. Senyi as a Creditor] that benefits only the estate would be a settlement in the best interests of the estate and would be approved any way" (*Memorandum Decision* at 6) as evidence that the bankruptcy judge would approve any settlement that is "one-sided" against creditors.  Yelverton misunderstands the court's observation: the court was merely observing that if Senyi has an arguable equitable lien against the estate, and decides not to pursue that equitable lien (effectively entering into a one-sided settlement that favors the estate versus Senyi), that necessarily will benefit the estate and thus benefit the holders of claims against the estate (which includes the claims of creditors).  Before issuing its ruling, the court was not required to await responses of creditors to the debtor's *Motion to Enforce Domestic Relations Judgment Against Property of the Debtor Estate*.

III

Yelverton argued in his *Motion to Enforce Domestic Relations Judgment Against Property of the Debtor Estate* that Senyi has an equitable lien on the proceeds of the settlement regarding Yelverton's claims relating to his shares in Yelverton Farms, Ltd.  I opined that the lien, if it existed, would be avoidable under 11 U.S.C. § 544.  Yelverton now argues that it would be

2

improper for the trustee to use his avoidance powers under 11 U.S.C. § 544 to avoid that lien when that will result in the proceeds of that settlement being used to pay administrative claims (*e.g.*, the trustee's commission and attorney's fees), with nothing left for creditors.  He argues that the avoidance power can only be used to benefit creditors.  He is flat out wrong.  The trustee's duty is to maximize the estate so that the maximum amount is available to pay the beneficiaries of the estate (allowed unsecured claims, whether those claims be administrative claims or claims not entitled to any priority, and the debtor as the residuary beneficiary).  The avoidance would maximize the estate and not be improper.

IV

Yelverton argues that the court's observation that 11 U.S.C. § 362(b)(2)(C) does not apply to income of the estate is "clear error" of law, and that this establishes bias.  The court's observation speaks for itself and does not show bias.

V

Yelverton would like to have Senyi declared to have an equitable lien on the settlement proceeds.  Yelverton argues that if Senyi is held to have such a lien, that would reduce the amount of the nondischargeable debt he owes Senyi.  Even if it would, that indirect benefit to him does not give him standing to pursue Senyi's alleged equitable lien.

VI

Based on the foregoing, it is

ORDERED that the *Motion to Vacate Memorandum Decision Per Rule 59(e)* (Dkt. No. 821) is DENIED.

[Signed and dated above.]

Copies to: Debtor; Recipients of e-notification of orders.