The document below is hereby signed.

Signed: December 18, 2014



_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                            )
                                 )
STEPHEN THOMAS YELVERTON,        )   Case No. 09-00414
                                 )   (Chapter 7)
         Debtor.                 )
                                 )   Not for publication in
                                 )   West's Bankruptcy Reporter.
```

## MEMORANDUM DECISION AND ORDER COMPELLING ABANDONMENT

This addresses the debtor's *Motion to Compel Chapter 7 Trustee to Abandon Property and Claims Under 11 U.S.C. 554(b)* (Dkt. No. 836). The proposed order submitted by the debtor would direct abandonment of certain property of the estate (the property and litigation claims in Adversary Proceeding No. 10-10045, and the underlying Mercedes-Benz, and related litigation claims) to the debtor but would also add that "Article III standing reverts to him *nunc pro tunc*." It would not be appropriate to include that additional language in the order compelling abandonment as the issue of whether the abandonment should be treated as *nunc pro tunc* to the commencement of this

case is not before this court on a motion to compel abandonment.[1]

For all of these reasons, it is

ORDERED that the property and litigation claims in Adversary Proceeding No. 10-10045, and the underlying Mercedes-Benz, and related litigation claims are abandoned to Stephen Thomas Yelverton, pursuant to 11 U.S.C. § 554(b), and Fed. R. Bankr. P. 6007(b).  It is further

ORDERED that this order in no way affects the status of Adversary Proceeding No. 10-10045 as a dismissed adversary proceeding, but the abandonment of the claims that had been asserted in that adversary proceeding nevertheless permits Yelverton to pursue the claims in a new action in a court of competent jurisdiction.

[Signed and dated above.]

---

[1] Additionally, this court explained at great length in Adversary Proceeding No. 10-10045 why any relation back doctrine would not be of any benefit to Yelverton in that dismissed adversary proceeding.  *See Memorandum Decision on Remand* and *Memorandum Decision re Plaintiff's Motion to Alter or Amend Decision per Rule 59(e)* ("Yelverton cannot pursue any claims in the adversary proceeding (as opposed to pursuing the claims in a new action) because it remains a dismissed adversary proceeding.").  Cases like *Williams v. United Technologies Carrier Corp.*, 310 F. Supp. 2d 1002, 1011-12 (S.D. Ind. 2004), and *Barletta v. Tedeschi*, 121 B.R. 669, 674 (N.D.N.Y. 1990), hold that a debtor's previous lack of standing, in an action that had *not* been dismissed, could be cured by the relation back doctrine applicable to an abandonment.  The relation back doctrine cannot be used by a debtor to resuscitate an adversary proceeding that was dismissed ages before the debtor secured an abandonment to her of the claims that had been asserted in the adversary proceeding.

2

Copies to: Debtor; recipients of e-notification of filings.