The document below is hereby signed.

Signed: September 9, 2015



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STEPHEN THOMAS YELVERTON, | ) | Case No. 09-00414 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION RE RENEWED MOTION TO REMOVE THE
CHAPTER 7 TRUSTEE PER 11 U.S.C. 324 AND MOTION TO DENY ALL
FEES AND COMPENSATION TO THE CHAPTER 7 TRUSTEE PER 11 U.S.C. 330

This addresses the _Renewed Motion to Remove the Chapter 7 Trustee per 11 U.S.C. 324 and Motion to Deny All Fees and Compensation to the Chapter 7 Trustee per 11 U.S.C. 330_ (Dkt. No. 897) filed by the debtor, Stephen Thomas Yelverton. The _Renewed Motion_ must be denied.

I

The _Renewed Motion_ states that "[t]he claims herein against the Chapter 7 Trustee arose after June 22, 2015," but for the most part the _Renewed Motion_ rehashes old complaints Yelverton has previously raised in this case, and that the court has rejected, often repeatedly. Nothing has arisen in this case after June 22, 2015, that would warrant the removal of the

Chapter 7 trustee, Wendell W. Webster, or a denial of fees and compensation to him.[1]

## II

The *Renewed Motion* deals principally with the disposition of Yelverton's 1,333.3 shares of stock in Yelverton Farms, Ltd. By an order entered on June 19, 2012, I approved the *Settlement Agreement* between the trustee and Phyllis N. Edmundson and others (represented by Jeffrey L. Tarkenton). All appeals have been exhausted as to that order. Both the debtor's former spouse, Alexandra Senyi de Nagy-Unyom, who holds a substantial claim against the estate for spousal support, and Wade H. Atkinson, another creditor of the estate, participated in the hearing on the motion to approve the *Settlement Agreement*. The court overruled their objections to the *Settlement Agreement.*

The *Settlement Agreement* provided in relevant part:

> Immediately following the dates on which (i) the Approval Order becomes final and not subject to further appeal and (ii) the Trustee receives the Payment, the Trustee will endorse in blank the shares of Yelverton Farms (the "Shares") and transfer possession of the Shares to the Defendants . . . .

*Settlement Agreement* at ¶ 2. Yelverton contends that the trustee's carrying out that obligation under the *Settlement*

---

[1] A trustee is entitled to seek reasonable compensation as is any law firm representing him. 11 U.S.C. § 330(a). The *Renewed Motion*'s request to deny Webster fees is directed, presumably, to fees of his law firm for having represented him in this case.

*Agreement* constitutes a fraud on creditors.

A.

Specifically, Yelverton contends that Yelverton's 1,333.3 shares of stock in Yelverton Farms, Ltd. had become the property of Wade H. Atkinson, and that Senyi held an equitable lien on the shares. Yelverton argues that:

> the Chapter 7 Trustee, Webster, devised a scheme or artifice to defraud, in collusion with Tarkenton, to take the stock of Atkinson, who is <u>not</u> a Debtor, and where the stock is <u>not</u> property of the Estate, to "launder" the stock through the Settlement Agreement, which is a document filed with the Bankruptcy Court, in order to pass title to the stock to Edmundson and her family members, without payment by them to Atkinson, who is a Creditor, and without payment to Ms. Senyi for her Common Law Equitable Lien, where she is a <u>priority</u> Spousal Creditor.

*Renewed Motion* at ¶ 67 (emphasis in original). However, the Settlement Agreement was approved over the objections of Atkinson and Senyi. Webster is acting in accordance with the order approving the *Settlement Agreement*, and Yelverton's conclusory allegations of fraud do not establish a basis for removing Webster as the trustee.

B.

Even if Yelverton were right that Atkinson was the true owner of the 1,333.3 shares of stock in Yelverton Farms, Ltd., the *Renewed Motion*'s allegations in that regard fail to establish a basis for granting the *Renewed Motion*. Any wrong against Atkinson would not have been against the estate, but against

3

Atkinson's interest as an owner. Yelverton lacks standing to complain about Webster's obtaining proceeds for shares that Yelverton contends were Atkinson's. Moreover, if the shares *were* Atkinson's, Webster's entering into a *Settlement Agreement* calling for the estate to receive funds for the shares cannot have harmed the estate. Instead, it enhanced the estate.

C.

The allegations of Senyi having an equitable lien have been addressed before. Yelverton lacks standing to assert Senyi's rights. Moreover, the enhancement of the estate via the *Settlement Agreement*'s treatment of the shares as shares for which the estate could receive proceeds, despite any equitable lien held by Senyi, would not be a harm to the estate.

Moreover, this court already decided that Senyi has no ownership interest in the shares themselves based on the promissory note. *See In re Yelverton*, 477 B.R. 282, 287 (Bankr. D.D.C. 2012). The promissory note promised to pay Senyi the proceeds of a sale of the shares, not to convey to her the shares themselves. Accordingly, even if an equitable lien existed, it would be on the proceeds of the shares. However, in that regard, in *In re Yelverton*, Case No. 09-00414, 2014 WL 36585, at *2-3 (Bankr. D.D.C. Jan. 6, 2014), I previously rejected the argument by Yelverton that an equitable lien existed on the proceeds of the shares by observing:

4

Moreover, on the merits, the existence of an equitable lien must be tested as of the petition date in 2009, not as of September 2010. Under 11 U.S.C. § 544(a)(1), the trustee enjoys the rights of a hypothetical judgment lien creditor as of the date of the commencement of the bankruptcy case. . . . The trustee's hypothetical judicial lien is superior to any other interest that is unperfected on the petition date. *Union Planters Bank, N.A. v. Burns (In re Gaylord Grain, LLC)*, 306 B.R. 624, 630 (B.A.P. 8th Cir. 2004). Yelverton's *Motion* fails to articulate any basis upon which Senyi's alleged equitable lien was perfected against a hypothetical judgment lien creditor as of the petition date. A hypothetical judgment lien creditor would not have had any notice of Senyi's alleged equitable lien as of the petition date of May 14, 2009, and thus that equitable lien could not defeat the trustee's hypothetical judicial lien.

III

Yelverton also contends, *Renewed Motion* at ¶ 68, that Webster "has also breached his fiduciary duty to comply with his obligations by failing to agree to an Abandonment Order with respect to the Production Contract," an abandonment issue addressed by orders entered on September 9, 2015. Webster's conduct in response to Yelverton's motion to compel abandonment of the Production Contract warrants neither his removal as trustee nor a blanket prohibition against his recovery of fees or compensation.

IV

An order follows.

[Signed and dated above.]

Copies to: Debtor; Recipients of e-notification of filings.