The document below is hereby signed.

Signed: September 11, 2015



_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STEPHEN THOMAS YELVERTON, | ) | Case No. 09-00414 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION RE DEBTOR'S MOTION FOR AVOIDANCE
OF JUDICIAL LIEN PURSUANT TO 11 U.S.C. 522 (f)(1)(A) AND (i)(1)

The *Debtor's Motion for Avoidance of Judicial Lien Pursuant to 11 U.S.C. 522(f)(l)(A) and (i)(1)* must be denied. By the *Motion*, the debtor, Stephen Thomas Yelverton, seeks entry of an order that:

> the Judicial Lien, entered June 19, 2012, as Docket Entry No. 477, is AVOIDED as impairing the Exemption of the Debtor on the 277 acre tract of land in North Carolina, as Tenants by the Entireties, under 11 U.S.C. 522(b), which was effective July 22, 2012, in view of no Objections being filed against it. The Debtor is moreover entitled to a recovery of the property, pursuant to 11 U.S.C. 522(i)(l) and 11 U.S.C. 550(a)(l).

I

The *Motion* has not been served on Deborah Marm, as required by Fed. R. Bankr. P. 7004, although a copy was mailed to her attorney. In any event, on the merits, the *Motion* is frivolous.

II

In August 2007, Yelverton alleges, he and his spouse conveyed to Deborah Marm the 277 acre tract of land for $600,000, which he alleges still left him insolvent. Yelverton commenced this case as a chapter 11 case in 2009. As a debtor in possession, exercising the powers of a trustee, Yelverton commenced Adversary No. 10-10004 ("the Marm Lawsuit") against Deborah Marm and her husband, who allegedly received a spousal interest pursuant to the conveyance, for recovery of the 277 acres as a fraudulent conveyance under 11 U.S.C. § 548 (a)(1)(B). On July 20, 2010, this court dismissed Adversary Proceeding No. 10-10004 on the merits. That dismissal remains in place.[1] The transfer to Marm remains in place, and the 277 acres remain her property.

Meanwhile, on August 20, 2010, shortly after Yelverton began his appeal to the District Court, the court converted the bankruptcy case to one under chapter 7 of the Bankruptcy Code. That order terminated Yelverton's status as a debtor in possession entitled to exercise the powers of a trustee. The chapter 7 trustee became the representative of the estate

---

[1] Yelverton pursued an appeal to the District Court, which affirmed the dismissal. Yelverton then took an appeal of the District Court's judgment of affirmance to the Court of Appeals, where it is pending as Case No. 11-7063. The Court of Appeals dismissed the appeal, but Yelverton has filed a petition for rehearing.

authorized to sue on behalf of the estate and to pursue any § 548 proceeding against Marm.

                                III

Yelverton's invocation of § 522(f)(1)(A) is frivolous. Section 522(f)(1) provides, with exceptions of no relevance here, that:

> the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is-
>
> (A) a judicial lien . . . .

Under 11 U.S.C. § 522(b)(1), "an individual debtor may exempt **from property of the estate**" (emphasis added) certain property listed in § 522(b)(2) or (b)(3). On July 22, 2012, Yelverton amended his schedules to claim the 277 acres as exempt property. However, so long as the 277 acres remains Marm's, it is not estate property as to which any claim of exemption can be effective. Yelverton's claim of an exemption of Marm's property is no more effective than would be a claim of exemption of the Washington Monument. The lack of any objection to such a claim of exemption does not make the claim effective to divest a non-estate entity of ownership of the property. It is thus plain that § 522(f)(1)(A) does not apply.

Moreover, § 522(f)(1)(A) only applies when there is a lien impairing an exemption. On June 19, 2012, this court entered an

                                 3

order approving a Settlement Agreement under which the trustee agreed, among other things, to release Marm from any claims (including those asserted in Adversary Proceeding No. 10-10004) in exchange for a payment of $110,000. It is that order that Yelverton has repeatedly and unsuccessfully sought to undo, and that he now absurdly characterizes as a lien impairing his attempted exemption of the 277 acres. There is no exemption, and if the 277 acres were property of the estate that could be exempted, there is no lien that impairs such an exemption.

IV

Yevlerton's invocation of 11 U.S.C. § 522(i)(1) (and of 11 U.S.C. § 550, which is made applicable when § 522(i)(1) is shown to apply) is similarly frivolous. Section 522(i)(1) provides in relevant part:

> If the debtor avoids a transfer . . . under subsection (f) or (h) of this section, the debtor may recover in the manner prescribed by, and subject to the limitations of, section 550 of this title, the same as if the trustee had avoided such transfer, and may exempt any property so recovered under subsection (b) of this section.

With exceptions of no relevance here, Fed. R. Bankr. P. 7001(1) provides that a proceeding to recover property must be brought as an adversary proceeding complaint.

Moreover, on the merits, there has been no avoidance of the transfer to Marm, and the dismissal of Adversary Proceeding No. 10-10004 bars Yelverton under the doctrine of claim preclusion (res judicata) from pursuing the avoidance of the transfer, and

the recovery of the 277 acres, unless and until that dismissal is vacated. Consequently, Yelverton cannot seek to recover the property under § 522(i)(1).[2]

V

In *Yelverton v. Marm*, Case No. 11-7063, the Court of Appeals, entered an order on August 6, 2015, stating:

> the motion to dismiss the appeal with prejudice be granted and the appeal be dismissed as moot. This appeal challenges the district court's order affirming the judgment of the Bankruptcy Court, which dismissed appellant's Adversary Proceeding No. 10-10004. A settlement agreement has resolved and released all claims arising from Adversary Proceeding No. 10-10004, and the Bankruptcy Court approved the settlement agreement on June 19, 2012. By order filed March 9, 2015 in *Yelverton v. Webster*, No. 14-7149, this court summarily affirmed the district court's order upholding the Bankruptcy Court's approval of the settlement agreement, and

---

[2] If Yelverton's transfer to Marm was a voluntary transfer, he would not be entitled to invoke § 522(i)(1). Under 11 U.S.C. § 522(g), only if Yelverton's transfer to Marm was not a voluntary transfer would Yelverton be entitled to claim an exemption as to the 277 acres, upon the trustee's recovering the property under his avoidance powers. In turn, if the transfer was a voluntary transfer making § 522(g) inapplicable, Yelverton would not be permitted under 11 U.S.C. § 522(h) to seek to avoid the transfer when the trustee declined to attempt to avoid the transfer by joining in the appeals of the dismissal of Adversary Proceeding No. 10-10004. In turn, if the transfer was a voluntary transfer, Yelverton would not be permitted under 11 U.S.C. § 522(i)(1) to recover the property because he would have no right under either § 522(f) or (h) to seek to avoid the transfer to Marm.

Yelverton alleges that the transfer to Marm was coerced because a mortgagee was calling the mortgage on the property. I need not decide the issue of whether the transfer was voluntary. The issue was not before me when I dismissed Adversary Proceeding No. 10-10004 as Yelverton at that time was a debtor in possession authorized to exercise the powers of a trustee.

>appellant's petition for rehearing en banc was denied on June 23, 2015. In light of this court's prior decisions, the present appeal is now moot because the "court of appeals cannot grant any effectual relief whatever in favor of the appellant." *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (internal quotation marks omitted).

The bottom line is that the dismissal recognizes that there is no claim that Yelverton can pursue to avoid the transfer of the 277 acres. Whether or not Yelverton succeeds on his petition for rehearing, the dismissal of Adversary Proceeding No. 10-10004 currently remains in place and that dismissal bars the relief he seeks in the instant *Motion*.

Yelverton seems to argue that the dismissal on mootness grounds means that the dismissal of Adversary Proceeding No. 10-10004 can now be challenged because the Court of Appeals failed to issue a decision on the merits. However, the Court of Appeals did not direct this court to vacate the judgment dismissing Adversary Proceeding No. 10-10004. Moreover, the Court of Appeals order was plainly stating that the Settlement Agreement bars pursuit of Adversary Proceeding No. 10-10004 and of the claim to avoid the transfer asserted therein. It does not matter whether the dismissal of the appeal was on the merits or was because the Settlement Agreement called for dismissal of the claim for avoidance of the transfer. Either way, Yelverton is not entitled to pursue the avoidance claim, and is not entitled to any relief under either § 522(f)(1)(A) or § 522(i)(1). That Yelverton was pursuing the appeal did not matter. The power to

avoid the transfer pursuant to 11 U.S.C. § 548 was a power of the trustee. The right to settle any claim under § 548, subject to approval of the settlement by the bankruptcy court, rested in the trustee, as was recognized by a specific finding in the order approving the Settlement Agreement.

                                VI

  An order follows.

                                      [Signed and dated above.]

Copies to: Debtor; recipients of e-notification of filings.