The document below is hereby signed.

Signed: September 22, 2015



*S. Martin Teel, Jr.*
*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STEPHEN THOMAS YELVERTON, | ) | Case No. 09-00414 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER DENYING
DEBTOR'S MOTION FOR RECONSIDERATION PER
FRBP RULE 9014(c) AND FRCP RULE 54(b) FOR AVOIDANCE
OF JUDICIAL LIEN PURSUANT TO 11 U.S.C. 522(f)(1)(A) and (i)

The debtor, Yelverton, seeks reconsideration of this court's *Memorandum Decision* and *Order* denying *Debtor's Motion for Avoidance of Judicial Lien Pursuant to 11 U.S.C. 522(f)(l)(A) and (i)(1)*. I will assume the reader has familiarity with the prior *Memorandum Decision* and the prior *Order*.[1]

I

Yelverton asserts that it was not necessary for him to

---

[1] Although Yelverton characterizes the instant motion as one under Fed. R. Civ. P. 54(b), that provision has no applicability here as my *Order* dismissed (and, alternatively, denied) all of the claims pursued by the motion for avoidance. I will treat the instant *Motion* as a timely motion under Fed. R. Civ. P. 59 for alteration of the *Order*.

pursue relief via an adversary proceeding because § 522(f) relief is sought instead by way of motion.  The 277 acres at issue remain Marm's non-estate property.  Under Rule 7001, any proceeding under § 548 to avoid the transfer of that property to Marm must be brought as an adversary proceeding.  Section 522(f), dealing with avoidance of liens on property of the estate exempted by the debtor, cannot be used to avoid the transfer.  So, with respect to the request to avoid the transfer to Marm, it is irrelevant that a proceeding under § 522(f) may be brought by a motion instead of an adversary proceeding.  I permitted Yelverton's § 522(f) request to be pursued by motion but denied it for lack of proper service and on the merits because there was no estate property that had been exempted.

II

When a proceeding is pending as a contested matter under Fed. R. Bankr. P. 9014 (as in the case of a § 522(f) motion) Rule 9014(b) makes clear that service must be made as under Fed. R. Bankr. P. 7004.  Yelverton is thus wrong in contending that Rule 7004 is inapplicable.

III

The dismissal of the appeal in the Court of Appeals regarding Adversary Proceeding No. 10-10004 leaves intact the adjudication on the merits by this court in that proceeding that no transfer occurred that was avoidable under § 548, and by

2

reason of *res judicata*, that adjudication bars Yelverton's pursuing any avoidance of the transfer to Marm:

- That the dismissal of the appeal is the subject of a petition for reconsideration does not deprive that adjudication on the merits of *res judicata* effect.[2] *See Hunt v. Liberty Lobby, Inc.*, 707 F.2d 1493, 1497 (D.C. Cir. 1983) (noting "well-settled federal law" that appeal "does not diminish the *res judicata* effects of a judgment rendered by a federal court").

- That the dismissal of the adversary proceeding was via the granting of a motion for summary judgment does not deprive the court's judgment of its character as an adjudication on the merits that is entitled to *res judicata* effect.

- To the extent the Court of Appeals views the appeal as moot, that is because it views the claims as being subject to termination by the terms of the *Settlement Agreement*. The Court of Appeals, moreover, granted the request for a dismissal with prejudice. The clear

---

[2] The Court of Appeals will decide the petition for reconsideration of its dismissal of the appeal, including any contention that the trustee lacked authority to consent to a dismissal of the appeal and to a release of the claims asserted against Marm in the adversary proceeding. However, it is obvious that the trustee, as representative of the estate, had such authority pursuant to the order approving the *Settlement Agreement*.

3

message is that the § 548 claims pursued in the adversary proceeding are to be treated as terminated.

IV

Yelverton argues that a judicial lien exists on the 277 acres and that he is entitled to avoid that lien because "the Settlement Agreement Judgment, entered June 19, 2012, impairs the Exemption of the 277 acres by arguably blocking the Avoidance under 11 U.S.C. 548 of the transfer of the 277 acres from Yelverton to Marm." *Motion* at 5, ¶ (p). The 277 acres are not property of the estate,[3] and thus cannot be exempted from the estate. Yelverton's assertion of an exemption of the 277 acres is a nullity, no more effective (as I noted in my prior *Memorandum Decision*) than would be an exemption of the Washington Monument. There is no exemption that is being impaired even if (which would be absurd) the *Settlement Agreement* is somehow viewed as a judicial lien. Accordingly, § 522(f) does not apply.

V

The remainder of Yelverton's criticisms of my prior *Memorandum Decision* are so frivolous as to warrant no comment.

---

[3] Yelverton seems to think that the 277 acres are property of the estate because its transfer (he asserts) is subject to avoidance under § 548. However, when a trustee has the power under § 548 to avoid a transfer of property, it is only once the trustee prevails in avoiding the transfer that the property becomes property of the estate pursuant to 11 U.S.C. § 541(a)(3). *See, e.g.*, *In re Colonial Realty Co.*, 980 F.2d 125, 131 (2d Cir. 1992).

VI

In accordance with the foregoing, it is

ORDERED that *Debtor's Motion for Reconsideration Per FRBP Rule 9014(c) and FRCP Rule 54(b) for Avoidance of Judicial Lien Pursuant to 11 U.S.C. 522 (f)(1)(A) and (i)* is DENIED.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of filings.