The document below is hereby signed.

Signed: October 29, 2015



*S. Martin Teel, Jr.*
*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STEPHEN THOMAS YELVERTON, | ) | Case No. 09-00414 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

The debtor, Stephen Thomas Yelverton, filed a *Notice of Appeal*, taking an appeal from this court's:

(1) *Memorandum Decision and Order Denying Debtor's Motion for Reconsideration Per FRBP Rule 9014(c) and FRCP Rule 54(b) for Avoidance of Judicial Lien Pursuant to 11 U.S.C. 522 (f)(1)(A) and (i)*, entered September 22, 2015 (Dkt. No. 921);

(2) *Order Re Debtor's Motion for Avoidance of Judicial Lien pursuant to 11 U.S.C. 522(f)(1)(A) and (i)(1)*, entered September 11, 2015 (Dkt. No. 909); and

(3) *Memorandum Decision re Debtor's Motion for Avoidance of Judicial Lien Pursuant to 11 U.S. 522(f)(1)(A) and (i)(1)* entered September 11, 2015

(Dkt. No. 908).

He has filed a *Motion for Leave to Proceed In Forma Pauperis* with respect to that appeal.

I

Appeals from the bankruptcy court to the district court "shall be taken in the same manner as appeals in civil proceedings generally are taken to the court of appeals from the district courts . . . ." 28 U.S.C. § 158(c)(2). To the extent that an appellant from a bankruptcy court decree seeks an order pursuant to 28 U.S.C. § 1915 to permit the appeal without *prepayment* of the filing fee, it is appropriate to follow the procedures that apply when an appellant from a district court decree seeks a § 1915 order authorizing pursuit of the appeal without prepayment of the filing fee.[1] Specifically, such an appellant should file in the bankruptcy court a motion that comports with the motion that the appellant would be required to file under Fed. R. App. P. 24 if the appeal were an appeal from

---

[1] *See, e.g., Rivera-Siaca v. DCC Operating, Inc.*, 416 B.R. 9, 17 (D.P.R. 2009) (in bankruptcy appeal, district court applied Fed. R. App. P. 10(e) in addressing a motion to supplement the record on appeal); *First Owners' Ass'n of Forty Six Hundred v. Gordon Properties, LLC*, 470 B.R. 364, 371-72 (E.D. Va. 2012) (in ruling on an interlocutory bankruptcy appeal, a district court looks by analogy to the standard set forth in 28 U.S.C. § 1292(b) governing interlocutory appeals in non-bankruptcy cases); *In re BWP Gas, LLC*, 354 B.R. 701, 705 (E.D. Pa. 2006) (applying standard that would apply in a non-bankruptcy appeal regarding review of a decision to permissively abstain to the district court's review of a bankruptcy court's decision to permissively abstain).

the district court to the court of appeals.

Such a motion, comparable to a Fed. R. App. P. 24 motion, cannot succeed unless it states issues the appellant intends to pursue on appeal that have at least an arguable basis in law and fact. *See  Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Cortorreal v. United States*, 486 F.3d 742, (2d Cir. 2007); *Sills v. Bureau of Prisons*, 761 F.2d 792, 794 (D.C. Cir. 1985).[2]

## II

The appeal here is frivolous.  Yelverton sought to obtain relief from the Bankruptcy Court in a procedurally improper fashion.  Even if Yelverton had pursued the relief via an adversary proceeding and made proper service, there was no arguable basis in law and fact for obtaining the relief he sought (avoidance of a lien on property he had claimed exempt).  The property at issue is not property of the estate and thus the

---

[2]  If the motion is denied, the appellee may proceed in the District Court to seek a dismissal of the appeal for failure of Yelverton to pay the appeal filing fees.  Under Fed. R. App. P. 3(e), an appellant must prepay the appeal filing fees.  When an appellant from the district court fails to obtain leave to proceed without prepaying the filing fee, the Court of Appeals proceeds to dismiss the appeal unless the filing fee is promptly paid. *See Wooten v. District of Columbia Metropolitan Police Dept.*, 129 F.3d 206, 208 (D.C. Cir. 1997).  By reason of 28 U.S.C. § 158(c)(2) directing that appeals from the Bankruptcy Court are to be taken in like fashion, failure to pay the filing fee--when an appellant from a Bankruptcy Court order is not granted leave to appeal without prepayment of the filing fee-- should similarly lead to dismissal. *See also* 28 U.S.C. § 1915(e)(2)(B)(i) (requiring dismissal if the appeal is frivolous or malicious).

claim of exemption was a nullity, no more effective than would have been a claim of exemption of the Washington Monument. Unless property is property of the estate, the property is not subject to being exempted from the estate.  End of story.

In any event, Judge Cooper of the District Court has held that leave must be obtained from the District Court before Yelverton is allowed to pursue an appeal from this court resulting in the opening of the appeal as a civil action in the District Court, and he has already indicated he will deny leave to pursue the appeal.

III

In light of the foregoing, it is

ORDERED that Yelverton's *Motion for Leave to Proceed In Forma Pauperis* (Dkt. No. 933) is DENIED.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of filings.