The document below is hereby signed.

Signed: April 1, 2016



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

```
                 UNITED STATES BANKRUPTCY COURT
                   FOR THE DISTRICT OF COLUMBIA
```

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STEPHEN THOMAS YELVERTON, | ) | Case No. 09-00414 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION RE MOTION FOR RECONSIDERATION OF
<u>ORDER DENYING MOTION FOR LEAVE TO FILE NEW ADVERSARY PROCEEDING</u>

The debtor, Stephen Thomas Yelverton, filed a motion for leave to file a complaint against Kirk Callan Smith and against Hamilton P. Fox, III, Assistant Bar Counsel in the Office of Bar Counsel of the District of Columbia Court of Appeals (Dkt. No. 968). A prior order of the District Court in an appeal from another proceeding requires Yelverton to obtain leave of court before he commences a civil action, and that order applies to civil actions in this court as a unit of the District Court. The court denied the motion for leave. For the following reasons, I will deny Yelverton's request for reconsideration of that denial.

Yelverton's proposed complaint alleges that Smith and Fox violated the automatic stay of 11 U.S.C. § 362(a) by reason of pursuit of a disciplinary proceeding by the Office of Bar Counsel

against Yelverton, as a member of the bar, and the complaint seeks damages under 11 U.S.C. § 362(k) for violation of the automatic stay. The proceeding was brought and prosecuted by the Office of Bar Counsel, not by Smith, and thus was a proceeding by a governmental unit. In *In re Yelverton*, No. 13-BG-844 (D.C. Dec. 24, 2014), a decision growing out of the proceeding by the Office of Bar Counsel, the District of Columbia Court of Appeals suspended Yelverton from the practice of law for 30 days. That decision is proof (and no such proof is needed) that the proceeding was one by a governmental unit to enforce its police or regulatory powers.[1] The proceeding plainly fit within the exception to the automatic stay contained in 11 U.S.C. § 362(b)(4) for a proceeding by a governmental unit to enforce that entity's police or regulatory power. *See In re Arsi*, 354 B.R. 770 (Bankr. S.C. 2006) (disciplinary proceeding by the Office of Disciplinary Counsel against an attorney fell within § 362(b)(4) exception).

---

[1] Yelverton's proposed complaint does not allege that the proceeding was one in which the Office of Bar Counsel sought the imposition of a fine or other monetary sanction (whether payable to the government or payable to Smith or Smith's client), and I need not address whether a request for a monetary sanction would have mattered. *See Alpern v. Lieb*, 11 F.3d 689 (7th Cir. 1993) (addressing whether imposition of sanctions under Fed. R. Civ. P. 11 in favor of a litigant was exempt from the automatic stay, and concluding that it was). In his motion to reconsider, Yelverton disavows that his proposed complaint rests upon decisions enunciating the "pecuniary interest" and "pecuniary advantage" tests for determining whether the § 362(b)(4) exception applies.

Yelverton believes that Smith was trying to advance the interests of himself and of his client in complaining to the Office of Bar Counsel regarding Yelverton's conduct.  In seeking reconsideration, Yelverton argues that:

> *In Re Quimonda*, 425 B.R. 256, 261 (E.D. Va. 2010), . . . holds that to obtain an 11 U.S.C. 362 (b)(4) exemption from the Automatic Stay, a government entity, such as the Office of bar Counsel, must primarily pursue its "police and regulatory" powers" with a "recognizable public purpose," and it may not be used as a "ruse" to further the "private rights" of any persons, such as [Defendant] Smith and his client.

But that decision was reversed on appeal by *U.S. Int'l Trade Commission v. Jaffe*, 433 B.R. 538 (E.D. Va. 2010), a decision in which the district court held that the automatic stay was not applicable to an investigatory proceeding against a debtor where a private party files a complaint but the government agency, after receipt of that complaint, independently chooses to commence the proceeding.  *Jaffe*, 433 B.R. at 544.[2]  That holding applies here.

Yelverton also argues that *Medicar Ambulance Co., Inc. v. Shalala (In re Medicar Ambulance Co., Inc.)*, 166 BR. 918 (Bankr. N.D. Cal. 1994), supports holding that the "public purpose/private rights" distinction requires treating § 362(b)(4)

---

[2] *See also McMullen v. Sevigny (In re McMullen)*, 386 F.3d 320, 323, 327-28 (1st Cir. 2004) (complaint against a realtor with the Massachusetts Division of Registration for Real Estate Agents after the realtor had declared bankruptcy, which the Division then investigated, was excepted from the stay, even though the action was initiated by a private party).

3

as inapplicable to the disciplinary proceeding brought against Yelverton, but as that decision explains:

> The public policy test distinguishes between proceedings that effectuate public policy and those that adjudicate private rights. Only the former are exempted from the automatic stay. In applying the public policy test a court must determine whether the action is an attempt to prevent future violations of the law rather than an attempt to determine the liability of private parties. Thus, under the public policy test, **an action to revoke a contractor's license is allowed to proceed, despite the automatic stay, because it enforces a public policy**. However, attempts to collect monies owed to persons harmed by the same incidents which caused the revocation proceedings enforce a private right, and thus violate the automatic stay.

*In re Medicar Ambulance Co., Inc.*, 166 BR. at 926-27 (emphasis added). Obviously the attorney disciplinary proceeding against Yelverton here was the functional equivalent of an action to revoke a contractor's license, and it plainly falls within § 362(b)(4).

Smith submitted complaints to the Office of Bar Counsel that led to that Office's initiation of the disciplinary proceeding against Yelverton, and the eventual suspension of Yelverton from the practice of law. The automatic stay does not prevent a member of the public from complaining to the Office of Bar Counsel regarding alleged misconduct by an attorney that allegedly warrants discipline, and from requesting that Office to pursue a disciplinary proceeding. A member of the public cannot prosecute a disciplinary proceeding, only the Office of Bar Counsel can do so. In turn, § 362(b)(4) is an exception from the

automatic stay that allows the Office of Bar Counsel, as a governmental unit, to initiate and prosecute a proceeding to discipline the debtor for such alleged misconduct.

Even if Smith's motivation in complaining about Yelverton's conduct was to advance the interests of Smith or his client (for example, because they had a grudge against Yelverton, or because they wanted Yelverton disbarred so that he could no longer represent a client in litigation against Smith's client), Smith's conduct did not violate § 362(a), as the Office of Bar Counsel initiated and pursued the disciplinary proceeding. *See In re McMullen*, 386 F.3d at 328:

> A private party's reporting of wrongful conduct to governmental regulatory authorities is neither the commencement of a proceeding under subsection 362(a)(1), nor necessarily an "act to collect" under subsection 362(a)(6). Although we broadly construe the automatic stay in many contexts, the same sound public policy reasons which undergird the subsection 362(b)(4) exception counsel against any rule which might dissuade private parties from providing governmental regulators with information which might require enforcement measures to protect the public from imminent harm.

Even if Smith's complaints were filed in bad faith (to harass Yelverton), that would not matter. *Id.* The exemption from § 362(a) pursuant to § 362(b)(4) for disciplinary proceedings brought by the Office of Bar Counsel would often be rendered ineffectual if the automatic stay were viewed as barring members of the public from complaining to that Office about the conduct of an attorney, for such complaints are the catalyst in many

cases for the Office of Bar Counsel initiating a disciplinary proceeding.

Given that the complained of conduct plainly falls within a statutory exception to the automatic stay, the proposed complaint fails to state valid grounds for relief, and the court will not grant the request for reconsideration. An order follows.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of filings;

Kirk Callan Smith, Esq.
P.O. Box 654
Placerville, CA 95667

Hamilton P. Fox, III, Esq.,
Assistant Bar Counsel
Office of Bar Counsel
515 Fifth St., N.W., Bldg. A, Room 117
Washington, DC 20001