The document below is hereby signed.

Signed: April 4, 2016



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STEPHEN THOMAS YELVERTON, | ) | Case No. 09-00414 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER SUSPENDING DISCOVERY ON
SPECIAL COUNSEL'S FEE APPLICATION AND DIRECTING THE PARTIES
TO SHOW CAUSE WHY THE COURT OUGHT NOT DEFER ADDRESSING
SPECIAL COUNSEL'S FEE APPLICATION PENDING THE FILING
OF OTHER APPLICATIONS FOR ALLOWANCE OF ADMINISTRATIVE CLAIMS

Ronald Gibson has filed an application for payment of

attorney's fees of special counsel to the chapter 7 trustee,

Wendell W. Webster.  The debtor, Yelverton, has filed an

objection to the fee application.  He has subsequently filed a

motion to compel Gibson to respond to interrogatories and to

produce documents.

I

Under Fed. R. Civ. P. 26(b)(2)(C), the court has discretion

to deny or defer discovery if it determines that:

(i) the discovery sought is unreasonably
cumulative or duplicative, or can be obtained from some
other source that is more convenient, less burdensome,
or less expensive;

(ii) the party seeking discovery has had ample
opportunity to obtain the information by discovery in
the action; or
(iii) the proposed discovery is outside the scope
permitted by Rule 26(b)(1).

Under Rule 26(b)(1), the scope of discovery is limited to

discovery that is relevant to Yelverton's objection and that is:

proportional to the needs of the case, considering the
importance of the issues at stake in the action, the
amount in controversy, the parties' relative access to
relevant information, the parties' resources, the
importance of the discovery in resolving the issues, and
whether the burden or expense of the proposed discovery
outweighs its likely benefit.

For two reasons, it appears to me that Yelverton ought to be

denied the opportunity to take discovery, at least at this

juncture.

II

Gibson represented Webster in litigation in North Carolina

against Yelverton's siblings, and assisted the trustee in

negotiating a settlement that included resolution of that

litigation, and a provision for payment of $110,000 to Webster.

At a full-day hearing, in which Yelverton actively participated,

this court approved that settlement over Yelverton's objection.

Yelverton, seemingly forever, has continually and unsuccessfully

attacked that settlement, including through motions under Fed. R.

Civ. P. Rules 59 and 60, appeals, motions to compel Webster to

abandon the litigation claims, suing Webster for damages, and

suing the company that issued Webster a trustee's bond.  Based on

Yelverton's repeated filing of frivolous proceedings, the District Court issued an injunction barring Yelverton from filing further civil actions without leave of the District Court.

His objection to the fee application revisits anew the propriety of the settlement by contending that Gibson did not make sufficient inquiry into the value of the litigation. Yelverton is collaterally estopped from attempting to show that the settlement was not in the best interest of the estate. Yelverton already had the opportunity to explore the wisdom of the settlement.  He litigated the issue of whether the settlement should be approved and he lost.  In that light, a question arises whether it is appropriate for Gibson to be subjected to discovery regarding whether he made adequate inquiry into the value of the claims being settled.  But even if inquiry by Yelverton in that regard should be permitted, his objections to the fee application can be readily addressed at a hearing on the fee application, and at that hearing the court can address whether Yelverton has shown any need for discovery.

### III

More importantly, if the estate is administratively insolvent due to the trustee's and his professionals' administrative expense claims that are eventually allowed under 11 U.S.C. §§ 503(b)(1)(A) and 503(b)(2), Yelverton lacks standing to object to Gibson's fee application.  *Nangle v. Surratt-States*

*(In re Nangle)*, 288 B.R. 213, 216 (B.A.P. 8th Cir. 2003); *see
also Fondiller v. Robertson (In re Fondiller)*, 707 F.2d 441, 442
(9th Cir. 1983); *In re Cult Awareness Network, Inc.*, 151 F.3d 605
(7th Cir. 1998).  This is because Yelverton, as a chapter 7
debtor, will not receive any distribution from an estate that is
rendered administratively insolvent.  Nor will any non-
administrative creditors receive any distribution if the estate
will be administratively insolvent due to the trustee's and his
professionals' administrative expense claims that are eventually
allowed under 11 U.S.C. §§ 503(b)(1)(A) and 503(b)(2).  Such
claims allowed under §§ 503(b)(1)(A) and 503(b)(2) are paid first
before all non-administrative claims, including claims for
domestic support obligations.  *See* 11 U.S.C. §§ 507(a)(1)(C) and
726(a)(1).  It is only because Yelverton's former wife has a
nondischargeable non-administrative claim against the estate for
domestic support that Yelverton would have standing to object to
the fee application in the event that the estate is *not* rendered
administratively insolvent by claims allowed under
§§ 503(b)(1)(A) and 503(b)(2).  The allowance of Gibson's
administrative claim would have an adverse impact on Yelverton
only if there are sufficient funds to pay in full the trustee's
and his professionals' administrative claims allowed under
§§ 503(b)(1)(A) and 503(b)(2) and to make a distribution to
Yelverton's former spouse on her non-administrative claim for

domestic support against the estate.

Yelverton has the burden of showing that he has standing to object to administrative claims in this case:

> In order to demonstrate a pecuniary interest sufficient for purposes of standing, "the debtor must offer some evidence that a surplus may result, not just that there is a *theoretical* chance of a surplus." *Brutsche*, 500 B.R. at 72. Put another way, the likelihood of a surplus cannot be merely speculative.

*In re Morreale*, No. BR 13-27310 TBM, 2015 WL 3897796, at *8 (Bankr. D. Colo. June 22, 2015).

To anyone who examines the docket, it would appear almost certain that there will be an administrative insolvency in this case. The trustee will seek a commission under 11 U.S.C. § 326 with respect to amounts to be distributed to holders of allowed administrative claims and creditors (but not amounts distributed to Yelverton pursuant to his allowed exemptions, which are not subject to a commission claim). If the commission sought is allowed, that likely would leave at most $105,000 in the estate (unless there are any substantial funds beyond the $110,000 for Webster to administer, which does not appear to be the case).

Webster reports that "as a result of the excessive litigation filed by the Debtor in this case, the estate has been forced to incur significant attorneys' fees and litigation costs. Consequently, there will be an administrative insolvency preventing the payment of administrative claims until the completion of the administration of the case." Dkt. No. 956.

The litigation to which Yelverton subjected the estate, as well
as other litigation that Webster's attorneys were required to
defend or pursue, included the following sample of matters filed
through April 20, 2015:

- Amended Motion to Compel Chapter 7 Trustee to Abandon
  Claims under 11 U.S.C. 554(b) (Dkt. No. 428);

- Motion to Compel Chapter 7 Trustee to Abandon Corporate
  Liquidation Claim Under 11 U.S.C. 554(b) (Dkt. No.
  430);

- Motion to Remove The Chapter 7 Trustee Under 11 U.S.C.
  324 (Dkt. No. 449);

- Opposition to Trustee's Motion to Approve Settlement
  (Dkt. No. 464) (as well as an opposition filed by Wade
  Atkinson (Dkt. No. 463));

- Motion to Compel Chapter 7 Trustee to Abandon
  Litigation Claims Under 11 U.S.C. 554(b) (Dkt. No.
  467);

- Motion to Vacate Order and for New Trial as to
  Trustee's Settlement (Dkt. No. 483);

- Amended Motion to Compel Chapter 7 Trustee to Abandon
  Litigation Claims Under 11 U.S.C. 554(b) (Dkt. No.
  484);

- Objection to Debtor's Amended Claim of Exemptions (Dkt.
  No. 516);

6

- Appeal to the District Court (Dkt. No. 511) (District
  Court Case Number: 12-cv-01539) from order approving
  settlement;

- Appeal from order in the District Court (Case No. 12-
  cv-01539) to the Court of Appeals (assigned USCA Case
  No. 13-7016);

- Objection to Debtor's Claim of Exemptions as Amended
  (Dkt. No. 599);

- Motion for Sanctions Against the Chapter 7 Trustee in
  the Superior Court of the District of Columbia, Family
  Division, Domestic Relations Branch, Case No. 2008 DRB
  3258 (Dkt. No. 608 in this court);

- Motion for Relief From Judgment per FRCP Rule 60(b)(3),
  (4) and (d)(3) (Dkt. No. 666) (seeking relief from
  order approving settlement);

- Amended Motion to Compel Responses From Chapter 7
  Trustee (Dkt. No. 670);

- Motion to Extend Discovery (Dkt. No. 674);

- Motion for Protective Order filed by Chapter 7 Trustee
  (Dkt. No. 694) (which led to entry of an order
  suspending Webster's deadline to respond to future
  motions filed by the debtor, (Dkt. No. 706));

- Appeal to the District Court (Dkt. No. 715) of court's
  order denying motion to vacate order approving

settlement (assigned District Court Case No. 13-cv-1544);

- Appeal to the District Court (Dkt. No. 718) of court's order denying the debtor's motion to vacate the order suspending response deadlines (assigned District Court Case No. 13-cv-1545);

- Appeal to the District Court (Dkt. No. 745) of court's order denying application to waive appeal fees (assigned District Court Case No. 13-cv-1546);

- Motion to Compel Chapter 7 Trustee to Abandon Property and Claims Under 11 U.S.C. 554(b) (Dkt. No. 846) (as to which the court set a deadline for Webster to respond, (Dkt. No. 863)).

Much of the attorney work on the above-listed matters would not be subject to the type of discovery inquiries to which Yelverton has subjected Gibson: Webster's attorneys were representing Webster based principally on the information that Webster supplied to them.  Their fee applications may not entail any significant discovery disputes, and any substantial allowance of those fee applications could result in an administrative insolvency.  Accordingly, it makes sense to defer addressing Gibson's fee application until the other applications for payment of administrative claims are filed in the case, and the court has an opportunity to determine whether those applications can be

readily adjudicated.

If I allow litigation of Gibson's fee application to go forward at this time, that litigation undoubtedly will take a significant amount of time, both for the court and the parties. It does not make sense for the court to hear that litigation if it turns out that Yelverton lacks standing to object to Gibson's claim after the court has considered other applications for administrative claims that will be filed in the case and that may be disposed of much more readily.

IV

In light of the foregoing, it is

ORDERED that Yelverton's discovery in support of his objection to Gibson's fee application is suspended, and that Gibson's obligation to respond to the motion to compel discovery is stayed pending further order of the court.  It is further

ORDERED that within 14 days after entry of this order the debtor and Gibson shall show cause why the court ought not:

(1) defer hearing Gibson's fee application pending entry of an order setting a hearing after other applications for payment of administrative claims have been filed in the case; and

(2) suspend Yelverton's right to conduct discovery regarding Gibson's fee application indefinitely pending a hearing on the fee application, at which Yelverton will be

given the opportunity to show (a) that Yelverton has

standing to object to Gibson's fee application, and (b) that

he has a need for and should be allowed to take discovery

before the court concludes the hearing on Gibson's fee

application.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of filings.

R:\Common\TeelHW\Judge Temp Docs\Yelverton - Postpone Litigation of Gibson Fee App Pending Filing of Other Admin Claims\3.wpd

10