The document below is hereby signed.

Signed: June 22, 2016



_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STEPHEN THOMAS YELVERTON, | ) | Case No. 09-00414 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION RE MOTION FOR
RECONSIDERATION OF ORDER DENYING FEE APPLICATION
AND ADMINISTRATIVE CLAIMS BY DEBTOR AS CHAPTER 11 TRUSTEE

This addresses the motion filed by the debtor, Yelverton, for reconsideration of the order denying his *Fee Application and Administrative Claims by Debtor as Chapter 11 Trustee* (Dkt. No. 1016).

I

As the court noted in the prior order, under 11 U.S.C. § 1107(a), a debtor in possession has the rights of a trustee "other than the right to compensation under section 330 of this title," such that a debtor is not entitled to any compensation for his services as a debtor in possession. Accordingly, Yelverton is not entitled to any compensation for his services as a debtor in possession.

Moreover, the services for which he seeks compensation were in the litigation of various matters. The court did not authorize the employment of Yelverton as an attorney for himself, and under 11 U.S.C. § 327(a), such employment could not have been authorized because Yelverton, as the debtor, was plainly an "insider" (even more inside than the illustrative entities listed in the definition of "insider" in 11 U.S.C. § 101(31)(A)), and thus not a "disinterested person" as that term is defined in 11 U.S.C. § 101(14).

                                II

Yelverton correctly notes that § 1107(a) does not bar a debtor in possession from enjoying a trustee's right to reimbursement of expenses. Accordingly, I will vacate the order insofar as it denied a reimbursement of expenses.

However, I will not at this juncture grant Yelverton's request for reimbursement of expenses. The ultimate question of whether Yelverton is entitled to reimbursement of such expenses raises several subsidiary issues. First, Yelverton fails to allege that the expenses he incurred and paid were paid for using funds that were non-estate property. He would not be entitled to reimbursement of an expense if it was paid for from estate funds. Second, another issue is whether the expenses were "necessary" for the benefit of the estate within the meaning of § 330(a)(1)(B). Third, another issue is whether the expenses

could be deemed incurred in the ordinary course of business such that Yelverton was authorized under 11 U.S.C. § 364(a) to incur the expenses without the necessity of an order under 11 U.S.C. § 364(b).[1]  Because he was not employed as an attorney for himself under 11 U.S.C. § 327, he is not entitled to seek a reimbursement of litigation expenses on the basis that such expenses were implicitly authorized to be incurred (if necessary) pursuant to an order authorizing his employment as an attorney, without the necessity of an order authorizing the incurring of the expense under § 364(b) if the expenses were not incurred in the ordinary course of business.

However, there is no reason to explore these issues at this juncture.  Yelverton's claim for reimbursement of expenses, if allowed, would be an administrative claim incurred under chapter 11 of the Bankruptcy Code.  Under 11 U.S.C. § 726(b), any allowed administrative claims incurred in the chapter 7 case will take priority over any such claim of Yelverton for reimbursement of expenses incurred in the chapter 11 case.  If the eventual allowed administrative claims of the chapter 7 case will exhaust the estate, there is at this juncture no reason to decide Yelverton's entitlement, or lack of entitlement, to reimbursement of expenses.  The pending applications of the chapter 7 trustee

---

[1]  For example, it is not clear that suing the District of Columbia regarding the seizure of his automobile, used by his wife, was in the ordinary course of business.

3

and his professionals for compensation and reimbursement of expenses are in an amount that, if allowed, appear likely to exhaust the estate. Accordingly, I will dismiss Yelverton's request for reimbursement of expenses without prejudice to renewal once the court has ruled on the pending applications for compensation and reimbursement of expenses filed by the trustee and by his professionals.

                                III

An order follows.

                                        [Signed and dated above.]

Copies to: Debtor; recipients of e-notification of filings.