

_____
S. Martin Teel, Jr.
United States Bankruptcy Judge


UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                         )
                              )
STEPHEN THOMAS YELVERTON,      )      Case No. 09-00414
                              )      (Chapter 7)
            Debtor.           )      Not for publication in
                              )      West's Bankruptcy Reporter.


MEMORANDUM DECISION AND ORDER RE
MOTIONS TO REQUIRE CHAPTER 7 TRUSTEE TO
RELEASE EXEMPT FUNDS TO PAY FILING FEES IN DISTRICT COURT CASES

     The debtor filed motions in District Court Case No.

1:15-cv-1025-TSC and District Court Case No. 1:15-cv-01844-TSC to

require Wendell W. Webster, the chapter 7 trustee, to release

exempt funds to pay filing fees in the two District Court cases.[1]

The District Court has referred the motions to this court for

decision.

     The clerk docketed on the docket of this case, as Dkt. No.

1038, a copy of the first motion that was filed in the District

Court.  The court required Yelverton to re-file the first of the

_____

[1] Case No. 1:15-cv-1025-TSC is an appeal of this court's rulings
in Adversary Proceeding No. 14-10046; Case No. 1:15-cv-01844-TSC
is an appeal of rulings in this Case No. 09-00414.

motions, with the motion to include a corrected caption and a LBR

9013-1 notice of the opportunity for Webster to oppose the

motion.  Yelverton filed a revised version of the motion, which

was docketed as Dkt. No. 1044, with LBR 9013-1 notice.

On August 1, 2016, the clerk docketed on the docket of this

case, as Dkt. No. 1053, a copy of the second motion filed in the

District Court.  No LBR 9013-1 notice has been served as to the

second motion, so Webster has not been required to respond to the

second motion.  However, the ruling on the first motion will

dispose of the second motion as well.

A prior order entered on January 30, 2013 (Dkt. No. 588)

held Yelverton to be entitled to an exemption of $11,200 of the

funds of the estate pursuant to 11 U.S.C. § 522(d)(5).

Inexplicably, when there was no apparent need to do so, on May

23, 2016, Yelverton filed a *Notice of Amended Schedule C For

Exemption of Property from the Estate* (Dkt. No. 997), attaching

an amended Schedule C.  Yelverton checked a box on the amended

Schedule C indicating that he was claiming exemptions listed in

11 U.S.C. § 522(b)(3), but he claims only one exemption, an

exemption of at least $8,925 pursuant to "D.C. Code section 15-

501(a)(3) wildcard or 11 U.S.C. 522(d)(5) wildcard whichever is

applicable" as to a $110,000 fund held by Webster pursuant to a

settlement with Yelverton's siblings.  Yelverton acknowledges

that the order approving the settlement is a final order after

having exhausted appeals relating to that order.  The exemption

under § 15-501(a)(3) is limited to $8,925; the exemption under

§ 522(d)(5) is $11,200.  In his reply (Dkt. No. 1055) filed to

Webster's response to first of the motions, Yelverton requests

the court to order Webster to "make the required payment of

$11,200, in Exempt funds, to the Debtor . . . ."  Webster does

not object to paying Yelverton $11,200.

Even though Yelverton checked a box on the amended Schedule

C indicating that he was claiming exemptions listed in 11 U.S.C.

§ 522(b)(3), I will once again treat Yelverton as, permissibly,

"asserting exemptions under the § 522(b)(3) scheme or, *in the*

*alternative*, under the § 522(d) scheme, whichever is best."  *In*

*re Yelverton*, No. 2013 WL 453080, at *4 (Bankr. D.D.C. Jan. 30,

2013) (Dkt. No. 587).  The $11,200 exemption under 11 U.S.C.

§ 522(d)(5) is more favorable than the $8,925 exemption Yelverton

would be entitled to under D.C. Code § 15-501(a)(3).  I will thus

once again treat Yelverton as invoking the § 522(d) scheme of

exemptions instead of the § 522(b)(3) scheme, and as entitled to

an exemption of $11,200 under § 522(d)(5), but not entitled to

claim exemptions under the § 522(b)(3) scheme as well.

Yelverton asked in his motions that Webster be ordered to

pay part of the exempt funds to the Clerk of the District Court,

in each of the two pending District Court cases to satisfy the

fee obligation owed to the Clerk of the District Court in each of

cases.   However, Yelverton asks in his reply (Dkt. No. 1055) to

the response to the first motion that the court order Webster to

pay the $11,200 exemption amount to him, and states that the

payment should be by certified or cashier's check.   I will order

Webster to pay the $11,200 to Yelverton, but I will not order

that the payment be by cashier's or certified check.   Yelverton

did not include a request for payment by cashier's or certified

check in the motions, and thus Webster was not put on notice to

respond to such a request.   Moreover, a trustee ordinarily makes

a distribution by ordinary check out of the account he uses to

hold the funds, thereby having a record of the disbursements he

made, thereby not being put to the burden and expense of

obtaining a certified or cashier's check.   Imposing on Webster a

requirement to make the payment by a certified or cashier's

check, and to incur the bank charges for doing so, is

unwarranted.   It is thus

ORDERED that Yelverton is deemed to have elected the 11

U.S.C. § 522)(d) scheme of exemptions instead of the 11 U.S.C.

§ 522(b)(3) scheme of exemptions, and is therefore restricted to

the 11 U.S.C. § 522(d) scheme of exemptions.   It is further

ORDERED that Yelverton is allowed an exemption of $11,200

pursuant to 11 U.S.C. § 522(d)(5).   It is further

ORDERED that Wendell W. Webster, as the chapter 7 trustee,

shall promptly pay Yelverton $11,200 in satisfaction of

Yelverton's 11 U.S.C. § 522(d)(5) exemption claim.  It is further

ORDERED that the foregoing disposes of Yelverton's two

motions (Dkt. No. 1044 (filed in place of Dkt. No. 1038) and Dkt.

No. 1055) for a release of exempt funds, and no further relief is

granted pursuant to those motions.

[Signed and dated above.]

Copies to: Debtor; Recipients of e-notification of orders.