The order below is signed (the only amendment being, in the final paragraph, to change the reference to the second motion disposed of to "Dkt. No. 1053" instead of "Dkt. No. 1055)."

Dated: August 8, 2016.

_____
S. Martin Teel, Jr.
U.S. Bankruptcy Judge

```
             UNITED STATES BANKRUPTCY COURT
              FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
STEPHEN THOMAS YELVERTON,      )   Case No. 09-00414
                               )   (Chapter 7)
               Debtor.         )   Not for publication in
                               )   West's Bankruptcy Reporter.
```

AMENDED MEMORANDUM DECISION AND ORDER
RE MOTIONS TO REQUIRE CHAPTER 7 TRUSTEE TO
<u>RELEASE EXEMPT FUNDS TO PAY FILING FEES IN DISTRICT COURT CASES</u>

The debtor filed motions in District Court Case No. 1:15-cv-1025-TSC and District Court Case No. 1:15-cv-01844-TSC to require Wendell W. Webster, the chapter 7 trustee, to release exempt funds to pay filing fees in the two District Court cases.[1] The District Court has referred the motions to this court for decision.

The clerk docketed on the docket of this case, as Dkt. No. 1038, a copy of the first motion that was filed in the District Court. The court required Yelverton to re-file the first of the

---

[1] Case No. 1:15-cv-1025-TSC is an appeal of this court's rulings in Adversary Proceeding No. 14-10046; Case No. 1:15-cv-01844-TSC is an appeal of rulings in this Case No. 09-00414.

motions, with the motion to include a corrected caption and a LBR 9013-1 notice of the opportunity for Webster to oppose the motion.  Yelverton filed a revised version of the motion, which was docketed as Dkt. No. 1044, with LBR 9013-1 notice.

On August 1, 2016, the clerk docketed on the docket of this case, as Dkt. No. 1053, a copy of the second motion filed in the District Court.  No LBR 9013-1 notice has been served as to the second motion, so Webster has not been required to respond to the second motion.  However, the ruling on the first motion will dispose of the second motion as well.

A prior order entered on January 30, 2013 (Dkt. No. 588) held Yelverton to be entitled to an exemption of $11,200 of the funds of the estate pursuant to 11 U.S.C. § 522(d)(5). Inexplicably, when there was no apparent need to do so, on May 23, 2016, Yelverton filed a *Notice of Amended Schedule C For Exemption of Property from the Estate* (Dkt. No. 997), attaching an amended Schedule C.  Yelverton checked a box on the amended Schedule C indicating that he was claiming exemptions listed in 11 U.S.C. § 522(b)(3), but he claims only one exemption, an exemption of at least $8,925 pursuant to "D.C. Code section 15-501(a)(3) wildcard or 11 U.S.C. 522(d)(5) wildcard whichever is applicable" as to a $110,000 fund held by Webster pursuant to a settlement with Yelverton's siblings.  Yelverton acknowledges that the order approving the settlement is a final order after

2

having exhausted appeals relating to that order. The exemption under § 15-501(a)(3) is limited to $8,925; the exemption under § 522(d)(5) is $11,200. In his reply (Dkt. No. 1055) filed to Webster's response to first of the motions, Yelverton requests the court to order Webster to "make the required payment of $11,200, in Exempt funds, to the Debtor . . . ." Webster does not object to paying Yelverton $11,200.

Even though Yelverton checked a box on the amended Schedule C indicating that he was claiming exemptions listed in 11 U.S.C. § 522(b)(3), I will once again treat Yelverton as, permissibly, "asserting exemptions under the § 522(b)(3) scheme or, *in the alternative*, under the § 522(d) scheme, whichever is best." *In re Yelverton*, No. 2013 WL 453080, at *4 (Bankr. D.D.C. Jan. 30, 2013) (Dkt. No. 587). The $11,200 exemption under 11 U.S.C. § 522(d)(5) is more favorable than the $8,925 exemption Yelverton would be entitled to under D.C. Code § 15-501(a)(3). I will thus once again treat Yelverton as invoking the § 522(d) scheme of exemptions instead of the § 522(b)(3) scheme, and as entitled to an exemption of $11,200 under § 522(d)(5), but not entitled to claim exemptions under the § 522(b)(3) scheme as well.

Yelverton asked in his motions that Webster be ordered to pay part of the exempt funds to the Clerk of the District Court, in each of the two pending District Court cases to satisfy the fee obligation owed to the Clerk of the District Court in each of

cases.  However, Yelverton asks in his reply (Dkt. No. 1055) to the response to the first motion that the court order Webster to pay the $11,200 exemption amount to him, and states that the payment should be by certified or cashier's check.  I will order Webster to pay the $11,200 to Yelverton, but I will not order that the payment be by cashier's or certified check.  Yelverton did not include a request for payment by cashier's or certified check in the motions, and thus Webster was not put on notice to respond to such a request.  Moreover, a trustee ordinarily makes a distribution by ordinary check out of the account he uses to hold the funds, thereby having a record of the disbursements he made, thereby not being put to the burden and expense of obtaining a certified or cashier's check.  Imposing on Webster a requirement to make the payment by a certified or cashier's check, and to incur the bank charges for doing so, is unwarranted.  It is thus

    ORDERED that Yelverton is deemed to have elected the 11 U.S.C. § 522)(d) scheme of exemptions instead of the 11 U.S.C. § 522(b)(3) scheme of exemptions, and is therefore restricted to the 11 U.S.C. § 522(d) scheme of exemptions.  It is further

    ORDERED that Yelverton is allowed an exemption of $11,200 pursuant to 11 U.S.C. § 522(d)(5).  It is further

ORDERED that Wendell W. Webster, as the chapter 7 trustee, shall promptly pay Yelverton $11,200 in satisfaction of Yelverton's 11 U.S.C. § 522(d)(5) exemption claim.  It is further

ORDERED that the foregoing disposes of Yelverton's two motions (Dkt. No. 1044 (filed in place of Dkt. No. 1038) and Dkt. No. 1053) for a release of exempt funds, and no further relief is granted pursuant to those motions.

[Signed and dated above.]

Copies to: Debtor; Recipients of e-notification of orders.