The document below is hereby signed.

Signed: October 21, 2016



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STEPHEN THOMAS YELVERTON, | ) | Case No. 09-00414 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION RE FURTHER
MOTION TO REQUIRE CHAPTER 7 TRUSTEE TO RELEASE EXEMPT FUNDS

The debtor, Yelverton, has filed a motion (Dkt. No. 1081) that seeks an order compelling the trustee to release to him $67,500. The motion must be denied.

The trustee, Wendell W. Webster, holds only $110,000 in funds, which were realized from a settlement he reached with Yelverton's siblings. Yelverton's motion asserts:

> 2. The Exemption is for funds of at least $67,500, which would be from the proceeds of the Chapter 7 Trustee's Settlement for $110,000. These funds held by the Trustee have already been Exempted from the Estate for the benefit of the Debtor, from an Exemption, pursuant to 11 U.S.C. 522 (b)(3)(B), taken on July 26, 2012.
> 3. This Exemption was for a Mercedes-Benz jointly owned by the Debtor and his Spouse, and related

>litigation claims, and was not opposed by the Chapter 7 Trustee, or by any other person or party.

Neither allegation provides a basis for granting the motion.

I

The trustee, Webster, filed an objection (Dkt. No. 516) to the claim of exemptions the debtor filed on July 26, 2012. When the debtor supplemented that claim of exemptions (Dkt. No. 519), the trustee filed a further objection (Dkt. No. 531). The court ruled (Dkt. No. 588) that Yelverton was entitled to an exemption claim under 11 U.S.C. § 522(d)(5) for $11,200 of the $110,000 settlement proceeds. The court later entered orders (Dkt. Nos. 791 and 803) disallowing an additional exemption claim based on 11 U.S.C. § 522(d)(11)(E) that Yelverton asserted against the settlement proceeds. As things stand, Yelverton's only allowed exemption claim is the exemption under § 522(d)(5) of $11,200 of the settlement proceeds.[1] The court has already directed Webster to pay that $11,200 to Yelverton (Dkt. No. 1056).

---

[1] Yelverton at one point amended his claim of exemptions to assert the $11,200 claim of exemption under 11 U.S.C. § 522(d)(5) as to a certain Production Contract instead of the settlement proceeds. *See* Dkt. No. 594. The court entered an order (Dkt. No. 633) allowing an exemption of $11,200 under § 522(d)(5) as to any proceeds realized from the Production Contract. However, no proceeds were realized from the Production Contract. That explains why Yelverton later amended his exemption claims to assert the $11,200 exemption under § 522(d)(5) once again against the settlement proceeds. *See* Dkt. No. 997. The trustee did not object to that amended exemption claim. The court treated the amended exemption claim as effective (but mistakenly thought that the amendment had been unnecessary). *See* Dkt. No. 1056.

II

The only proceeds the trustee holds are the proceeds of the settlement with the debtor's siblings.  Those proceeds are not proceeds of the Mercedes-Benz or of any of the litigation regarding that car.  Accordingly, there are no proceeds of the Mercedes-Benz for the trustee to distribute even if there were an allowed exemption of the Mercedes-Benz in place.

In any event, there is no allowed exemption of the Mercedes-Benz in place.  The debtor attempted to claim an $18,000 exemption regarding the Merceds-Benz (valued at $36,000) on the basis that it is entireties property, which was an exemption claim under 11 U.S.C. § 522(b)(3).  However, the court disallowed all exemption claims under § 522(b)(3) (Dkt. No. 588).

Finally, the Mercedes-Benz is no longer property of the estate.  The Mercedes-Benz and any litigation claims relating to that car were abandoned to the debtor by an order of December 18, 2014, entered on December 19, 2014 (Dkt. No. 844).  As a result, the car is no longer property of the estate.  *See* 11 U.S.C. § 554(a) and (b) (setting forth procedures "to abandon . . . property of the estate"); *In re Faloye*, 459 B.R. 865, 867 (Bankr. N.D. Ga. 2011) (holding that once property is abandoned, it is no longer property of the estate).  A claim of exemption against property that has ceased to be property of the estate by way of abandonment is of no further effect, as the property is no longer

3

property of the estate that the trustee could sell and as to which any proceeds of the sale could be paid to the debtor as exempted from the estate.  *See* 11 U.S.C. § 522(b)(1) (setting forth authority for debtor to "exempt from property of the estate" certain property).  Accordingly, any exemption claim by Yelverton as to the Mercedez-Benz is now a nullity, having no operative effect.

## III

In light of the foregoing, an order follows denying Yelverton's motion (Dkt. No. 1081).

[Signed and dated above.]

Copies to: Debtor; Recipients of e-notification of orders.

4