The document below is hereby signed.

Signed: November 22, 2016



S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STEPHEN THOMAS YELVERTON, | ) | Case No. 09-00414 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

## MEMORANDUM DECISION AND ORDER DENYING MOTION PER FRCP RULE 59(e)

The *Motion Per FRCP Rule 59(e)* (Dkt. No. 1088) filed by the debtor, Stephen Thomas Yelverton, seeks to vacate the *Order Denying Further Motion to Require Chapter 7 Trustee to Release Exempt Funds* (Dkt. No. 1084). The *Motion Per FRCP Rule 59(e)* must be denied.

First, the exemption at issue was Yelverton's exemption claim of the Mercedes-Benz car and the litigation claims relating thereto. That exemption claim was disallowed. The only exemption claim allowed was the exemption of $11,200 of the $110,000 settlement proceeds.

Second, by way of abandonment, ownership of the Mercedes-Benz car and the related litigation claims passed to Yelverton; he will enjoy any proceeds of that property that he is able to realize.  The Mercedes-Benz and the litigation claims relating thereto are thus no longer property of the estate that may be liquidated to generate proceeds out of which the exemption claim may be paid.

Third, Yelverton's exemption claim at issue here related to specified property and was not a general exemption relating to *any* property of the estate, as in the case of a claim of exemption under 11 U.S.C. § 522(d)(5) (permitting a debtor who elects to take § 522(d) exemptions to exempt "[t]he debtor's aggregate interest in any property, not to exceed in value $1,225 plus up to $11,500 of any unused amount of the exemption provided under paragraph (1) of this subsection").[1]  Even if (1) the Mercedes-Benz and the litigation relating thereto were still property of the estate, and (2) the exemption claim had been allowed, the trustee would not be obligated to pay the exemption claim out of the only estate funds the trustee holds--namely, the proceeds of the settlement the trustee reached with Yelverton's siblings, which was wholly unrelated to the Mercedez-Benz and the

---

[1]  After Yelverton's case was filed, the dollar amounts in 11 U.S.C. § 522(d)(5) have been adjusted upwards by the Judicial Conference of the United States.  *See* 11 U.S.C. § 522, n.1.  However, Yelverton's exemptions are limited to the amounts in force when his case was filed.

related litigation.  In his *Motion Per FRCP Rule 59(e)*, Yelverton

argues that:

> 5.  There are no statutes or case law requiring
> that the held by the Chapter 7 Trustee to pay the
> Debtor for his "interest" in the Exempted property must
> be derived from that property, or from any particular
> property.

This frivolous argument disregards statutory provisions that

clearly demonstrate that only proceeds of the property claimed to

be exempt may be used to pay the exemption claim:

- Under 11 U.S.C. § 522(b)(1), "an individual debtor may

  exempt from property of the estate the property listed

  in either paragraph (2) or, in the alternative,

  paragraph (3) of this subsection."

- In relevant part, 11 U.S.C. § 522(l) provides that a

  debtor "shall file a list of property that the debtor

  claims as exempt under subsection (b) of this section.

  . . .  Unless a party in interest objects, **the property**

  **claimed as exempt** on such list **is exempt**."  (Emphasis

  added.)

Accordingly, when an exemption claim is asserted regarding

certain specified property (or a specified dollar amount relating

to specified property), and the exemption claim is allowed, the

exemption is of the specified property (or of the specified

dollar amount of the proceeds of the specified property).[2]  Such

an allowed exemption claim regarding specified property does not

amount to a roving commission to recover proceeds of other

property of the estate.

It is thus

ORDERED that the debtor's *Motion Per FRCP Rule 59(e)* (Dkt.

No. 1088) is DENIED.

[Signed and dated above.]

Copies to: Debtor; Recipients of e-notification of orders.

---

[2]  Some provisions of the Bankruptcy Code permit a debtor to
exempt from the estate certain property in kind or in full
regardless of value.  *See Schwab v. Reilly*, 560 U.S. 770, 784
(2010).  Other provisions of the Bankruptcy Code permit a debtor
"to withdraw from the estate certain interests in property, such
as his car or home, up to certain values."  *Rousey v. Jacoway*,
544 U.S. 320, 325 (2005).